No. _____

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

————————————

IN RE OLD REPUBLIC INSURANCE COMPANY,

*Petitioner*.

————————————

On Petition for Writ of Mandamus to the United States District Court for the
Western District of North Carolina,
No. 3:10-cv-00553-GCM (Hon. Graham C. Mullen)

————————————

## APPENDIX TO PETITION FOR
## WRIT OF MANDAMUS

————————————

| | |
|---|---|
| MICHAEL R. HASSAN | PAUL D. CLEMENT |
| ALBERT E. FOWERBAUGH, JR. | GEORGE W. HICKS, JR. |
| CATHERINE E. ISELY | MICHAEL H. MCGINLEY |
| BUTLER RUBIN | BANCROFT PLLC |
|   SALTARELLI & BOYD LLP | 1919 M Street NW |
| 70 W. Madison Street | Suite 470 |
| Suite 1800 | Washington, DC 20036 |
| Chicago, IL 60602 | (202) 234-0090 |
| (312) 444-9660 | pclement@bancroftpllc.com |

*Counsel for Petitioner Old Republic Insurance Company*

May 5, 2014

# TABLE OF CONTENTS

Docket, *Bank of America, N.A. v. Old Republic Insurance Co.*,
No. 10-553 (W.D.N.C.) ................................................................App. 1

Complaint [Doc. 1], November 3, 2010 ......................................App. 37

    Exhibit A to Complaint: Credit Insurance Policy No. T90
    [Docs. 1-1–1-4].......................................................................App. 57

Answer and Counterclaim [Doc. 64], January 23, 2012.............App. 160

Excerpts from Transcript of Motion Hearing [Doc. 73],
Held on March 14, 2012 .............................................................App. 184

Order Granting Motion for Bellwether Trial Plan [Doc. 101],
June 19, 2012 .............................................................................App. 188

Order Granting Motions for Partial Summary Judgment [Doc. 263],
August 23, 2013.........................................................................App. 191

Pretrial Order [Doc. 264], August 26, 2013 ...............................App. 193

Excerpts from Transcript of Pretrial Hearing [Doc. 270],
Held on September 5, 2013..........................................................App. 194

Order Granting Bank of America, N.A.'s Motion for Administrative
Relief for a Declaration that Old Republic is Precluded From
Using Extrinsic Evidence to Alter the Policy's Terms [Doc. 349],
March 6, 2014 ............................................................................App. 200

Order Granting Bank of America, N.A.'s Motion for Administrative
Relief that Old Republic May Not Deny or Rescind Coverage on
Grounds First Asserted Post-Litigation [Doc. 351], March 11, 2014 .....App. 210

Order Granting Bank of America, N.A.'s Motion for Administrative
Relief Regarding Improper Offsets For Claim Payments [Doc.
352], March 11, 2014..................................................................App. 215

Case Management Order [Doc. 353], March 14, 2014................App. 216

APPEAL,IAC

# U.S. District Court
## Western District of North Carolina (Charlotte)
### CIVIL DOCKET FOR CASE #: 3:10–cv–00553–GCM–DSC

Bank of America, N.A. v. Old Republic Insurance Company
Assigned to: Senior Judge Graham Mullen
Referred to: Magistrate Judge David S. Cayer
Case in other court:  FCCA, 14–01352
Cause: 28:1332 Diversity–Insurance Contract

Date Filed: 11/03/2010
Jury Demand: Both
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2010 | 1 | COMPLAINT against Old Republic Insurance Company with Jury Demand ( Filing fee $ 350 receipt number 0419–1200146), filed by Bank of America, N.A.. (Attachments: #1 Exhibit A – Part 1 of 4, #2 Exhibit A – Part 2 of 4, #3 Exhibit A – Part 3 of 4, #4 Exhibit A – Part 4 of 4)(McKee, Meredith) (Entered: 11/03/2010) |
| 11/03/2010 | 2 | Corporate Disclosure Statement by Bank of America, N.A. (McKee, Meredith) (Entered: 11/03/2010) |
| 11/03/2010 | | Case assigned to Senior Judge Graham Mullen and Magistrate Judge David Keesler. *This is your only notice – you will not receive a separate document.*(gpb) (Entered: 11/03/2010) |
| 11/03/2010 | 3 | Summons Issued Electronically as to Old Republic Insurance Company. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (gpb) (Entered: 11/03/2010) |
| 11/11/2010 | 4 | NOTICE of Appearance by G. Michael Barnhill on behalf of Bank of America, N.A. (Barnhill, G.) (Entered: 11/11/2010) |
| 11/11/2010 | 5 | NOTICE of Appearance by Debbie Weston Harden on behalf of Bank of America, N.A. (Harden, Debbie) (Entered: 11/11/2010) |
| 11/15/2010 | 6 | MOTION for Leave to Appear Pro Hac Vice as to Traci S. Rea Filing fee $ 250, receipt number 0419–1208622. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/15/2010 | 7 | MOTION for Leave to Appear Pro Hac Vice as to David E. Weiss Filing fee $ 250, receipt number 0419–1208674. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/15/2010 | 8 | MOTION for Leave to Appear Pro Hac Vice as to John N. Ellison Filing fee $ 250, receipt number 0419–1208730. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/15/2010 | 9 | MOTION for Leave to Appear Pro Hac Vice as to John S. Vishneski, III Filing fee $ 250, receipt number 0419–1208731. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/15/2010 | 10 | MOTION for Leave to Appear Pro Hac Vice as to David M. Halbreich Filing fee $ 250, receipt number 0419–1208748. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/15/2010 | 11 | MOTION for Leave to Appear Pro Hac Vice as to Thomas A. Marrinson Filing fee $ 250, receipt number 0419–1208749. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/15/2010 | 12 | AFFIDAVIT of Service filed by Bank of America, N.A.. Old Republic Insurance Company served on 11/9/2010, answer due 11/30/2010. (McKee, Meredith) (Entered: 11/15/2010) |
| 11/15/2010 | 13 | MOTION for Leave to Appear Pro Hac Vice as to Douglas E. Cameron Filing fee $ 250, receipt number 0419–1208770. by Bank of America, N.A.. (McKee, |

**App. 1**

| | | |
|---|---|---|
| | | Meredith). Motions referred to David Keesler. (Entered: 11/15/2010) |
| 11/16/2010 | 14 | **ORDER granting 13 Motion for Leave to Appear Pro Hac Vice, added Douglas E. Cameron for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | 15 | **ORDER granting 10 Motion for Leave to Appear Pro Hac Vice, added David M. Halbreich for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | 16 | **ORDER granting 8 Motion for Leave to Appear Pro Hac Vice, added John N. Ellison for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | 17 | **ORDER granting 11 Motion for Leave to Appear Pro Hac Vice, added Thomas A. Marrinson for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | 18 | **ORDER granting 6 Motion for Leave to Appear Pro Hac Vice, added Traci S. Rea for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | 19 | **ORDER granting 9 Motion for Leave to Appear Pro Hac Vice, added John S. Vishneski, III for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | 20 | **ORDER granting 7 Motion for Leave to Appear Pro Hac Vice, added David E. Weiss for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/16/10. (gpb)** (Entered: 11/16/2010) |
| 11/16/2010 | | Notice to Douglas Cameron, David Halbreich, John Ellison, Thomas Marrinson, Traci Rea, John Vishneski, David Weiss: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 11/29/2010. (gpb) (Entered: 11/16/2010) |
| 11/17/2010 | 21 | MOTION for Leave to Appear Pro Hac Vice as to Paul Walker–Bright Filing fee $ 250, receipt number 0419–1211426. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 11/17/2010) |
| 11/18/2010 | 22 | **ORDER granting 21 Motion for Leave to Appear Pro Hac Vice, added Paul Walker–Bright for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 11/17/10. (gpb)** (Entered: 11/18/2010) |
| 11/18/2010 | | Notice to Paul Walker–Bright: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 12/2/2010. (gpb) (Entered: 11/18/2010) |
| 11/29/2010 | 23 | Consent MOTION for Extension of Time to Answer re:1 Complaint, by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 11/29/2010) |
| 11/29/2010 | 24 | **ORDER granting 23 Motion for Extension of Time to Answer re 1 Complaint. Old Republic Insurance Company answer due 1/12/2011. Signed by Magistrate Judge David Keesler on 11/29/10. (gpb)** (Entered: 11/29/2010) |
| 12/02/2010 | 25 | NOTICE of Appearance by Jonathan P Heyl on behalf of Old Republic Insurance Company (Heyl, Jonathan) (Entered: 12/02/2010) |
| 12/03/2010 | | Second Notice to David Halbreich, Douglas Cameron and Paul Walker–Bright: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 12/13/2010. (com) (Entered: 12/03/2010) |
| 12/06/2010 | 26 | MOTION for Leave to Appear Pro Hac Vice as to Steven E. Farrar Filing fee $ 250, receipt number 0419–1225851. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 12/06/2010) |
| 12/06/2010 | 27 | MOTION for Leave to Appear Pro Hac Vice as to Jason D. Maertens Filing fee $ 250, receipt number 0419–1225922. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 12/06/2010) |

| | | |
|---|---|---|
| 12/07/2010 | 28 | **ORDER granting 26 Motion for Leave to Appear Pro Hac Vice, added Steven Edward Farrar for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 12/7/10. (gpb)** (Entered: 12/07/2010) |
| 12/07/2010 | 29 | **ORDER granting 27 Motion for Leave to Appear Pro Hac Vice, added Jason Daniel Maertens for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 12/7/10. (gpb)** (Entered: 12/07/2010) |
| 12/08/2010 | 30 | MOTION for Leave to Appear Pro Hac Vice as to Michael R. Hassan Filing fee $ 250, receipt number 0419–1227790. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 12/08/2010) |
| 12/08/2010 | 31 | MOTION for Leave to Appear Pro Hac Vice as to Robert N. Hermes Filing fee $ 250, receipt number 0419–1227804. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 12/08/2010) |
| 12/08/2010 | 32 | MOTION for Leave to Appear Pro Hac Vice as to Louis J. Aurichio Filing fee $ 250, receipt number 0419–1227817. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 12/08/2010) |
| 12/08/2010 | 33 | **ORDER granting 32 Motion for Leave to Appear Pro Hac Vice, added Louis J. Aurichio for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 12/8/10. (gpb)** (Entered: 12/08/2010) |
| 12/08/2010 | 34 | **ORDER granting 30 Motion for Leave to Appear Pro Hac Vice, added Michael R. Hassan for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 12/8/10. (gpb)** (Entered: 12/08/2010) |
| 12/08/2010 | 35 | **ORDER granting 31 Motion for Leave to Appear Pro Hac Vice, added Robert N. Hermes for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 12/8/10. (gpb)** (Entered: 12/08/2010) |
| 01/12/2011 | 36 | ANSWER to 1 Complaint, by Old Republic Insurance Company.(Marcus, Robert) (Entered: 01/12/2011) |
| 01/14/2011 | | NOTICE pursuant to Local Rule 16.1 you are **required** to conduct an Initial Attorney's Conference. At the conference, the parties are **required** to discuss the issue of consent to jurisdiction of a magistrate judge in accordance with Local Rules 16.1(A) and 73.1(C). The **Certificate of Initial Attorneys Conference** should be filed within 7 days of the conference. If appropriate, a party may file a Motion to Stay the Initial Attorney's Conference. (gpb) (Entered: 01/14/2011) |
| 02/02/2011 | 37 | CERTIFICATION of initial attorney conference and discovery plan (Barnhill, G.) (Entered: 02/02/2011) |
| 02/11/2011 | 38 | **Pretrial Order and Case Management Plan: Discovery due by 6/30/2012. Motions due by 7/30/2012. Mediation deadline set for 12/16/2011. Jury Trial set for term beginning 10/15/2012 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. Signed by Senior Judge Graham Mullen on 2/11/11. (gpb)** (Entered: 02/11/2011) |
| 03/07/2011 | 39 | Joint MOTION for Protective Order by Bank of America, N.A., Old Republic Insurance Company.Responses due by 3/24/2011. (Attachments: # 1 Exhibit A – Proposed Stipulated Protective Order, # 2 Certificate of Service)(Marcus, Robert). Motions referred to David Keesler. (Entered: 03/07/2011) |
| 03/07/2011 | 40 | **ORDER granting 39 Motion for Protective Order. Signed by Magistrate Judge David Keesler on 3/7/1011. (tmg)** (Entered: 03/07/2011) |
| 03/07/2011 | 41 | **STIPULATED PROTECTIVE ORDER. Signed by Magistrate Judge David Keesler on 3/7/2011. (tmg)** (Entered: 03/07/2011) |
| 03/14/2011 | 42 | MOTION for Extension of Time to Respond to Discovery Requests by Bank of America, N.A..Responses due by 3/31/2011. (McKee, Meredith). Motions referred to David Keesler. (Entered: 03/14/2011) |
| 03/14/2011 | 43 | **ORDER granting 42 Motion for Extension of Time to Respond to Defendant's 1st Set of Discovery Requests. Signed by Magistrate Judge David Keesler on 3/14/11. (com)** (Entered: 03/14/2011) |

| 03/28/2011 | 44 | Consent MOTION for Extension of Time to Respond to Discovery Requests *to Plaintiff's First Set of Document Requests* by Old Republic Insurance Company.Responses due by 4/14/2011. (Attachments: #_1 Certificat eof Service)(Marcus, Robert). Motions referred to David Keesler. (Entered: 03/28/2011) |
| 03/29/2011 | 45 | **ORDER granting 44 Motion for Extension of Time to Respond to Discovery Requests until 5/4/2011. Signed by Magistrate Judge David Keesler on 3/28/2011. (tmg)** (Entered: 03/29/2011) |
| 04/18/2011 | 46 | Corporate Disclosure Statement by Old Republic Insurance Company (Attachments: #_1 Certificate of Service)(Marcus, Robert) (Entered: 04/18/2011) |
| 09/16/2011 | 47 | MOTION for Leave to Appear Pro Hac Vice as to Amber Finch Filing fee $ 250, receipt number 0419–1464711. by Bank of America, N.A.. (McKee, Meredith). Motions referred to David Keesler. (Entered: 09/16/2011) |
| 09/16/2011 | 48 | **ORDER granting 47 Motion for Leave to Appear Pro Hac Vice, added Amber Finch for Bank of America, N.A. Signed by Magistrate Judge David Keesler on 9/16/11. (gpb)** (Entered: 09/16/2011) |
| 09/16/2011 | | Notice to Amber Finch: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 9/26/2011. (gpb) (Entered: 09/16/2011) |
| 12/05/2011 | 49 | MOTION for Leave to File *a Counterclaim and Amend its Third Further Defense* by Old Republic Insurance Company.Responses due by 12/22/2011. (Attachments: #_1 Exhibit A – Answer, Amended Affirmative Defenses &Counterclaim, #_2 Memorandum in Support of Motion for Leave to File a Counterclaim &Amend Third Further Defense, #_3 Certificate of Service)(Marcus, Robert). Motions referred to David Keesler. (Entered: 12/05/2011) |
| 12/14/2011 | 50 | Consent MOTION for Extension of Time to File Response/Reply re: 49 MOTION for Leave to File *a Counterclaim and Amend its Third Further Defense* by Bank of America, N.A., Old Republic Insurance Company.Responses due by 1/3/2012. (Attachments: #_1 Certificate of Service)(Marcus, Robert). Motions referred to David Keesler. (Entered: 12/14/2011) |
| 12/15/2011 | 51 | **ORDER granting 50 Motion for Extension of Time to File Response/Reply re 49 MOTION for Leave to File *a Counterclaim and Amend its Third Further Defense*. Responses due by 12/28/2011. Replies due by 1/6/2012. Signed by Magistrate Judge David Keesler on 12/15/11. (gpb)** (Entered: 12/15/2011) |
| 12/22/2011 | 52 | MOTION for Bellwether Trial Plan by BAnk of America NA (Attachments: #_1 Memorandum Brief in Support of Motion for Bellwether Trial Plan, #_2 Appendix Compendium of Unpublished Authorities in Support of Motion for Bellwether Trial Plan, #_3 Proposed Order Proposed Order Granting Motion for Bellwether Trial Plan)(Finch, Amber) Modified on 12/23/2011 to change to motion(gpb). (Entered: 12/22/2011) |
| 12/22/2011 | 53 | Consent MOTION for Extension of Time to File Response/Reply *to Bank of America's Motion for Bellwether Trial Plan* by Bank of America, N.A..Responses due by 1/9/2012. (Attachments: #_1 Proposed Order Proposed Order Granting Consent Motion for Extension of Time for Old Republic to File Response to Bank of America's Motion for Bellwether Trial Plan)(Finch, Amber). Motions referred to David Keesler. (Entered: 12/22/2011) |
| 12/22/2011 | 54 | REPORT of Mediation Outcome of Mediation: Parties reached an Impasse. (bsw) (Entered: 12/23/2011) |
| 12/27/2011 | 55 | **ORDER granting 53 Motion for Extension of Time to File Response re 52 MOTION for Bellwether Trial Plan, Responses due by 1/12/2012. Signed by Magistrate Judge David Keesler on 12/23/2011. (bsw)** (Entered: 12/27/2011) |
| 12/28/2011 | 56 | RESPONSE in Opposition re 49 MOTION for Leave to File *a Counterclaim and Amend its Third Further Defense Brief in Opposition to Old Republic Insurance Company's Motion for Leave to File a Counterclaim* by Bank of America, N.A.. Replies due by 1/9/2012. (Finch, Amber) (Entered: 12/28/2011) |

| | | |
|---|---|---|
| 12/28/2011 | 57 | Miscellaneous Filing by Bank of America, N.A. re: 56 Response in Opposition to Motion, *Compendium of Unpublished Authorities in Support of Opposition to Old Republic Insurance Company's Motion for Leave to File a Counterclaim* (Attachments: #1 Exhibit Exhibits 1–6 to Compendium of Unpublished Authorities in Support of Opposition to Old Republic Insurance Company's Motion for Leave to File a Counterclaim)(Finch, Amber) (Entered: 12/28/2011) |
| 01/03/2012 | 58 | MOTION for Leave to Appear Pro Hac Vice as to Ursula A. Taylor Filing fee $ 276, receipt number 0419–1552019. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 01/03/2012) |
| 01/04/2012 | 59 | **ORDER granting 58 Motion for Leave to Appear Pro Hac Vice added Ursula A Taylor for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 1/3/12. (chh) (Entered: 01/04/2012)** |
| 01/06/2012 | 60 | REPLY to Response to Motion re 49 MOTION for Leave to File *a Counterclaim and Amend its Third Further Defense* by Old Republic Insurance Company. (Attachments: #1 Exhibit A – Unpublished Authorities, #2 Certificate of Service)(Marcus, Robert) (Entered: 01/06/2012) |
| 01/10/2012 | 61 | MEMORANDUM in Opposition re 52 MOTION *for Bellwether Trial Plan* by Old Republic Insurance Company. Replies due by 1/20/2012. (Marcus, Robert) (Entered: 01/10/2012) |
| 01/20/2012 | 62 | **ORDER granting 49 Motion for Leave to File a Counterclaim And Amend Its Third Further Defense. Signed by Magistrate Judge David Keesler on 1/19/12. (chh) (Entered: 01/20/2012)** |
| 01/20/2012 | 63 | REPLY to Response to Motion re 52 MOTION *Reply Brief in Support of Motion for Bellwether Trial Plan* by Bank of America, N.A.. (Finch, Amber) (Entered: 01/20/2012) |
| 01/23/2012 | 64 | ANSWER to 1 Complaint, with Jury Demand *Amended Affirmative Defenses*, COUNTERCLAIM against Bank of America, N.A. by Old Republic Insurance Company.(Marcus, Robert) (Entered: 01/23/2012) |
| 02/14/2012 | 65 | STIPULATION *Joint Stipulation Re Tolling of Limitations Periods and Relation Back of Future Claims* by Bank of America, N.A. (Finch, Amber) (Entered: 02/14/2012) |
| 02/15/2012 | 66 | STIPULATION *Joint Stipulation Re Reimbursement Demands and Relation Back of Future Reimbursement Demands* by Old Republic Insurance Company (Marcus, Robert) (Entered: 02/15/2012) |
| 02/16/2012 | 67 | *Bank of America, N.A.'s Answer to Old Republic Insurance Company's Counterclaim* ANSWER to 64 Answer to Complaint, Counterclaim by Bank of America, N.A..(Finch, Amber) (Entered: 02/16/2012) |
| 02/17/2012 | 68 | DEMAND for Trial by Jury by Bank of America, N.A. (Finch, Amber) (Entered: 02/17/2012) |
| 02/29/2012 | | NOTICE of Hearing on Motion re: 52 MOTION for Bellwether Trial Plan: Motion Hearing set for 3/13/2012 02:00 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice – you will not receive a separate document.*(stb) (Entered: 02/29/2012) |
| 03/01/2012 | | NOTICE of Hearing on Motion re: 52 MOTION for Bellwether Trial Plan: Motion Hearing RE–SCHEDULED for 3/14/2012 02:00 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice – you will not receive a separate document.*(stb) (Entered: 03/01/2012) |
| 03/08/2012 | 69 | MOTION to Seal *(Motion for Leave to File Under Seal)* by Old Republic Insurance Company.Responses due by 3/26/2012. (Attachments: #1 Exhibit Proposed Order, #2 Exhibit Non–Confidential Descriptions)(Aurichio, Louis). Motions referred to David Keesler. (Entered: 03/08/2012) |
| 03/08/2012 | 70 | MOTION to Compel by Old Republic Insurance Company.Responses due by 3/26/2012. (Attachments: #1 Memorandum Brief in Support of Motion to Compel, #2 Exhibit Notice of Sealed Exhibit, #3 Exhibit ORIC's 1st Set of Interrogs. to |

**App. 5**

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|------------|-----|----|
|            |     | BANA, #_4_ Exhibit BANA's Response to Interrogs., #_5_ Exhibit Letter from L. Aurichio to T. Rea, #_6_ Exhibit Email from T. Rea to L. Aurichio, #_7_ Exhibit BANA's 2nd Amended Responses to Interrogs., #_8_ Exhibit Letter from V. Tennerelli to A. Finch, #_9_ Exhibit Letter from A. Finch to L. Aurichio and V. Tennerelli, #_10_ Exhibit Notice of Sealed Exhibit, #_11_ Exhibit ORIC's 2nd Set of Doc Requests to BANA, #_12_ Exhibit Notice of Sealed Exhibit, #_13_ Exhibit Notice of Sealed Exhibit, #_14_ Exhibit Unpublished Cases)(Aurichio, Louis). Motions referred to David Keesler. (Entered: 03/08/2012) |
| 03/08/2012 | 71  | Sealed Document (*Sealed – Attorney*): re:_69_ MOTION to Seal (*Motion for Leave to File Under Seal*),_70_ MOTION to Compel ,_41_ Protective Order (available to Bank of America, N.A.) (Attachments: #_1_ Exhibit Credit Insurance Policy T90, #_2_ Exhibit Credit Insurance Policy T90, #_3_ Exhibit Credit Insurance Policy T90, #_4_ Exhibit ORIC–BOA–CL00000776–777, #_5_ Exhibit ORIC–BOA–E000012685 to 687, #_6_ Exhibit ORIC–BOA–E000012834 to 840)(Aurichio, Louis) (Entered: 03/08/2012) |
| 03/12/2012 | 72  | **ORDER granting _69_ Motion to Seal. Signed by Magistrate Judge David Keesler on 3/12/12. (com)** (Entered: 03/12/2012) |
| 03/14/2012 |     | Minute Entry: MOTION HEARING held before Senior Judge Graham Mullen. Re _52_ MOTION for Bellwether Trial Plan. Motion taken under advisement. Plaintiffs attorney: Douglas E. Cameron, Traci S. Rea, Meredith J. McKee. Defendants attorney: Robert N. Hermes, Jonathan P. Heyl, Louis J. Aurichio. Joy Kelly Court Reporter (stb) Modified on 3/15/2012 to add court reporter (ssh). (Entered: 03/14/2012) |
| 03/20/2012 | 73  | TRANSCRIPT of MOTION HEARING held on 3–14–12 before Judge GRAHAM MULLEN. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 6/18/2012. (Reporter: Joy Kelly, 704–350–7495) (Entered: 03/20/2012) |
| 03/26/2012 | 74  | MEMORANDUM in Opposition re_70_ MOTION to Compel by Bank of America, N.A.. Replies due by 4/5/2012. (Finch, Amber) (Entered: 03/26/2012) |
| 03/26/2012 | 75  | AFFIDAVIT in Opposition re_70_ MOTION to Compel *Declaration of Amber Finch* by Bank of America, N.A.. Replies due by 4/5/2012. (Attachments: #_1_ Exhibit A–H)(Finch, Amber) (Entered: 03/26/2012) |
| 03/26/2012 | 76  | Addendum by Bank of America, N.A.. Addendum to _74_ Memorandum in Opposition to Motion *Compendium of Unpublished Authorities* (Attachments: #_1_ Exhibit 1)(Finch, Amber) (Entered: 03/26/2012) |
| 03/26/2012 | 77  | MOTION to Seal Document by Bank of America, N.A..Responses due by 4/12/2012. (Attachments: #_1_ Proposed Order Order Granting Motion for Leave to File Under Seal, #_2_ Exhibit Non–Confidential Descriptions of the Confidential Materials)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/26/2012) |
| 03/26/2012 | 78  | SEALED RESPONSE (*Sealed – Attorney*) to Motion re:_77_ Motion to Seal Document,_70_ Motion to Compel (available to Bank of America, N.A., Old Republic Insurance Company) Replies due by 4/5/2012. (Finch, Amber) Modified to add applicable party on 3/27/2012 (tmg). (Entered: 03/26/2012) |
| 03/26/2012 | 79  | Sealed Document (*Sealed – Attorney*): Ex. F to Finch Declaration: Aurichio letter to Finch dated 2/3/12; Ex. G to Finch Declaration: Finch letter to Aurichio dated 2/31/12 re:_75_ Affidavit in Opposition to Motion,_70_ MOTION to Compel ,_77_ MOTION to Seal Document ,_41_ Protective Order,_78_ Sealed Response to Motion by Plaintiff; (available to Bank of America, N.A., Old Republic Insurance Company) (Finch, Amber) Modified to add applicable party on 3/27/2012 (tmg). (Entered: 03/26/2012) |

**App. 6**

| 03/27/2012 | 80 | **ORDER granting 77 Motion to Seal Document. Signed by Magistrate Judge David Keesler on 3/27/2012. (tmg)** (Entered: 03/27/2012) |
|---|---|---|
| 04/04/2012 | 81 | MOTION to Seal *(Motion for Leave to File Under Seal)* by Old Republic Insurance Company.Responses due by 4/23/2012. (Taylor, Ursula). Motions referred to David Keesler. (Entered: 04/04/2012) |
| 04/04/2012 | 82 | Appendix by Old Republic Insurance Company. Appendix re: 81 Motion to Seal *(Defendant Old Republic's Index of Exhibits in Support of Its Motion for Leave to File Its Reply in Support of Its Motion to Compel Under Seal)* (Attachments: # 1 Exhibit Exhibit A to the Motion For Leave to File Under Seal, # 2 Exhibit Exhibit B to the Motion For Leave to File Under Seal)(Taylor, Ursula) (Entered: 04/04/2012) |
| 04/05/2012 | 83 | **ORDER granting 81 Motion to Seal Reply in Support of Motion to Compel. Signed by Magistrate Judge David Keesler on 4/5/2012. (tmg)** (Entered: 04/05/2012) |
| 04/05/2012 | 84 | REPLY to Response to Motion re 70 MOTION to Compel *(Defendant Old Republic Insurance Company's Reply Brief in Support of Its Motion to Compel)* by Old Republic Insurance Company. (Taylor, Ursula). (Entered: 04/05/2012) |
| 04/05/2012 | 85 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 70 Motion to Compel,,, (available to Bank of America, N.A., Old Republic Insurance Company) (Taylor, Ursula) (Entered: 04/05/2012) |
| 04/05/2012 | 86 | AFFIDAVIT re 84 Reply to Response to Motion *(Declaration of Treva Mathis in Support of Old Republic's Motion to Compel)* by Old Republic Insurance Company (Taylor, Ursula) (Entered: 04/05/2012) |
| 04/05/2012 | 87 | Appendix by Old Republic Insurance Company. Appendix re: 84 Reply to Response to Motion *(Index of Exhibits In Support of Its Reply Brief In Support of Its Motion to Compel)* (Attachments: # 1 Exhibit 1 – Unpublished Authorities, # 2 Exhibit 2 – Notice of Filing Under Seal, # 3 Exhibit 3 – February 20, 2012 Letter, # 4 Exhibit 4 – Notice of Filing Under Seal, # 5 Exhibit 5 – February 16, 2012 Email)(Taylor, Ursula) (Entered: 04/05/2012) |
| 04/05/2012 | 88 | Sealed Document *(Sealed – Attorney)*: Notice of Sealed Exhibits re: 84 Reply to Response to Motion by Old Republic Insurance Company; (available to Bank of America, N.A., Old Republic Insurance Company) (Attachments: # 1 Exhibit 2 – Proof of Loss Form, # 2 Exhibit 4 – Bank of America's Responses to Interrogatories (Set Two))(Taylor, Ursula) (Entered: 04/05/2012) |
| 05/10/2012 | 89 | MOTION for Leave to Appear Pro Hac Vice as to Albert E. Fowerbaugh, Jr. Filing fee $ 276, receipt number 0419–1672103. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 05/10/2012) |
| 05/11/2012 | 90 | **ORDER granting 89 Motion for Leave to Appear Pro Hac Vice added Albert E. Fowerbaugh, Jr for Old Republic Insurance Company. Signed by Magistrate Judge David S. Cayer on 5/10/2012. (blf)** (Entered: 05/11/2012) |
| 05/11/2012 | | Notice to Albert Fowerbaugh: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 5/21/2012. (blf) (Entered: 05/11/2012) |
| 05/17/2012 | 91 | **ORDER denying without prejudice 70 Motion to Compel. Signed by Magistrate Judge David Keesler on 5/17/2012. (eef)** (Entered: 05/17/2012) |
| 05/17/2012 | 92 | **ORDER re 91 Order on Motion to Compel. Signed by Senior Judge Graham Mullen on 5/17/2012. (eef)** (Entered: 05/17/2012) |
| 05/30/2012 | 93 | MOTION to Seal *(Defendant Old Republic Insurance Company's Motion for Leave to File Its Objection to Magistrate's Ruling on Motion to Compel Under Seal)* by Old Republic Insurance Company.Responses due by 6/18/2012. (Attachments: # 1 Exhibit A – Draft Order)(Taylor, Ursula). Motions referred to David Keesler. (Entered: 05/30/2012) |
| 05/31/2012 | 94 | **ORDER granting 93 Motion to Seal. Signed by Magistrate Judge David Keesler on 5/30/2012. (eef)** (Entered: 05/31/2012) |

**App. 7**

| | | |
|---|---|---|
| 05/31/2012 | 95 | Objection to Magistrate Judge's Decision (Rule 72(a)) re 91 Order on Motion to Compel *(Old Republic Insurance Company's Objection to Magistrate's Ruling on Motion to Compel)*.Responses due by 6/18/2012. (Aurichio, Louis) (Entered: 05/31/2012) |
| 05/31/2012 | 96 | Unredacted Document *(Sealed – Attorney)*: Old Republic Insurance Company's Objection to Magistrate's Ruling on Motion to Compel re: 91 Order on Motion to Compel, 95 Objection to Magistrate Judge's Decision (Rule 72(a)) re 91 Order on Motion to Compel *(Old Republic Insurance Company's Objection to Magistrate's Ruling on Motion to Compel)* by Old Republic Insurance Company; (available to Bank of America, N.A., Old Republic Insurance Company) (Aurichio, Louis) Modified on 6/4/2012 (eef). (Entered: 05/31/2012) |
| 06/15/2012 | 97 | Miscellaneous Filing by Bank of America, N.A.. re: 92 Order, 91 Order on Motion to Compel *Statement of Bank of America, N.A. Re Proposed Scope, Procedure, and Schedule for Anticipated Bellwether Proceeding* (Finch, Amber) (Entered: 06/15/2012) |
| 06/15/2012 | 98 | Miscellaneous Filing by Old Republic Insurance Company. re: 92 Order, 91 Order on Motion to Compel *Defendant Old Republic Insurance Company's Report and Proposals Regarding Bellwether Proceeding* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Fowerbaugh, Albert) (Entered: 06/15/2012) |
| 06/18/2012 | 99 | NOTICE by Bank of America, N.A. re 92 Order, 97 Miscellaneous Filing *Notice of Errata Re Electronic Signature on Statement of Bank of America, N.A. Re Proposed Scope, Procedure, and Schedule for Anticipated Bellwether Proceeding* (Attachments: # 1 Exhibit A to Notice of Errata Re Electronic Signature on Statement of Bank of America, N.A. Re Proposed Scope, Procedure, and Schedule for Anticipated Bellwether Proceeding)(Finch, Amber) (Entered: 06/18/2012) |
| 06/18/2012 | 100 | Miscellaneous Filing by Bank of America, N.A.. re: 95 Objection to Magistrate Judge's Decision – Rule 72a *Bank of America, N.A.'s Response to Old Republic Insurance Company's Objections to Magistrate's Ruling on Motion to Compel* (Finch, Amber) (Entered: 06/18/2012) |
| 06/19/2012 | **101** | **Pretrial Order and Case Management Plan: ( Discovery due by 1/11/2013., Motions due by 1/25/2013., Jury Trial set for 5/6/2013 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.), Motions terminated: 52 MOTION.. Signed by Senior Judge Graham Mullen on 6/19/2012. (eef)** (Entered: 06/19/2012) |
| 09/26/2012 | 102 | MOTION for Leave to Appear Pro Hac Vice as to Cristina Martell Shea Filing fee $ 276, receipt number 0419–1799923. by Bank of America, NA. (McKee, Meredith). Motions referred to David Keesler. (Entered: 09/26/2012) |
| 09/27/2012 | **103** | **ORDER granting 102 Motion for Leave to Appear Pro Hac Vice added Cristina Martell Shea for Bank of America, NA. Signed by Magistrate Judge David Keesler on 9/26/2012. (eef)** (Entered: 09/27/2012) |
| 09/27/2012 | | Notice to Cristina Martell Shea: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 10/9/2012. (eef) (Entered: 09/27/2012) |
| 10/04/2012 | 104 | MOTION for Leave to Appear Pro Hac Vice as to Matthew David Rosso Filing fee $ 276, receipt number 0419–1807203. by Bank of America, NA. (McKee, Meredith). Motions referred to David Keesler. (Entered: 10/04/2012) |
| 10/04/2012 | **105** | **ORDER granting 104 Motion for Leave to Appear Pro Hac Vice added Matthew David Rosso for Bank of America, NA. Signed by Magistrate Judge David Keesler on 10/4/2012. (eef)** (Entered: 10/04/2012) |
| 10/04/2012 | | Notice to Matthew David Rosso: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 10/15/2012. (eef) (Entered: 10/04/2012) |
| 10/16/2012 | 106 | MOTION for Leave to Appear Pro Hac Vice as to Melissa Anne Meth Filing fee $ 276, receipt number 0419–1817572. by Bank of America, NA. (McKee, Meredith). |

**App. 8**

| | | |
|---|---|---|
| | | Motions referred to David Keesler. (Entered: 10/16/2012) |
| 10/16/2012 | 107 | **ORDER granting 106 Motion for Leave to Appear Pro Hac Vice added Melissa Anne Meth for Bank of America, NA. Signed by Magistrate Judge David Keesler on 10/16/2012. (eef)** (Entered: 10/16/2012) |
| 10/16/2012 | | Notice to Melissa Anne Meth: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 10/26/2012. (eef) (Entered: 10/16/2012) |
| 10/17/2012 | 108 | MOTION for Leave to Appear Pro Hac Vice as to Mary Christine Oppedahl Filing fee $ 276, receipt number 0419–1819423. by Bank of America, NA. (McKee, Meredith). Motions referred to David Keesler. (Entered: 10/17/2012) |
| 10/17/2012 | 109 | Joint MOTION for Extension of Time for Bellwether Schedule by Bank of America, NA.Responses due by 11/5/2012 (McKee, Meredith). Motions referred to David Keesler. (Entered: 10/17/2012) |
| 10/18/2012 | 110 | **ORDER granting 108 Motion for Leave to Appear Pro Hac Vice added Mary Christine Oppedahl for Bank of America, NA. Signed by Magistrate Judge David Keesler on 10/17/2012. (eef)** (Entered: 10/18/2012) |
| 10/18/2012 | | Notice to Mary Christine Oppedahl: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 10/29/2012. (eef) (Entered: 10/18/2012) |
| 10/19/2012 | 111 | **ORDER granting 109 Motion for Extension of Time to Complete Discovery Discovery due by 2/8/2013. Motions due by 2/15/2013. Jury Trial re–set for 9/9/2013 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.. Signed by Magistrate Judge David Keesler on 10/18/2012. (eef)** (Entered: 10/19/2012) |
| 10/19/2012 | 112 | MOTION for Leave to Appear Pro Hac Vice as to Jennifer M. Bisenius Filing fee $ 276, receipt number 0419–1821531. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 10/19/2012) |
| 10/19/2012 | 113 | **ORDER granting 112 Motion for Leave to Appear Pro Hac Vice added Jennifer M. Bisenius for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 10/19/2012. (eef)** (Entered: 10/19/2012) |
| 10/19/2012 | | Notice to Jennifer M. Bisenius: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 10/29/2012. (eef) (Entered: 10/19/2012) |
| 11/13/2012 | 114 | MOTION to Seal Document *(MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL DEPOSITION UNDER SEAL)* by Old Republic Insurance Company.Responses due by 11/30/2012 (Taylor, Ursula). Motions referred to David Keesler. (Entered: 11/13/2012) |
| 11/13/2012 | 115 | Appendix by Old Republic Insurance Company. Appendix re: 114 Motion to Seal Document *(INDEX OF EXHIBITS IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL DEPOSITION UNDER SEAL)* (Attachments: # 1 Exhibit A–DRAFT ORDER, # 2 Exhibit B–INDEX)(Taylor, Ursula) (Entered: 11/13/2012) |
| 11/14/2012 | 116 | **ORDER granting 114 Motion to Seal Document. Signed by Magistrate Judge David Keesler on 11/14/2012. (tmg)** (Entered: 11/14/2012) |
| 11/14/2012 | 117 | MOTION to Compel *Deposition* by Old Republic Insurance Company.Responses due by 12/3/2012 (Attachments: # 1 Memorandum In Support of Its Motion to Compel Deposition)(Aurichio, Louis). Motions referred to David Keesler. (Entered: 11/14/2012) |
| 11/14/2012 | 118 | Unredacted Document *(Sealed – Attorney)* re 117 Motion to Compel (available to Bank of America, NA, Old Republic Insurance Company) (Aurichio, Louis) (Entered: 11/14/2012) |
| 11/14/2012 | 119 | Appendix by Old Republic Insurance Company. Appendix re: 118 Unredacted Document, 117 Motion to Compel *Deposition* (Attachments: # 1 Exhibit A – |

**App. 9**

| | | |
|---|---|---|
| | | Notice of Sealed Ex, #_2_ Exhibit B – Notice of Sealed Ex, #_3_ Exhibit C – Notice of Sealed Ex, #_4_ Exhibit D – Notice of Sealed Ex, #_5_ Exhibit E – Notice of Sealed Ex, #_6_ Exhibit F – Notice of Sealed Ex, #_7_ Exhibit G – Notice of Sealed Ex, #_8_ Exhibit H – Notice of Sealed Ex, #_9_ Exhibit I – Notice of Sealed Ex, #_10_ Exhibit J – Notice of Sealed Ex, #_11_ Exhibit K – Notice of Sealed Ex, #_12_ Exhibit L – Notice of Sealed Ex, #_13_ Exhibit M – Notice of Sealed Ex, #_14_ Exhibit N – Notice of Sealed Ex, #_15_ Exhibit O – Notice of Sealed Ex, #_16_ Exhibit P – Notice of Sealed Ex, #_17_ Exhibit Q – Notice of Sealed Ex, #_18_ Exhibit R – Notice of Sealed Ex, #_19_ Exhibit S – Unpublished Authorities)(Aurichio, Louis)(Entered: 11/14/2012) |
| 11/14/2012 | 120 | Sealed Document (*Sealed – Attorney*): Exhibits in Support of Defendant Old Republic Insurance Company's Brief in Support of Its Motion to Compel Deposition re:_118_ Unredacted Document,_117_ MOTION to Compel *Deposition* (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1_ Exhibit Ex A First Lien Loan Redacted, #_2_ Exhibit Ex B Second Lien Loan Redacted, #_3_ Exhibit Ex C Repurchase Report Nov 4 2008 Redacted, #_4_ Exhibit Ex D Claim for Loss Redacted, #_5_ Exhibit Ex E Ltr to L Licata Redacted, #_6_ Exhibit Ex F D Tinsman Dep Excerpts, #_7_ Exhibit Ex G A Nickl Dep Excerpts, #_8_ Exhibit Ex H 30 b 6 Notice, #_9_ Exhibit Ex I Response to 30 b 6 Notice, #_10_ Exhibit Ex J Email to A Finch Nov 2 2012, #_11_ Exhibit Ex K Email to L Aurichio Nov 13 2012, #_12_ Exhibit Ex L Email to A Finch Nov 13 2012, #_13_ Exhibit Ex M T Ramirez Dep Excerpts, #_14_ Exhibit Ex N Form 4506T Oct 1 2007 Redacted, #_15_ Exhibit Ex O Repurchase Report Jan 9 2008 Redacted, #_16_ Exhibit Ex P Loan Application Redacted, #_17_ Exhibit Ex Q Repurchase Report May 3 2007 Redacted, #_18_ Exhibit Ex R Form 4506T Dec 27 2006 Redacted)(Aurichio, Louis) (Entered: 11/14/2012) |
| 11/27/2012 | 121 | Notice of Withdrawal of document by Old Republic Insurance Company ***Documents terminated:_117_ MOTION to Compel *Deposition* filed by Old Republic Insurance Company. (Marcus, Robert) (Entered: 11/27/2012) |
| 11/28/2012 | 122 | Unopposed MOTION for Extension of Time of Scheduling Order Deadlines by Old Republic Insurance Company.Responses due by 12/17/2012 (Attachments: #_1_ Proposed Order)(Marcus, Robert). Motions referred to David Keesler. (Main Document 122 replaced on 11/28/2012) (tob). (Entered: 11/28/2012) |
| 11/29/2012 | 123 | **ORDER granting 122 Motion for Extension of Time of Scheduling Order Deadlines. Discovery due by 3/8/2013. Motions due by 3/15/2013. Jury Trial set for 11/4/2013 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.. Signed by Magistrate Judge David Keesler on 11/29/2012. (eef)** (Entered: 11/29/2012) |
| 12/20/2012 | 124 | MOTION to Seal *(MOTION FOR LEAVE TO FILE RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS UNDER SEAL)* by Old Republic Insurance Company.Responses due by 1/7/2013 (Taylor, Ursula). Motions referred to David Keesler. (Entered: 12/20/2012) |
| 12/20/2012 | 125 | Appendix by Old Republic Insurance Company. Appendix re:_124_ Motion to Seal *(INDEX OF EXHIBITS IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS UNDER SEAL)* (Attachments: #_1_ Exhibit A–Draft Order, #_2_ Exhibit B–Index)(Taylor, Ursula) (Entered: 12/20/2012) |
| 12/21/2012 | 126 | MOTION to Compel *(RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS)* by Old Republic Insurance Company.Responses due by 1/7/2013 (Attachments: #_1_ Memorandum Brief in Support of Its Renewed Motion to Compel Deposition and Motion for Sanctions)(Taylor, Ursula). Motions referred to David Keesler. (Entered: 12/21/2012) |
| 01/03/2013 | 127 | MOTION Briefing Schedule re_124_ MOTION to Seal *(MOTION FOR LEAVE TO FILE RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS UNDER SEAL)*,_126_ MOTION to Compel *(RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS)* by Bank of America, NA.Responses due by 1/22/2013 (Attachments: #_1_ Proposed Order Re Briefing Schedule)(Finch, Amber) (Entered: 01/03/2013) |

**App. 10**

| 01/03/2013 | 128 | MEMORANDUM in Support re 127 MOTION Briefing Schedule re 124 MOTION to Seal *(MOTION FOR LEAVE TO FILE RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS UNDER SEAL)*, 126 MOTION to Compel *(RENEWED MOTION TO COMPEL DEPOSITION AND MOTION FOR SANCTIONS Memorandum of Points and Authorities in Support of Bank of America, N.A.'s: (1) Omnibus Response to Old Republic Insurance Company's Motion to Seal (Docket No. 124) and Redacted Renewed Motion to Compel Deposition (Docket No. 126); and (2) Brief in Support of Motion for Briefing Schedule Re Old Republic's Renewed Motion to Compel Deposition and Bank of America's Motion for Protective Order (Docket No. 127) by Bank of America, NA. (Attachments: # 1 Affidavit Declaration of Amber Finch, # 2 Exhibit A−E)(Finch, Amber) (Entered: 01/03/2013)* |
|---|---|---|
| 01/03/2013 | | Motion referred to David Keesler.: 127 MOTION Briefing Schedule (bsw) (Entered: 01/03/2013) |
| 01/04/2013 | 129 | **ORDER denying without prejudice 126 Motion to Compel; denying without prejudice 127 Motion for Briefing Schedule; granting 124 MOTION to Seal. Signed by Magistrate Judge David Keesler on 1/4/2013. (eef)** Modified text on 1/7/2013 (eef). (Entered: 01/04/2013) |
| 01/04/2013 | 130 | MOTION to Compel *Deposition and Motion for Sanctions (Second Renewed)* by Old Republic Insurance Company.Responses due by 1/22/2013 (Attachments: # 1 Memorandum Memorandum In Support of Its Second Renewed Motion to Compel Deposition and Motion for Sanctions)(Taylor, Ursula). Motions referred to David Keesler. (Entered: 01/04/2013) |
| 01/04/2013 | 131 | SEALED MOTION *(Sealed − Attorney)* re 130 Motion to Compel, by Old Republic Insurance Company; (available to Bank of America, NA, Old Republic Insurance Company).Responses due by 1/22/2013 (Attachments: # 1 Memorandum In Support of Its Second Renewed Motion to Compel Deposition and Motion for Sanctions)(Taylor, Ursula) Modified text on 1/7/2013 (eef). Motions referred to David Keesler. (Entered: 01/04/2013) |
| 01/04/2013 | 132 | Appendix by Old Republic Insurance Company. Appendix re: 130 Motion to Compel, 131 Unredacted Document, (Attachments: # 1 Exhibit Exhibit 1 Notice of Sealed Exhibit, # 2 Exhibit Exhibit 2 Notice of Sealed Exhibit, # 3 Exhibit Exhibit 3 Notice of Sealed Exhibit, # 4 Exhibit Exhibit 4 Notice of Sealed Exhibit, # 5 Exhibit Exhibit 5 Notice of Sealed Exhibit, # 6 Exhibit Exhibit 6 Notice of Sealed Exhibit, # 7 Exhibit Exhibit 7 Notice of Sealed Exhibit, # 8 Exhibit Exhibit 8 Notice of Sealed Exhibit, # 9 Exhibit Exhibit 9 Notice of Sealed Exhibit, # 10 Exhibit Exhibit 10 Email to A Finch Dec 21 2012, # 11 Exhibit Exhibit 11 Ltr to A Finch Dec 31 2012, # 12 Exhibit Exhibit 12 Ltr to L Aurichio and U Taylor Dec 31 2012, # 13 Exhibit Exhibit 13 Ltr to A Finch Jan 2 2013, # 14 Exhibit Exhibit 14 Unpublished Authorities)(Taylor, Ursula) (Entered: 01/04/2013) |
| 01/04/2013 | 133 | Sealed Document *(Sealed − Attorney)*: re: 130 MOTION to Compel *Deposition and Motion for Sanctions (Second Renewed)*, 131 Unredacted Document, by Old Republic Insurance Company; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit 1 A White Dep Excerpts, # 2 Exhibit 2 Ltr to L Aurichio Nov 20 2012, # 3 Exhibit 3 Email to L Aurichio Nov 19 2012, # 4 Exhibit 4 Email to A Finch Nov 23 2012, # 5 Exhibit 5 Bank of America's Summary Exhibit Redacted, # 6 Exhibit 6 Ltr to A Finch Dec 12 2012, # 7 Exhibit 7 Email to U Taylor Dec 13 2012, # 8 Exhibit 8 Ltr to U Taylor Dec 14 2012, # 9 Exhibit 9 Email to A Finch Dec 19 2012)(Taylor, Ursula) (Entered: 01/04/2013) |
| 01/07/2013 | | Set/Reset Deadlines as to 131 SEALED MOTION *(Sealed − Attorney)*.Responses due by 1/22/2013 (eef) (Entered: 01/07/2013) |
| 01/07/2013 | | Motion referred to David Keesler.: 131 SEALED MOTION *(Sealed − Attorney)* (eef) (Entered: 01/07/2013) |
| 01/08/2013 | 134 | MOTION for Extension of Time to File Response/Reply re: 131 SEALED MOTION *(Sealed − Attorney)* *(Response due by January 31, 2013 and Reply due by February 11, 2013)* by Bank of America, NA.Responses due by 1/25/2013 (Finch, Amber). Motions referred to David Keesler. (Entered: 01/08/2013) |

| | | |
|---|---|---|
| 01/10/2013 | 135 | MOTION to Seal *Unopposed Motion for Leave to File Portions of Motion for Protective Order and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 1/28/2013 (Attachments: # 1 Exhibit Ex A: Proposed Order Granting Unopposed Motion to Seal, # 2 Exhibit Ex B: Non–Confidential Descriptions of Confidential Materials, # 3 Appendix Index of Exhibits in Support of Unopposed Motion for Leave to Seal)(Finch, Amber). Motions referred to David Keesler. (Entered: 01/10/2013) |
| 01/11/2013 | 136 | **ORDER granting 135 Motion to Seal. Signed by Magistrate Judge David Keesler on 1/10/2013. (eef)** (Entered: 01/11/2013) |
| 01/11/2013 | 137 | **ORDER granting 134 Motion for Extension of Time to File Response re 131 SEALED MOTION** *(Sealed – Attorney)* **Responses due by 1/31/2013; Defendant shall file a reply brief in support of its motion on or before 2/11/2013. Signed by Magistrate Judge David Keesler on 1/10/2013. (eef)** (Entered: 01/11/2013) |
| 01/11/2013 | | Set/Reset Deadlines as to 131 SEALED MOTION *(Sealed – Attorney)*. Replies due by 2/11/2013 (eef) (Entered: 01/11/2013) |
| 01/11/2013 | 138 | Unopposed MOTION to Seal Document *(MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS UNDER SEAL)* by Old Republic Insurance Company.Responses due by 1/28/2013 (Bisenius, Jennifer). Motions referred to David Keesler. (Entered: 01/11/2013) |
| 01/11/2013 | 139 | Appendix by Old Republic Insurance Company. Appendix re: 138 Motion to Seal Document, *(EXHIBITS IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS UNDER SEAL)* (Attachments: # 1 Exhibit A–Draft Order, # 2 Exhibit B–Non–Confidential Descriptions)(Bisenius, Jennifer) (Entered: 01/11/2013) |
| 01/11/2013 | 140 | MOTION for Leave to File *Certain Exhibits to Motion for Protective Order In Camera and Under Seal* by Bank of America, NA.Responses due by 1/28/2013 (Attachments: # 1 Exhibit Ex A: Proposed Order Granting Motion for Leave to File Certain Exhibits, # 2 Exhibit Ex B: Non Confidential Description of Exhibits, # 3 Appendix Index of Exhibits in Support of Its Motion for Leave to File)(Finch, Amber). Motions referred to David Keesler. (Entered: 01/11/2013) |
| 01/14/2013 | 141 | **ORDER granting 138 Motion to Seal Document. Signed by Magistrate Judge David Keesler on 1/14/2013. (eef)** (Entered: 01/14/2013) |
| 01/14/2013 | 142 | RESPONSE in Opposition re 140 MOTION for Leave to File *Certain Exhibits to Motion for Protective Order In Camera and Under Seal* by Old Republic Insurance Company. Replies due by 1/25/2013 (Taylor, Ursula) (Entered: 01/14/2013) |
| 01/14/2013 | 143 | MOTION to Compel *Production of Documents and Motion for Sanctions* by Old Republic Insurance Company.Responses due by 1/31/2013 (Attachments: # 1 Memorandum In Support of Motion to Compel Production of Documents and Motion for Sanctions)(Aurichio, Louis). Motions referred to David Keesler. (Entered: 01/14/2013) |
| 01/14/2013 | 144 | Unredacted Document *(Sealed – Attorney)* re 143 Motion to Compel, (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Memorandum In Support of Motion to Compel Production of Documents and Motion for Sanctions)(Aurichio, Louis) (Entered: 01/14/2013) |
| 01/14/2013 | 145 | Appendix by Old Republic Insurance Company. Appendix re: 144 Unredacted Document, 143 Motion to Compel, (Attachments: # 1 Exhibit 1–Notice of Sealed Exhibit, # 2 Exhibit 2–Notice of Sealed Exhibit, # 3 Exhibit 3–Unpublished Authority)(Aurichio, Louis) (Entered: 01/14/2013) |
| 01/14/2013 | 146 | Sealed Document *(Sealed – Attorney)*: re: 145 Appendix, 144 Unredacted Document, 143 MOTION to Compel *Production of Documents and Motion for Sanctions* (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit 1–Letter to A. Finch (Dec. 7, 2012), # 2 Exhibit 2–Letter to A. Finch (Jan. 2, 2013))(Aurichio, Louis) (Entered: 01/14/2013) |

**App. 12**

| | | |
|---|---|---|
| 01/14/2013 | 147 | MOTION for Protective Order *Pursuant to Fed. R. Civ. Proc. 26(c)* by Bank of America, NA.Responses due by 1/31/2013 (Attachments: #_1_ Memorandum in Support of Motion for Protective Order Pursuant to FRCP 26(c), #_2_ Affidavit Declaration of John Cousins, #_3_ Affidavit REDACTED Declaration of Armida White in Support of Motion for Protective Order Pursuant to FRCP 26(c), #_4_ Affidavit Declaration of Amber Finch in Support of Motion for Protective Order Pursuant to FRCP 26(c), #_5_ Appendix Index of Exhibits Attached to Declaration of Amber Finch, #_6_ Appendix Compendium of Unpublished Authorities in Support of Motion for Protective Order Pursuant to FRCP 26(c), #_7_ Exhibit Ex. 1 and 2 to Compendium of Unpublished Authorities, #_8_ Proposed Order in Support of Motion for Protective Order Pursuant to FRCP 26(c))(Finch, Amber). Motions referred to David Keesler. (Entered: 01/14/2013) |
| 01/14/2013 | 148 | Miscellaneous Filing by Bank of America, NA. re:_147_ Motion for Protective Order,,, *Request for Judicial Notice in Support of Motion for Protective Order Pursuant to FRCP 26(c)* (Attachments: #_1_ Exhibit A to Request for Judicial Notice in Support of Motion for Protective Order Pursuant to FRCP 26(c))(Finch, Amber) (Entered: 01/14/2013) |
| 01/14/2013 | 149 | Sealed Document (*Sealed − Attorney*): SEALED UNREDACTED Brief in Support of Motion for Protective Order re:_147_ MOTION for Protective Order *Pursuant to Fed. R. Civ. Proc. 26(c)* by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1_ Affidavit UNREDACTED Armida White Declaration in Support of Motion for Protective Order Pursuant to FRCP 26(c), #_2_ Appendix SEALED Index of Exhibits and Exhibits A−D to Finch Declaration in Support of Motion for Protective Order Pursuant to FRCP 26(c))(Finch, Amber) (Entered: 01/14/2013) |
| 01/15/2013 | 150 | REPLY to Response to Motion re:_140_ MOTION for Leave to File *Certain Exhibits to Motion for Protective Order In Camera and Under Seal* by Bank of America, NA. (Finch, Amber) (Entered: 01/15/2013) |
| 01/24/2013 | 151 | MOTION for Leave to Appear Pro Hac Vice as to Kevin O'Brien Filing fee $ 276, receipt number 0419−1899824. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 01/24/2013) |
| 01/24/2013 | 152 | MOTION for Leave to Appear Pro Hac Vice as to Catherine Eleanor Isely Filing fee $ 276, receipt number 0419−1899855. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David Keesler. (Entered: 01/24/2013) |
| 01/25/2013 | 153 | **ORDER granting 151 Motion for Leave to Appear Pro Hac Vice added Kevin O'Brien for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 1/24/2013. (eef)** (Entered: 01/25/2013) |
| 01/25/2013 | 154 | **ORDER granting 152 Motion for Leave to Appear Pro Hac Vice added Catherine Eleanor Isely for Old Republic Insurance Company. Signed by Magistrate Judge David Keesler on 1/24/2013. (eef)** (Entered: 01/25/2013) |
| 01/25/2013 | | Notice to Catherine Eleanor Isely, and Kevin O'Brien: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 2/4/2013. (eef) (Entered: 01/25/2013) |
| 01/29/2013 | 155 | MOTION to Seal *Unopposed Motion for Leave to File Portions of Oppositions to Motions to Compel Deposition and Production of Documents and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 2/15/2013 (Attachments: #_1_ Exhibit A – Proposed Order Granting Unopposed Motion for Leave to File Under Seal, #_2_ Exhibit B – Non−Confidential Descriptions of Confidential Materials, #_3_ Appendix Index of Exhibits in Support of Unopposed Motion for Leave to File Under Seal)(Finch, Amber). Motions referred to David Keesler. (Entered: 01/29/2013) |
| 01/30/2013 | 156 | Unopposed MOTION to Seal *(Motion for Leave to File Its Response in Opposition to Bank of America's Motion for Protective Order Under Seal)* by Old Republic Insurance Company.Responses due by 2/19/2013 (Taylor, Ursula). Motions referred to David Keesler. (Entered: 01/30/2013) |
| 01/30/2013 | 157 | Appendix by Old Republic Insurance Company. Appendix re:_156_ Motion to Seal, *Index of Exhibits In Support of Its Unopposed Motion for Leave to File Its* |

**App. 13**

| | | |
|---|---|---|
| | | *Response in Opposition to Bank of America's Motion for Protective Order Under Seal* (Attachments: #1 Exhibit A–Draft Order, #2 Exhibit B–Index)(Taylor, Ursula) |
| 01/31/2013 | 158 | **ORDER granting 155 Motion to Seal. Signed by Magistrate Judge David Keesler on 1/31/2013. (eef)** (Entered: 01/31/2013) |
| 01/31/2013 | 159 | **ORDER granting 156 Motion to Seal. Signed by Magistrate Judge David Keesler on 1/31/2013. (eef)** (Entered: 01/31/2013) |
| 01/31/2013 | 160 | RESPONSE in Opposition re 147 MOTION for Protective Order *Pursuant to Fed. R. Civ. Proc. 26(c) (Defendant Old Republic Insurance Company's Response in Opposition to Bank of America's Motion for Protective Order)* by Old Republic Insurance Company. Replies due by 2/11/2013 (Taylor, Ursula) (Entered: 01/31/2013) |
| 01/31/2013 | 161 | Unredacted Document *(Sealed – Attorney)* re 160 Response in Opposition to Motion, (available to Bank of America, NA, Old Republic Insurance Company) (Taylor, Ursula) (Entered: 01/31/2013) |
| 01/31/2013 | 162 | Appendix by Old Republic Insurance Company. Appendix re: 161 Unredacted Document, 160 Response in Opposition to Motion, *(Defendant Old Republic Insurance Company's Index of Exhibits in Support of Its Response in Opposition to Bank of America's Motion for Protective Order)* (Attachments: #1 Exhibit 1–Notice of Sealed Exhibit, #2 Exhibit 2–Notice of Sealed Exhibit, #3 Exhibit 3–Notice of Sealed Exhibit, #4 Exhibit 4–BANA Dep Notices, #5 Exhibit 5–Unpublished Authorities, #6 Exhibit 6–Notice of Sealed Exhibit, #7 Exhibit 7–Notice of Sealed Exhibit, #8 Exhibit 8–Notice of Sealed Exhibit, #9 Exhibit 9–Notice of Sealed Exhibit, #10 Exhibit 10–CW Opp to OR Mtn to Compel Prod)(Taylor, Ursula) (Entered: 01/31/2013) |
| 01/31/2013 | 163 | Sealed Document *(Sealed – Attorney)*: Notice of Sealed Exhibits re: 161 Unredacted Document, 162 Appendix,,, 160 Response in Opposition to Motion, (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 Exhibit 1 A White Dep Excerpts, #2 Exhibit 2 BANA BW Loan Orig &UW Summ, #3 Exhibit 3 Costello Declaration Jan 31 2013, #4 Exhibit 6 Ltr to S Pena Feb 2 2010, #5 Exhibit 7 Ltr to L Licata May 28 2009, #6 Exhibit 8 Summary of BANAs Responses to ORs Claim Denials, #7 Exhibit 9 Ltr to L Licata Oct 2 2009)(Taylor, Ursula) (Entered: 01/31/2013) |
| 01/31/2013 | 164 | RESPONSE in Opposition re 130 MOTION to Compel *Deposition and Motion for Sanctions (Second Renewed)*, 131 SEALED MOTION *(Sealed – Attorney)* by Bank of America, NA. Replies due by 2/11/2013 (Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 165 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 130 Motion to Compel, 131 Sealed Motion, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 2/11/2013 (Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 166 | RESPONSE in Opposition re 143 MOTION to Compel *Production of Documents and Motion for Sanctions* by Bank of America, NA. Replies due by 2/11/2013 (Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 167 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 143 Motion to Compel, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 2/11/2013 (Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 168 | DECLARATION re 164 Response in Opposition to Motion, 167 Sealed Response to Motion, 165 Sealed Response to Motion, 166 Response in Opposition to Motion *Declaration of Amber Finch* filed by Bank of America, NA (Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 169 | Sealed Document *(Sealed – Attorney)*: Declaration of Amber Finch re: 164 Response in Opposition to Motion, 167 Sealed Response to Motion, 165 Sealed Response to Motion, 166 Response in Opposition to Motion (available to Bank of America, NA, Old Republic Insurance Company) (Finch, Amber) (Entered: 01/31/2013) |

**App. 14**

| | | |
|---|---|---|
| 01/31/2013 | 170 | Appendix by Bank of America, NA. Appendix re: 164 Response in Opposition to Motion, 167 Sealed Response to Motion, 165 Sealed Response to Motion, 166 Response in Opposition to Motion *Index of Exhibits Attached to Finch Declaration* (Attachments: # 1 Exhibit A–R)(Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 171 | Sealed Document (*Sealed – Attorney*): Index of Exhibits Attached to Finch Declaration re: 164 Response in Opposition to Motion, 167 Sealed Response to Motion, 165 Sealed Response to Motion, 166 Response in Opposition to Motion (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit A – R)(Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 172 | Appendix by Bank of America, NA. Appendix re: 164 Response in Opposition to Motion, 167 Sealed Response to Motion, 165 Sealed Response to Motion, 166 Response in Opposition to Motion *Compendium of Unpublished Authorities* (Attachments: # 1 Exhibit 1–6)(Finch, Amber) (Entered: 01/31/2013) |
| 01/31/2013 | 173 | Miscellaneous Filing by Bank of America, NA. re: 164 Response in Opposition to Motion, 167 Sealed Response to Motion, 165 Sealed Response to Motion, 166 Response in Opposition to Motion *Second Request for Judicial Notice* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Finch, Amber) (Entered: 01/31/2013) |
| 02/06/2013 | 174 | NOTICE by Old Republic Insurance Company *of Request for Leave from Scheduling* (Marcus, Robert) (Entered: 02/06/2013) |
| 02/11/2013 | 175 | Unopposed MOTION to Seal *(Defendant's Unopposed Motion for Leave to File Its Omnibus Reply in Support of Its Motions to Compel and Motions for Sanctions Under Seal)* by Old Republic Insurance Company.Responses due by 2/28/2013 (Bisenius, Jennifer). Motions referred to David Keesler. (Entered: 02/11/2013) |
| 02/11/2013 | 176 | Appendix by Old Republic Insurance Company. Appendix re: 175 Motion to Seal, *(Index of Exhibits in Support of Defendant's Unopposed Motion for Leave to File Its Omnibus Reply in Support of Its Motions to Compel and Motions for Sanctions Under Seal)* (Attachments: # 1 Exhibit A–Draft Order, # 2 Exhibit B–Non–Confidential Descriptions of Confidential Materials)(Bisenius, Jennifer) (Entered: 02/11/2013) |
| 02/11/2013 | 177 | REPLY to Response to Motion re 130 MOTION to Compel *Deposition and Motion for Sanctions (Second Renewed)*, 131 SEALED MOTION *(Sealed – Attorney)*, 143 MOTION to Compel *Production of Documents and Motion for Sanctions (Defendant Old Republic Insurance Company's Omnibus Reply in Support of Its Motions to Compel and Motions for Sanctions)* by Old Republic Insurance Company. (Taylor, Ursula) (Entered: 02/11/2013) |
| 02/11/2013 | 178 | Unredacted Document *(Sealed – Attorney)* re 130 Motion to Compel, 144 Unredacted Document, 131 Sealed Motion, 143 Motion to Compel, 177 Reply to Response to Motion, (available to Bank of America, NA, Old Republic Insurance Company) (Taylor, Ursula) (Entered: 02/11/2013) |
| 02/11/2013 | 179 | Appendix by Old Republic Insurance Company. Appendix re: 178 Unredacted Document, 177 Reply to Response to Motion, *(Defendant Old Republic Insurance Compnay's Index of Exhibits in Support of Its Omnibus Reply in Support of Its Motions to Compel and Motions for Sanctions)* (Attachments: # 1 Exhibit 1–Unpublished Authorities, # 2 Exhibit 2–Old Republics First Set of Document Requests to Bank of America)(Taylor, Ursula) (Entered: 02/11/2013) |
| 02/11/2013 | 180 | MOTION to Seal *Unopposed Motion for Leave to File Portions of Reply Brief in Support of Motion for Protective Order and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 2/28/2013 (Attachments: # 1 Exhibit A – Proposed Order Granting Motion for Leave to File Under Seal, # 2 Exhibit B – Non–Confidential Descriptions of Confidential Materials, # 3 Appendix Index of Exhibits in Support of Motion for Leave to File Under Seal)(Finch, Amber). Motions referred to David Keesler. (Entered: 02/11/2013) |
| 02/11/2013 | 181 | REPLY to Response to Motion re 147 MOTION for Protective Order *Pursuant to Fed. R. Civ. Proc. 26(c) Redacted Reply Brief in Support of Motion for Protective Order* by Bank of America, NA. (Attachments: # 1 Affidavit Declaration of Amber Finch, # 2 Affidavit Declaration of Cristina M. Shea, # 3 Affidavit Redacted Declaration of Evy M. Wild)(Finch, Amber) (Entered: 02/11/2013) |

| | | |
|---|---|---|
| 02/11/2013 | 182 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 147 Motion for Protective Order,,, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Affidavit Sealed Declaration of Evy M. Wild)(Finch, Amber) (Entered: 02/11/2013) |
| 02/13/2013 | 183 | **ORDER granting 175 Motion to Seal. Signed by Magistrate Judge David Keesler on 2/12/2013. (eef)** (Entered: 02/13/2013) |
| 02/13/2013 | 184 | **ORDER granting 180 Motion to Seal. Signed by Magistrate Judge David Keesler on 2/12/2013. (eef)** (Entered: 02/13/2013) |
| 02/14/2013 | 185 | MOTION for Leave to Appear Pro Hac Vice as to Evy Marie Wild Filing fee $ 276, receipt number 0419–1919419. by Bank of America, NA. (McKee, Meredith). Motions referred to David Keesler. (Entered: 02/14/2013) |
| 02/15/2013 | 186 | **ORDER granting 185 Motion for Leave to Appear Pro Hac Vice added Evy Marie Wild for Bank of America, NA. Signed by Magistrate Judge David Keesler on 2/15/2013. (eef)** (Entered: 02/15/2013) |
| 02/15/2013 | | Notice to Evy Marie Wild: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 2/25/2013. (eef) (Entered: 02/15/2013) |
| 03/04/2013 | | **TEXT–ONLY ORDER denying 95 Objection to Magistrate Judge's Decision (Rule 72(a)) re 91 Order on Motion to Compel. Entered by Senior Judge Graham Mullen on March 4, 2013. (Coble, Debbie)** (Entered: 03/04/2013) |
| 03/07/2013 | 187 | Joint MOTION for Extension of Time to File Response/Reply *(Joint Motion for Extension of Summary Judgment Briefing Schedule)* by Old Republic Insurance Company.Responses due by 3/25/2013 (Attachments: # 1 Exhibit A–Proposed Order)(Taylor, Ursula). Motions referred to David Keesler. (Entered: 03/07/2013) |
| 03/08/2013 | 188 | MOTION for Leave to Appear Pro Hac Vice as to Douglas C. Rawles Filing fee $ 276, receipt number 0419–1942531. by Bank of America, NA. (McKee, Meredith). Motions referred to David Keesler. (Entered: 03/08/2013) |
| 03/08/2013 | 189 | **ORDER granting 187 Motion for Extension of Time Of Summary Judgment Briefing Schedule. The parties shall have 21 days to file a Response to any dispositive motion filed on or before 3/15/2013 and 14 days to file a Reply to any such Response. Signed by Magistrate Judge David Keesler on 3/8/2013. (eef)** (Entered: 03/08/2013) |
| 03/11/2013 | 190 | MOTION to Seal *Bank of America, N.A.'s Motion for Leave to File Portions of Brief in Support of Its Motion for Partial Summary Judgment (Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 3/28/2013 (Attachments: # 1 Exhibit A – Proposed Order, # 2 Exhibit B – Non–Confidential Descriptions of Confidential Materials, # 3 Affidavit Index of Exhibits ISO Unopposed Motion to Seal)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/11/2013) |
| 03/11/2013 | 191 | **ORDER granting 188 Motion for Leave to Appear Pro Hac Vice added Douglas C Rawles for Bank of America, NA. Signed by Magistrate Judge David Keesler on 3/11/13. (ssh)** (Entered: 03/11/2013) |
| 03/11/2013 | | Notice to Douglas C. Rawles: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov. Deadline by 3/21/2013. (ssh) (Entered: 03/11/2013) |
| 03/11/2013 | 192 | MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, NA.Responses due by 3/28/2013 (Attachments: # 1 Memorandum ISO Motion for Partial Summary Judgment, # 2 Affidavit Armida White Declaration, # 3 Affidavit John Cousins Declaration, # 4 Affidavit Diane Tinsman Declaration [Redacted], # 5 Affidavit Amber Finch Declaration, # 6 Affidavit Philipp Gerlach Declaration, # 7 Appendix Index of Exhibits ISO Motion for Partial Summary Judgment, # 8 Exhibit 5, 6, 7 |

| | | |
|---|---|---|
| | | and 24, #_9 Appendix Compendium of Non−Federal and Unpublished Authorites ISO Motion for Partial Summary Judgment, #_10 Exhibit 1−8 to Compendium, # _11 Exhibit 9−16 to Compendium, #_12 Exhibit 17−24 to Compendium, #_13 Proposed Order Granting Motion for Partial Summary Judment)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/11/2013) |
| 03/11/2013 | 193 | Sealed Document (*Sealed − Attorney*): re:_192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1 Affidavit Declaration of Diane Tinsman, #_2 Affidavit Declaration of Armida White, #_3 Appendix Index of Exhibits, #_4 Exhibit 1−11 to Index of Exhibits, #_5 Exhibit 12−19 to Index of Exhibits, #_6 Exhibit 20−34 to Index of Exhibits)(Finch, Amber) (Entered: 03/11/2013) |
| 03/11/2013 | 194 | Miscellaneous Filing by Bank of America, NA. re:_192 Motion for Partial Summary Judgment,,, *Request for Judicial Notice* (Attachments: #_1 Exhibit A−B, #_2 Exhibit C−F)(Finch, Amber) (Entered: 03/11/2013) |
| 03/13/2013 | 195 | **ORDER granting 190 Motion to Seal. Signed by Magistrate Judge David Keesler on 3/12/2013. (eef)** (Entered: 03/13/2013) |
| 03/14/2013 | 196 | MOTION to Seal Document *Bank of America, N.A.'s Unopposed Motion for Leave to File Unredacted Brief in Support of Its Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #_1 Exhibit A − Proposed Order Granting Unopposed Motion to Seal, #_2 Exhibit B − Non−Confidential Descriptions of Confidential Materials, #_3 Appendix Index of Exhibits)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/14/2013) |
| 03/14/2013 | 197 | MOTION to Seal *Motion for Leave to File Unredacted Brief ISO Motion for Partial Summary Judgment Re The Governing Terms of Old Republic's Insurance Poilcy Pursuant to Rule 56 of the FRCP and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #_1 Exhibit A − Proposed Order Granting Motion for Leave to File Unredacted Brief, # _2 Exhibit B − Non−Confidential Description, #_3 Appendix Index of Exhibits In Support of Unopposed Motion)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/14/2013) |
| 03/14/2013 | 198 | MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #_1 Memorandum ISO Motion for Partial Summary Judgment [Redacted], #_2 Affidavit Declaration of Amber Finch ISO Motion for Partial Summary Judgment, #_3 Appendix Index of Exhibits [Redacted], #_4 Appendix Compendium of Non−Federal Authorities, #_5 Proposed Order ISO Motion for Partial Summary Judgment)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/14/2013) |
| 03/14/2013 | 199 | Sealed Document (*Sealed − Attorney*): Motion for Partial Summary Judgment re: _198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy* by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1 Appendix Index of Exhibits, #_2 Exhibit 1 to Index of Exhibits, #_3 Exhibit 2 to 12 to Index of Exhibits)(Finch, Amber) (Entered: 03/14/2013) |
| 03/14/2013 | 200 | MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #_1 Memorandum REDACTED Brief ISO Motion for Partial Summary Judgment, #_2 Affidavit Finch Declaration, #_3 Appendix Index to Exhibits, #_4 Appendix Compendium of Non−Federal Authorities, #_5 Exhibit 1 − 11 to Compendium, #_6 |

**App. 17**

| | | Proposed Order Granting Motion for Partial Summary Judgment)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/14/2013) |
|---|---|---|
| 03/14/2013 | 201 | Sealed Document (*Sealed – Attorney*): Bank of America, N.A.'s Brief ISO Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure re: 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 Appendix SEALED Index to Exhibits, #2 Exhibit A – G Index to Exhibits (SEALED))(Finch, Amber) (Entered: 03/14/2013) |
| 03/15/2013 | 202 | **ORDER granting 196 Motion to Seal Document. Signed by Magistrate Judge David Keesler on 3/15/2013. (eef)** (Entered: 03/15/2013) |
| 03/15/2013 | 203 | **ORDER granting 197 Motion to Seal. Signed by Magistrate Judge David Keesler on 3/15/2013. (eef)** (Entered: 03/15/2013) |
| 03/15/2013 | 204 | MOTION to Seal *Motion For Leave to File Unredacted Brief ISO Motion For Partial Summary Judgment (Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #1 Exhibit A – Proposed Order Granting Motion for Leave to File Unredacted Brief, #2 Exhibit B – Non–Confidential Description, #3 Appendix – Index of Exhibits ISO of Unopposed Motion)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/15/2013) |
| 03/15/2013 | 205 | MOTION to Seal Document *Motion for Leave to File Unredacted Brief in Support of Motion for Partial Summary Judgment (Elapse of Claim Filing Date and "Missing" Documents) Per FRCP 56* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #1 Exhibit A – Proposed Order Granting Motion to Seal, #2 Exhibit B – Non–Confidential Descriptions of Confidential Materials, #3 Appendix Index of Exhibits ISO Motion to Seal)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/15/2013) |
| 03/15/2013 | 206 | MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #1 Proposed Order Granting MSJ)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/15/2013) |
| 03/15/2013 | 207 | MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 4/1/2013 (Attachments: #1 Memorandum, #2 Affidavit, #3 Affidavit, #4 Affidavit, #5 Appendix, #6 Exhibit, #7 Appendix, #8 Proposed Order)(Finch, Amber). Motions referred to David Keesler. (Entered: 03/15/2013) |
| 03/15/2013 | 208 | Sealed Document (*Sealed – Attorney*): Redacted Brief ISO MSJ re: 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal* by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 Affidavit Dec of A. White, #2 Appendix Index of Exhibits, #3 Exhibit Exhibits A to I to Index)(Finch, Amber) (Entered: 03/15/2013) |
| 03/16/2013 | 209 | MEMORANDUM in Support re 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents) Brief in Support of Motion for Partial Summary Judgment (Elapse of Claim Filing Date and "Missing" Documents) Pursuant to FRCP 56* by Bank of America, NA. (Attachments: #1 Appendix Index to Exhibits ISO Motion for Partial Summary Judgment, #2 Affidavit Declaration of Finch, #3 Appendix Compendium of Non–Federal Authorities, #4 Exhibit 1 – 3 to Compendium, #5 Exhibit 4 – 9 to Compendium)(Finch, Amber) (Entered: 03/16/2013) |
| 03/16/2013 | 210 | Sealed Document (*Sealed – Attorney*): SEALED Brief in Support of Motion for Partial Summary Judgment (Elapse of Claim Filing Date and "Missing" Documents) Pursuant to FRCP 56 re: 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)* by Bank of America, |

**App. 18**

|  |  | N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1 Appendix SEALED Index to Exhibits, #_2 Exhibit SEALED Exhibits 1–24 to Index to Exhibits)(Finch, Amber) (Entered: 03/16/2013) |
|---|---|---|
| 03/18/2013 | 211 | **ORDER granting 204 Motion to Seal. Signed by Magistrate Judge David Keesler on 3/18/2013. (eef)** (Entered: 03/18/2013) |
| 03/18/2013 | 212 | **ORDER granting 205 Motion to Seal Document. Signed by Magistrate Judge David Keesler on 3/18/2013. (eef)** (Entered: 03/18/2013) |
| 03/22/2013 | 213 | Consent MOTION for Extension of Time to File Response/Reply re: 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure,* 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy,* 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal,* 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents),* 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure and for leave to combine two of its responses* by Old Republic Insurance Company.Responses due by 4/8/2013 (Attachments: #_1 Proposed Order)(Marcus, Robert). Motions referred to David Keesler. (Entered: 03/22/2013) |
| 03/25/2013 | 214 | **ORDER granting 213 Motion for Extension of Time to File Response/Reply re 198 MOTION for Partial Summary Judgment, 207 MOTION for Partial Summary Judgment, 200 MOTION for Partial Summary Judgment, 206 MOTION for Partial Summary Judgment, 192 MOTION for Partial Summary Judgment. Defendant shall be permitted to file a single, combined response not to exceed forty (40) pages. Responses due by 4/12/2013. Signed by Magistrate Judge David Keesler on 3/25/2013. (eef)** (Entered: 03/25/2013) |
| 03/29/2013 | 215 | Consent MOTION for Extension of Time to File Response/Reply re: 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure,* 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy,* 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal,* 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure,* 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)* by Bank of America, NA.Responses due by 4/15/2013 (McKee, Meredith). Motions referred to David Keesler. (Entered: 03/29/2013) |
| 03/29/2013 | 216 | **ORDER granting 215 Motion for Extension of Time to File Response/Reply. Signed by Magistrate Judge David Keesler on 3/29/2013. (eef)** (Entered: 03/29/2013) |
| 04/10/2013 |  | Case reassigned to Magistrate Judge David S. Cayer for case referral, Magistrate Judge David Keesler no longer referred case – conflict. Motions referred to David S. Cayer: 140 MOTION for Leave to File *Certain Exhibits to Motion for Protective Order In Camera and Under Seal,* 131 SEALED MOTION *(Sealed – Attorney),* 143 MOTION to Compel *Production of Documents and Motion for Sanctions,* 147 MOTION for Protective Order *Pursuant to Fed. R. Civ. Proc. 26(c) This is your only notice – you will not receive a separate document.*(bsw) (Entered: 04/10/2013) |
| 04/12/2013 | 217 | Unopposed MOTION to Seal *(Defendant's Unopposed Motion for Leave to File Its Responses in Opposition to Bank of America's Motions for Partial Summary Judgment Under Seal)* by Old Republic Insurance Company.Responses due by 4/29/2013 (Attachments: #_1 Index of Exhibits, #_2 Exhibit A – Draft Order, #_3 Exhibit B – Non–Confidential Descriptions of the Confidential |

| | | |
|---|---|---|
| | | Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 04/12/2013) |
| 04/12/2013 | 218 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 200 Motion for Partial Summary Judgment,, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 4/22/2013 (Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 219 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 198 Motion for Partial Summary Judgment,, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 4/22/2013 (Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 220 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 206 Motion for Partial Summary Judgment, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 4/22/2013 (Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 221 | SEALED RESPONSE *(Sealed – Attorney)* to Motion re: 192 Motion for Partial Summary Judgment,,, 207 Motion for Partial Summary Judgment, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 4/22/2013 (Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 222 | DECLARATION re 220 Sealed Response to Motion, 218 Sealed Response to Motion, 221 Sealed Response to Motion, 219 Sealed Response to Motion *(Declaration of Ursula Taylor in Support of Old Republic's Responses in Opposition to Bank of America, N.A.'s Motions for Partial Summary Judgment)* filed by Old Republic Insurance Company (Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 223 | Miscellaneous Filing by Old Republic Insurance Company. re: 221 Sealed Response to Motion, 219 Sealed Response to Motion *(Old Republic Insurance Company's Request for Judicial Notice in Support of Its Responses in Opposition to Bank of America, N.A.'s Motions for Partial Summary Judgment)* (Attachments: # 1 Index of Exhibits to Judicial Notice, # 2 Exhibit A – Wisconsin Cases 3–7–2013 Motion Hearing Transcript, # 3 Exhibit B – Illinois Case U 96 Bid Letter, # 4 Exhibit C – Illinois Case U 96 Policy, # 5 Exhibit D – Illinois Case 10–9–09 Countrywide's Motion for Judgment on the Pleadings, # 6 Exhibit E – Illinois Case 3–29–2010 Memorandum and Order, # 7 Exhibit F – Illinois Case 10–22–12 Second Amended Counterclaim)(Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 224 | Appendix by Old Republic Insurance Company. Appendix re: 220 Sealed Response to Motion, 218 Sealed Response to Motion, 221 Sealed Response to Motion, 222 Declaration, 223 Miscellaneous Filing,,, 219 Sealed Response to Motion *(Defendant Old Republic Insurance Company's Compendium of Exhibits in Support of Its Responses to Bank of America, N.A.'s Motions for Partial Summary Judgment)* (Attachments: # 1 Exhibit 1–60 Notices of Sealed Exhibits, # 2 Exhibit 61 – Unpublished Authorities, # 3 Exhibit 62 – 11–18–2011 BOA's Amended Responses to Interrogatories)(Aurichio, Louis) (Entered: 04/12/2013) |
| 04/12/2013 | 225 | Sealed Document *(Sealed – Attorney)*: Notice of Sealed Exhibits re: 218 Sealed Response to Motion, 222 Declaration, 224 Appendix,, 220 Sealed Response to Motion, 221 Sealed Response to Motion, 223 Miscellaneous Filing,,, 219 Sealed Response to Motion (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit 1 – Adams Deposition Transcript Excerpts Redacted, # 2 Exhibit 2 – Brauer Deposition Transcript, # 3 Exhibit 3 – Costello–Siniawski Deposition Transcript Redacted, # 4 Exhibit 4 – Fee Deposition Transcript, # 5 Exhibit 5 – Gerlach Deposition Transcript, # 6 Exhibit 6 – Huntley Deposition Transcript Excerpts Redacted, # 7 Exhibit 7 – Kaufman Deposition Transcript, # 8 Exhibit 8 – Loeffelbein Deposition Transcript, # 9 Exhibit 9 – Milazzo Deposition Transcript Redacted, # 10 Exhibit 10 – Missing Document Analysis, # 11 Exhibit 11 – Ramirez Deposition Transcript, # 12 Exhibit 12 – Rhodes Deposition Transcript Excerpts, # 13 Exhibit 13 – Sumner Deposition Transcript Redacted, # 14 Exhibit 14 – Sumner Expert Deposition Transcript Redacted, # 15 Exhibit 15 – 11–11–2009 Email from Jurek, # 16 Exhibit 16 – Taylor Deposition Transcript, # 17 Exhibit 17 – Tinsman Deposition Transcript, # 18 Exhibit 18 – White Deposition Transcript, # 19 Exhibit 19 – White Expert Deposition Transcript, # 20 Exhibit 20 – EL Taylor Declaration, # 21 Exhibit 21 –Bellwether Sanctioned Guidelines, # 22 Exhibit 22 – 2007 Term Sheet, # 23 Exhibit 23 – 12–14–06 Email from Taylor w term sheet, # 24 Exhibit 24 – 4–2–02 Email from Gerlach, # 25 Exhibit 25 – 4–3–02 Email from Taylor, # |

**App. 20**

26 Exhibit 26 – 6–15–05 Email from Tinsman, #27 Exhibit 27 – 1–30–06 Email from Taylor, #28 Exhibit 28 – 6–13–05 Email from Taylor, #29 Exhibit 29 – 2008 BOA Quartlery Report, #30 Exhibit 30 – 2–1–06 Email from Pirritano, #31 Exhibit 31 – Licata Deposition Transcript, #32 Exhibit 32 – Campion DepositionTranscript, #33 Exhibit 33 – Campion Expert Report, #34 Exhibit 34 – Gene Campion Declaration, #35 Exhibit 35 – Gina Costello Declaration, #36 Exhibit 36 – NIA Reports, #37 Exhibit 37 – 1–1–2010 Letter to Loeffelbein, #38 Exhibit 38 – Loan File Binders Index redacted part 1 of 2, #39 Exhibit 38 – Loan Files Binder Indices redacted part 2 of 2, #40 Exhibit 39 – Feb 2007 Appraisals Guidelines, #41 Exhibit 40 – Sept 2006 Property &Appraisals, #42 Exhibit 41 – Phillip Szczepkowski Declaration, #43 Exhibit 42 – Loan Origination Spreadshet redacted part 1 of 2, #44 Exhibit 42 – Loan Origination Spreadshet redacted part 2 of 2, #45 Exhibit 43 – 2002 Proof of Loss form, #46 Exhibit 44 – 7–8–03 Email from Moulton, #47 Exhibit 45 – Carl Brauer Declaration, #48 Exhibit 46 – Jennifer Huntley Declaration, #49 Exhibit 47 – 1–7–2–13 Huntley Expert Report Redacted, #50 Exhibit 48 – 1–30–2013 Supplemental Huntley Expert Report Redacted, #51 Exhibit 49 – 2–11–2013 Huntley Rebuttal Expert Report Redacted, #52 Exhibit 50 – Villegas Second Lien Loan Application, #53 Exhibit 51 – Declaration of Mike Hassan, #54 Exhibit 52 – Wisconsin Cases 9–2001 Sanctioned Guidelines, #55 Exhibit 53 – Wisconsin Cases 2–2003 Sanctioned Guidelines, #56 Exhibit 54 – Wisconsin Cases 3–2003 Sanctioned Guidelines, #57 Exhibit 55 – Wisconsin Cases 8–2003 Sanctioned Guidelines, #58 Exhibit 56 – Wisconsin Cases 10–2003 Sanctioned Guidelines, #59 Exhibit 57 – Wisconsin Cases 10–2004 Sanctioned Guidelines, #60 Exhibit 58 – Phillip Szczepkowski Deposition Transcript Excerpts, #61 Exhibit 59 – Wisconsin Cases 5–2005 Sanctioned Guidelines part 1 of 2, #62 Exhibit 59 – Wisconsin Cases 5–2005 Sanctioned Guidelines part 2 of 2, #63 Exhibit 60 – Wisconsin Cases Excerpt from Sanctioned Guidelines)(Aurichio, Louis) (Entered: 04/12/2013)

| 04/15/2013 | 226 | **ORDER granting 217 Motion to Seal. Signed by Magistrate Judge David S. Cayer on 4/13/2013. (eef)** (Entered: 04/15/2013) |
| 04/16/2013 | 227 | **ORDER** *(Sealed – Attorney)* **denying 131 Sealed Motion (available to: Bank of America, NA, Old Republic Insurance Company); denying as moot 140 Motion for Leave to File; denying 143 Motion to Compel; granting 147 Motion for Protective Order. Signed by Magistrate Judge David S. Cayer on 4/16/13. (bsw)** (Entered: 04/16/2013) |
| 04/30/2013 | 228 | Unopposed MOTION to Seal *(Defendant's Unopposed Motion for Leave to File Its Objection to Magistrate's Ruling on Motions to Compel and Motion for Protective Order Under Seal)* by Old Republic Insurance Company.Responses due by 5/17/2013 (Attachments: #1 Index of Exhibits, #2 Exhibit A – Draft Order, #3 Exhibit B – Non–Confidential Descriptions)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 04/30/2013) |
| 04/30/2013 | 229 | Objection to Magistrate Judge's Decision (Rule 72(a)) re 227 Order on Sealed Motion,, Order on Motion for Leave to File,, Order on Motion to Compel,, Order on Motion for Protective Order, *(Defendant Old Republic Insurance Company's Objection to Magistrate's Ruling on Motions to Compel and Motion for Protective Order)*.Responses due by 5/17/2013 (Aurichio, Louis) (Entered: 04/30/2013) |
| 04/30/2013 | 230 | Unredacted Document *(Sealed – Attorney)* re 229 Objection to Magistrate Judge's Decision – Rule 72a, 227 Order on Sealed Motion,, Order on Motion for Leave to File,, Order on Motion to Compel,, Order on Motion for Protective Order, by Old Republic Insurance Company; (available to Bank of America, NA, Old Republic Insurance Company) (Aurichio, Louis) (Entered: 04/30/2013) |
| 05/01/2013 | 231 | MOTION to Seal Document *Unopposed Motion for Leave to File Unredacted Reply Briefs in Support of Motions for Partial Summary Judgment and Certain Supporting Papers Under Seal* by Bank of America, NA.Responses due by 5/20/2013 (Attachments: #1 Exhibit A – Proposed Order, #2 Exhibit B– Non–Confidential Descriptions of Supporting Papers to be Filed Under Seal, #3 Appendix Index of Exhibits)(Finch, Amber). Motions referred to David S. Cayer. (Entered: 05/01/2013) |

| 05/01/2013 | 232 | **ORDER granting 228 Motion to Seal. Signed by Magistrate Judge David S. Cayer on 5/1/2013. (eef)** (Entered: 05/01/2013) |
|---|---|---|
| 05/01/2013 | 233 | REPLY to Response to Motion re 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure REDACTED Reply Brief in Support of Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to FRCP 56* by Bank of America, NA. (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 234 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 200 Motion for Partial Summary Judgment,, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 235 | AFFIDAVIT re 233 Reply to Response to Motion, *Declaration of David M. Halbreich in Support of Bank of America, N.A.'s Reply Brief in Support of Motion for Partial Summary Judgment on Old Republic's Third Further Affirmative Defense Pursuant to Rule 56 FRCP* by Bank of America, NA (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 236 | **ORDER granting 231 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 5/1/2013. (eef)** (Entered: 05/01/2013) |
| 05/01/2013 | 237 | REPLY to Response to Motion re 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy REDACTED Reply Brief in Support of Motion for Partial Summary Judgment Re The Governing Terms of Old Republic's Insurance Policy* by Bank of America, NA. (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 238 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 198 Motion for Partial Summary Judgment,, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 239 | REPLY to Response to Motion re 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal REDACTED Reply Brief in Support of Its Motion for Partial Summary Judgment (Appraisals) Pursuant to Rule 56 of the FRCP* by Bank of America, NA. (Rawles, Douglas) (Entered: 05/01/2013) |
| 05/01/2013 | 240 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 207 Motion for Partial Summary Judgment, by Bank of America, NA; (available to Bank of America, NA) (Rawles, Douglas) (Entered: 05/01/2013) |
| 05/01/2013 | 241 | REPLY to Response to Motion re 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents) REDACTED Reply Brief in Support of Motion for Partial Summary Judgment (Elapse of Claim Filing Deadline and "Missing" Documents) Pursuant to Rule 56 FRCP* by Bank of America, NA. (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 242 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 206 Motion for Partial Summary Judgment, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 243 | Miscellaneous Filing by Bank of America, NA. re: 192 Motion for Partial Summary Judgment,, 198 Motion for Partial Summary Judgment,, 207 Motion for Partial Summary Judgment, *Second Request for Judicial Notice in Support of Motions for Partial Summary Judgment Re: (1) The Governing Terms of Old Republic's Insurance Policy; (2) Prohibition on Use of New Information Not Known to the Bank's Underwriters to Deny Coverage; and (3) Appraisals Pursuant to Rule 56 FRCP* (Attachments: # 1 Exhibit A to Second Request for Judicial Notice, # 2 Exhibit B to Second Request for Judicial Notice, # 3 Exhibit C to Second Request for Judicial Notice)(Finch, Amber) (Entered: 05/01/2013) |

| | | |
|---|---|---|
| 05/01/2013 | 244 | AFFIDAVIT re 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy*, 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal*, 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents) Declaration of Amber Finch in Support of Bank of America, N.A.'s Reply Briefs in Support of Motions for Partial Summary Judgment* by Bank of America, NA (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 245 | Appendix by Bank of America, NA. Appendix re: 198 Motion for Partial Summary Judgment,, 207 Motion for Partial Summary Judgment, 206 Motion for Partial Summary Judgment, 192 Motion for Partial Summary Judgment,,, 200 Motion for Partial Summary Judgment,, *Compendium of Non−Federal and Unpublished Authorities in Support of Bank of America, N.A.'s Reply Briefs in Support of Its Motions for Partial Summary Judgment* (Attachments: # 1 Exhibit Exhibits to Compendium – Part 1, # 2 Exhibit Exhibits to Compendium – Part 2, # 3 Exhibit Exhibits to Compendium – Part 3, # 4 Exhibit Exhibits to Compedium – Part 4)(Rawles, Douglas) (Entered: 05/01/2013) |
| 05/01/2013 | 246 | Appendix by Bank of America, NA. Appendix re: 192 Motion for Partial Summary Judgment,,, 198 Motion for Partial Summary Judgment,, 207 Motion for Partial Summary Judgment, 200 Motion for Partial Summary Judgment,, 206 Motion for Partial Summary Judgment, *Index of Exhibits in Support of Bank of America, N.A.'s Reply Briefs in Support of Motions for Partial Summary Judgment* (Attachments: # 1 Exhibit A to Finch Declaration, # 2 Exhibit B – J to Finch Declaration (Filed Under Seal))(Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 247 | Sealed Document *(Sealed − Attorney)*: Index of Exhibits in Support of Bank of America, N.A.'s Reply Briefs re: 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy*, 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal*, 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)*, 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, NA; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit B to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 2 Exhibit C to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 3 Exhibit D to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 4 Exhibit E to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 5 Exhibit F to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 6 Exhibit G to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 7 Exhibit H to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 8 Exhibit I to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED, # 9 Exhibit J to Index of in Support of Bank of America, N.A.'s Reply Briefs SEALED)(Rawles, Douglas) (Entered: 05/01/2013) |
| 05/01/2013 | 248 | SEALED REPLY *(Sealed − Attorney)* to Response to Motion re: 192 Motion for Partial Summary Judgment,,, by Bank of America, N.A.; (available to Bank of America, NA) (Finch, Amber) (Entered: 05/01/2013) |
| 05/01/2013 | 249 | Miscellaneous Filing by Bank of America, NA. re: 223 Miscellaneous Filing,,, *Plaintiff's Objection to Defendant's Request for Judicial Notice in Support of Defendant's Responses in Opposition to Plaintiff's Motions for Partial Summary Judgment* (Rawles, Douglas) (Entered: 05/01/2013) |

| | | |
|---|---|---|
| 05/01/2013 | 250 | Miscellaneous Filing by Bank of America, NA. re: 192 Motion for Partial Summary Judgment,,, 198 Motion for Partial Summary Judgment,, 207 Motion for Partial Summary Judgment, 200 Motion for Partial Summary Judgment,, 206 Motion for Partial Summary Judgment, *Evidentiary Objections to Old Republic's Evidence in Support of Its Oppositions to Motions for Partial Summary Judgment* (Finch, Amber) (Entered: 05/01/2013) |
| 05/02/2013 | 251 | REPLY to Response to Motion re: 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, NA. (Rawles, Douglas) (Entered: 05/02/2013) |
| 05/10/2013 | 252 | Sealed Document (*Sealed – Attorney*): Defendant Old Republic Insurance Company's Notice of Filing Amended Exhibit 1 re: 225 Sealed Document,,,,,,,,,,,,,, by Old Republic Insurance Company; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit 1–Adams Deposition Transcript Excerpts Revised)(Aurichio, Louis) (Entered: 05/10/2013) |
| 05/13/2013 | 253 | RESPONSE re: 249 Miscellaneous Filing, *(Defendant Old Republic Insurance Companys Response to Plaintiffs Objection to Defendants Request for Judicial Notice)* by Old Republic Insurance Company. (Attachments: # 1 Exhibit A – ORIC's Second Amended Complaint part 1, # 2 Exhibit A – ORIC's Second Amended Complaint part 2)(Aurichio, Louis) (Entered: 05/13/2013) |
| 05/17/2013 | 254 | MOTION to Seal Document *Unopposed Motion for Leave to File Unredacted Response to Old Republic Insurance Company's Objections to Magistrate's Ruling on Motions to Compel and Motion for Protective Order Under Seal* by Bank of America, NA.Responses due by 6/3/2013 (Attachments: # 1 Exhibit A – Proposed Order Granting Unopposed Motion to Seal, # 2 Exhibit B – Non–Confidential Description of Confidential Material)(Finch, Amber). Motions referred to David S. Cayer. (Entered: 05/17/2013) |
| 05/17/2013 | 255 | Miscellaneous Filing by Bank of America, NA. re: 229 Objection to Magistrate Judge's Decision – Rule 72a, 230 Unredacted Document, *Redacted Response to Old Republic's Objections to Magistrate's Ruling on Motions to Compel and Motion for Protective Order* (Attachments: # 1 Appendix Compendium of Unpublished Authorities ISO Response to Old Republic's Objections to Magistrate's Ruling, # 2 Exhibit 1–5 to Compendium of Unpublished Authorities)(Finch, Amber) (Entered: 05/17/2013) |
| 05/17/2013 | 256 | Sealed Document (*Sealed – Attorney*): Bank of America, N.A.'s SEALED Response to Old Republic's Objections to Magistrate's Ruling on Motions to Compel and Motion for Protective Order re: 255 Miscellaneous Filing,, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Finch, Amber) (Entered: 05/17/2013) |
| 05/18/2013 | 257 | Appendix by Bank of America, NA. Appendix re: Case Assigned/Reassigned, 254 Motion to Seal Document, *Index of Exhibits in Support of Motion for Leave to File Unredacted Response to Old Republic's Objection to Magistrate's Ruling on Motions to Compel and Motion for Protective Order Under Seal* (Finch, Amber) (Entered: 05/18/2013) |
| 05/20/2013 | 258 | **ORDER granting 254 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 5/18/2013. (eef)** (Entered: 05/20/2013) |
| 05/20/2013 | 259 | NOTICE by Old Republic Insurance Company re: 255 Miscellaneous Filing,, *Notice of Intent Not to File Reply* (Marcus, Robert) (Entered: 05/20/2013) |
| 07/23/2013 | | NOTICE of Hearing on Motion re: 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy*, 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal*, 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)*, 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's* |

**App. 24**

| | | |
|---|---|---|
| | | *Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure* : Motion Hearing set for 8/1/2013 10:30 AM in Bankruptcy Courtroom, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice – you will not receive a separate document.*(stb) (Entered: 07/23/2013) |
| 07/24/2013 | 260 | **ORDER affirming Magistrate's Ruling on Motions to compel and for protective order re 255 Objection. Signed by Senior Judge Graham Mullen on 7/23/13. (bsw)** (Entered: 07/24/2013) |
| 07/29/2013 | | NOTICE of Hearing on Motion re: 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy*, 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal*, 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)*, 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure* : The Motion Hearing originally set for 8/1/2013 has been CANCELLED and has been RE–SET for 8/22/2013 at 10:00 AM in Courtroom (TBD), 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice – you will not receive a separate document.*(stb) (Entered: 07/29/2013) |
| 08/07/2013 | 261 | NOTICE of Change of Address by Robert Reed Marcus (Marcus, Robert) (Entered: 08/07/2013) |
| 08/19/2013 | 262 | **ORDER on the Courts own motion re Notice of Hearing on Motion. Signed by Senior Judge Graham Mullen on 8/19/2013. (eef)** (Entered: 08/19/2013) |
| 08/22/2013 | | Minute Entry: MOTION HEARING held before Senior Judge Graham Mullen. Re 192 MOTION for Partial Summary Judgment *(Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage) Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 198 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment Re the Governing Terms of Old Republic's Insurance Policy*, 207 MOTION for Partial Summary Judgment *(Appraisals) Pursuant to Rule 56 of the FRCP And Certain Supporting Papers Under Seal*, 200 MOTION for Partial Summary Judgment *Bank of America, N.A.'s Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense Pursuant to Rule 56 of the Federal Rules of Civil Procedure*, 206 MOTION for Partial Summary Judgment *(Elapse of Claim Filing Date and "Missing" Documents)*. Order to follow. Plaintiffs attorney: Michael Barnhill, David Halbreich, Douglas Rawles. Defendants attorney: Robert Hermes. Court reporter: Joy Kelly. (stb) (Entered: 08/22/2013) |
| 08/23/2013 | 263 | **ORDER granting 192 Motion for Partial Summary Judgment; granting 198 Motion for Partial Summary Judgment; granting 200 Motion for Partial Summary Judgment; granting 206 Motion for Partial Summary Judgment; granting 207 Motion for Partial Summary Judgment. Signed by Senior Judge Graham Mullen on 8/22/2013. (tmg)** (Entered: 08/23/2013) |
| 08/26/2013 | 264 | **ORDER ( Pretrial Conference set for 9/5/2013 02:30 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.). Signed by Senior Judge Graham Mullen on 8/26/13. (bsw)** (Entered: 08/26/2013) |
| 09/04/2013 | 265 | Miscellaneous Filing by Bank of America, NA. *"Bank of America, N.A.'s Pretrial Status Conference Memorandum Re Effect of Summary Judgment Rulings on Trial and Additional Evidentiary Proposals"* (Attachments: # 1 Exhibit A – Filed Under Seal)(Harden, Debbie) (Entered: 09/04/2013) |
| 09/04/2013 | 266 | Sealed Document *(Sealed – Attorney)*: Exhibit A – Bank of America's Outline Presented to Old Republic re: 265 Miscellaneous Filing, (available to Bank of |

**App. 25**

| | | America, NA, Old Republic Insurance Company) (Harden, Debbie) (Entered: 09/04/2013) |
|---|---|---|
| 09/04/2013 | 267 | MOTION to Seal Document 266 Sealed Document by Bank of America, NA.Responses due by 9/23/2013 (Attachments: # 1 Exhibit A – Proposed Order, # 2 Exhibit B – Non Confidential Description of the Confidential Materials)(Harden, Debbie). Motions referred to David S. Cayer. (Entered: 09/04/2013) |
| 09/04/2013 | 268 | **ORDER granting 267 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 9/4/2013. (eef)** (Entered: 09/04/2013) |
| 09/05/2013 | | Minute Entry: PRETRIAL CONFERENCE held before Senior Judge Graham Mullen. Plaintiffs attorney: Halbreich, Harden, Barnhill. Defendants attorney: Hermes, Marcus. Court reporter: Kelly. (ssh) (Entered: 09/06/2013) |
| 09/09/2013 | 269 | SEALED TRANSCRIPT of MOTION HEARING held on 8–22–13 before Judge GRAHAM C. MULLEN. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** (Reporter: Joy Kelly, 704–350–7495) Modified on 10/8/2013 to SEAL pursuant to Order Doc. No. 330 (tmg). (Entered: 09/09/2013) |
| 09/09/2013 | 270 | TRANSCRIPT of PRETRIAL HEARING held on 9–5–13 before Judge GRAHAM C. MULLEN. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 12/9/2013. (Reporter: Joy Kelly, 704–350–7495) (Entered: 09/09/2013) |
| 09/13/2013 | 271 | NOTICE of Intent to Request Redaction of 269 Transcript,, by G. Michael Barnhill (Barnhill, G.) (Entered: 09/13/2013) |
| 09/13/2013 | 272 | MOTION to Seal Document *(Defendant's Motion For Leave to File Confidential Materials Under Seal)* by Old Republic Insurance Company.Responses due by 9/30/2013 (Attachments: # 1 Exhibit A – Proposed Order, # 2 Exhibit B – Non–Confidential Descriptions of Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 09/13/2013) |
| 09/13/2013 | 273 | SEALED MOTION *(Sealed – Attorney)* Grant Leave to Amend Counterclaim (available to Bank of America, NA, Old Republic Insurance Company)Responses due by 9/30/2013 (Attachments: # 1 Exhibit A – Amended Counterclaim, # 2 Defendant's Brief in Support of Its Motion for Leave to File an Amended Counterclaim, # 3 Certificate of Service)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 09/13/2013) |
| 09/13/2013 | 274 | MOTION to Seal Document by Bank of America, NA.Responses due by 9/30/2013 (Attachments: # 1 Appendix Bank of America, N.A's Index of Exhibits in Support of Motion for Leave to File Briefs and Supporting Documents Re Motions for Administrative Relief, # 2 Proposed Order [Proposed] Order Granting Bank of America, N.A's Motion for Leave to File Briefs and Supporting Documents Re Motions for Administrative Relief Under Seal)(Halbreich, David). Motions referred to David S. Cayer. (Entered: 09/13/2013) |
| 09/13/2013 | 275 | Miscellaneous Filing by Bank of America, NA. *Bank of America, N.A.'s Overview of Its Motions for Administrative Relief* (Halbreich, David) (Entered: 09/13/2013) |
| 09/13/2013 | 276 | MOTION Administrative re 275 Miscellaneous Filing by Bank of America, NA.Responses due by 9/30/2013 (Attachments: # 1 Memorandum Bank of America, N.A.'s Brief in Support of Motion for Administrative Relief for An Order |

| | | |
|---|---|---|
| | | Declaring That Old Republic May Not Deny or Rescind Coverage on Grounds First Asserted Post–Litigation, #2 Proposed Order [Proposed] Granting Bank of America, N.A's Motion for Administrative Relief for An Order Declaring That Old Republic May Not Deny or Rescind Coverage On Grounds First Asserted Post–Litigation)(Halbreich, David) (Entered: 09/13/2013) |
| 09/13/2013 | 277 | MOTION Administrative re 274 MOTION to Seal Document , 275 Miscellaneous Filing by Bank of America, NA.Responses due by 9/30/2013 (Attachments: #1 Memorandum Bank of America, N.A.'s Brief in Support of Motion for Administrative Relief for a Declaration That Old Republic is Precluded from Using Extrinsic Evidence to Alter The Policy's Terms, #2 Proposed Order [Proposed] Order Granting Bank of America, N.A.'s Motion for Administrative Relief for a Declaration That Old Republic is Precluded from Using Extrinsic Evidence to Alter The Policy's Terms)(Halbreich, David) (Entered: 09/13/2013) |
| 09/13/2013 | 278 | SEALED MOTION *(Sealed – Attorney)* Administrative by Defendant; (available to Bank of America, NA)Responses due by 9/30/2013 (Halbreich, David). Motions referred to David S. Cayer. (Entered: 09/13/2013) |
| 09/13/2013 | 279 | Appendix by Bank of America, NA. Appendix re: 275 Miscellaneous Filing *Compendium of Non–Federal Authorities in Support of Bank of America, N.A.'s Motions for Administrative Relief* (Attachments: #1 Appendix Part 2 of 6, #2 Appendix Part 3 of 6, #3 Appendix Part 4 of 6, #4 Appendix Part 5 of 6, #5 Appendix Part 6 of 6)(Finch, Amber) (Entered: 09/13/2013) |
| 09/13/2013 | 280 | MOTION Administrative re 274 MOTION to Seal Document , 275 Miscellaneous Filing by Bank of America, NA.Responses due by 9/30/2013 (Attachments: #1 Memorandum Bank of America, N.A.'s Brief in Support of Motion for Administrative Relief Regarding Improper Offsets for Claim Payments [Redacted], #2 Proposed Order [Proposed] Order Granting Bank of America, N.A's Motion for Administrative Relief Regarding Improper Offsets for Claim Payments)(Halbreich, David) (Entered: 09/13/2013) |
| 09/13/2013 | 281 | Miscellaneous Filing by Bank of America, NA. re: 275 Miscellaneous Filing *Bank of America, N.A.'s Request for Judicial Notice in Support of Its Motions for Administrative Relief* (Finch, Amber) (Entered: 09/13/2013) |
| 09/13/2013 | 282 | SEALED MOTION *(Sealed – Attorney)* Administrative by Plaintiff; (available to Bank of America, NA)Responses due by 9/30/2013 (Halbreich, David). Motions referred to David S. Cayer. (Entered: 09/13/2013) |
| 09/13/2013 | 283 | DECLARATION of Amber Finch re 275 Miscellaneous Filing *Declaration of Amber Finch in Support of Bank of America, N.A'S Motions for Administrative Relief* filed by Bank of America, NA (Halbreich, David) (Entered: 09/13/2013) |
| 09/13/2013 | 284 | DECLARATION of Anthony Uribe re 275 Miscellaneous Filing *in Support of Motion for Administrative Relief Regarding Improper Offsets for Claim Payments* filed by Bank of America, NA (Finch, Amber) (Entered: 09/13/2013) |
| 09/13/2013 | 285 | MOTION Administrative re 275 Miscellaneous Filing *Bank of America, N.A.'s Motion for Administrative Relief Regarding the Admissibility of NIA Reports* by Bank of America, NA.Responses due by 9/30/2013 (Halbreich, David) (Entered: 09/13/2013) |
| 09/14/2013 | 286 | MEMORANDUM/BRIEF by Bank of America, NA re: 274 Motion to Seal Document,, 285 Motion for Miscellaneous Relief, 275 Miscellaneous Filing (Attachments: #1 Proposed Order [Proposed] Order Granting Bank of America, N.A.'s Motion For Administrative Relief Regarding the Admissibility of NIA Reports)(Halbreich, David) (Entered: 09/14/2013) |
| 09/14/2013 | 287 | Unredacted Document *(Sealed – Attorney)* re 274 Motion to Seal Document,, 285 Motion for Miscellaneous Relief, 275 Miscellaneous Filing by Plaintiff; (available to Bank of America, NA, Old Republic Insurance Company) (Halbreich, David) (Entered: 09/14/2013) |
| 09/14/2013 | 288 | Sealed Document *(Sealed – Attorney)*: Index of Exhibits in Support of Motions for Administrative Relief re: 275 Miscellaneous Filing by Bank of America; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 |

**App. 27**

| | | |
|---|---|---|
| | | Exhibit Sealed Index of Exhibits in Support of Motions for Administrative Relief)(Finch, Amber) (Entered: 09/14/2013) |
| 09/14/2013 | 289 | Exhibit by Bank of America, NA. Exhibit to 275 Miscellaneous Filing *Bank of America, N.A.'s Index of Exhibits in Support of Motions for Administrative Relief [Redacted]* (Halbreich, David) (Entered: 09/14/2013) |
| 09/16/2013 | 290 | **ORDER granting 274 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 9/16/2013. (eef)** (Entered: 09/16/2013) |
| 09/16/2013 | 291 | **ORDER granting 272 Motion to Seal Document (Defendant's Motion For Leave to File Confidential Materials Under Seal). Signed by Magistrate Judge David S. Cayer on 9/16/2013. (eef)** (Entered: 09/16/2013) |
| 09/16/2013 | 292 | MOTION to Seal Document *Stipulation Regarding Bellwether Claims* by Bank of America, NA.Responses due by 10/3/2013 (Attachments: #1 Appendix Appendix of Exhibits, #2 Exhibit Proposed Order, #3 Exhibit Non Confidential Description)(Barnhill, G.). Motions referred to David S. Cayer. (Entered: 09/16/2013) |
| 09/16/2013 | 293 | Sealed Document (*Sealed – Attorney*): Notice Re Filing Stipulation Regarding Bellwether Claims (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 Exhibit Stipulation)(Barnhill, G.) (Entered: 09/16/2013) |
| 09/16/2013 | 294 | NOTICE by Bank of America, NA *Re Filing Stipulation Regarding Bellwether Claims* (Barnhill, G.) (Entered: 09/16/2013) |
| 09/17/2013 | 295 | **ORDER granting 292 MOTION to Seal Document Stipulation Regarding Bellwether Claims. Signed by Magistrate Judge David S. Cayer on 9/17/2013. (eef)** (Entered: 09/17/2013) |
| 09/18/2013 | 296 | MOTION to Seal Document by Bank of America, NA.Responses due by 10/7/2013 (Attachments: #1 Exhibit Bank of America, N.A.'s Index of Exhibits in Support of Motion for Leave to File Unredacted Brief in Opposition to Old Republic's Motion to File An Amended Counterclaim and Certain Supporting Papers Under Seal, #2 Proposed Order [Proposed] Order Granting Bank of America, N.A.'s Motion for Leave to File Opposition to Motion to File An Amended Counterclaim and Certain Supporting Papers Under Seal)(Halbreich, David). Motions referred to David S. Cayer. (Entered: 09/18/2013) |
| 09/18/2013 | 297 | MOTION to Seal Document (*Old Republic Insurance Company's Motion for Leave to File Confidential Materials Under Seal*) by Old Republic Insurance Company.Responses due by 10/7/2013 (Attachments: #1 Exhibit A– Proposed Order, #2 Exhibit B– Non–Confidential Descriptions of the Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 09/18/2013) |
| 09/18/2013 | 298 | Sealed Document (*Sealed – Attorney*): re: 275 Miscellaneous Filing (available to Bank of America, NA, Old Republic Insurance Company) (Aurichio, Louis) (Entered: 09/18/2013) |
| 09/18/2013 | 299 | SEALED RESPONSE (*Sealed – Attorney*) to Motion re: 276 Motion for Miscellaneous Relief,, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 9/30/2013 (Aurichio, Louis) (Entered: 09/18/2013) |
| 09/18/2013 | 300 | SEALED RESPONSE (*Sealed – Attorney*) to Motion re: 280 Motion for Miscellaneous Relief,, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 9/30/2013 (Aurichio, Louis) (Entered: 09/18/2013) |
| 09/18/2013 | 301 | RESPONSE in Opposition re 273 SEALED MOTION (*Sealed – Attorney*) Grant Leave to Amend Counterclaim (available to Bank of America, NA, Old Republic Insurance Company) by Bank of America, NA. Replies due by 9/30/2013 (Attachments: #1 Affidavit Declaration of David Halbreich in Support of Opposition to Old Republic' s Motion for Leave to File an Amended Counterclaim, #2 Affidavit Declaration of Evy Wild in Support of Opposition to Old Republic' s Motion for Leave to File an Amended Counterclaim, #3 Appendix Compendium of Non–Federal Authorities in Support of Opposition to Old Republic's Motion for |

| | | |
|---|---|---|
| | | Leave to File an Amended Counterclaim, #_4 Appendix [Redacted] Index of Exhibits in Support of Opposition to Old Republic's Motion for Leave to File An Amended Counterclaim)(Halbreich, David) (Entered: 09/18/2013) |
| 09/18/2013 | 302 | Unredacted Document *(Sealed − Attorney)* re_301 Response in Opposition to Motion,,,_296 Motion to Seal Document,,_273 Sealed Motion, by Bank of America; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1 Appendix [Unredacted] Index of Exhibits in Support of Opposition to Old Republic's Motion for Leave to File an Amended Counterclaim)(Halbreich, David) (Entered: 09/18/2013) |
| 09/18/2013 | 303 | SEALED RESPONSE *(Sealed − Attorney)* to Motion re:_277 Motion for Miscellaneous Relief,, (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 9/30/2013 (Aurichio, Louis) (Entered: 09/18/2013) |
| 09/19/2013 | 304 | SEALED RESPONSE *(Sealed − Attorney)* to Motion re:_285 Motion for Miscellaneous Relief (available to Bank of America, NA, Old Republic Insurance Company) Replies due by 9/30/2013 (Aurichio, Louis) (Entered: 09/19/2013) |
| 09/19/2013 | 305 | Sealed Document *(Sealed − Attorney)*: re:_304 Sealed Response to Motion,_300 Sealed Response to Motion,_299 Sealed Response to Motion,_303 Sealed Response to Motion,_298 Sealed Document (available to Bank of America, NA, Old Republic Insurance Company) (Aurichio, Louis) (Entered: 09/19/2013) |
| 09/19/2013 | 306 | Sealed Document *(Sealed − Attorney)*: re:_304 Sealed Response to Motion,_300 Sealed Response to Motion,_299 Sealed Response to Motion,_303 Sealed Response to Motion,_298 Sealed Document (available to Bank of America, NA, Old Republic Insurance Company) (Aurichio, Louis) (Entered: 09/19/2013) |
| 09/19/2013 | 307 | Appendix by Old Republic Insurance Company. Appendix re:_300 Sealed Response to Motion,_303 Sealed Response to Motion,_304 Sealed Response to Motion,_299 Sealed Response to Motion,_305 Sealed Document,_298 Sealed Document *(Old Republic Insurance Company's Compendium of Exhibits in Support of Its Responses to Bank of America, N.A.'s Motions for Administrative Relief)* (Attachments: #_1 Notices of Sealed Exhibits 1–20, #_2 Exhibit 21 − Equifax 2011 Annual Report, #_3 Exhibit 22 − Unpublished Authorities)(Aurichio, Louis) (Entered: 09/19/2013) |
| 09/19/2013 | 308 | Sealed Document *(Sealed − Attorney)*: re:_300 Sealed Response to Motion,_307 Appendix,,_303 Sealed Response to Motion,_304 Sealed Response to Motion,_299 Sealed Response to Motion,_306 Sealed Document,_305 Sealed Document,_298 Sealed Document (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1 Exhibit 1 Aug. 22, 2013 hearing transcript, #_2 Exhibit 2 Lykken Expert Report Redacted − part 1, #_3 Exhibit 2 Lykken Expert Report Redacted − part 2, #_4 Exhibit 3 Carl Brauer Declaration, #_5 Exhibit 4 Klusendorf Demand for Repayment redacted, #_6 Exhibit 5 Summers Demand for Repayment redacted, #_7 Exhibit 6 Do Demand for Repayment redacted, #_8 Exhibit 7 Byam Demand for Repayment redacted, #_9 Exhibit 8 Jordan Demand for Repayment redacted, #_10 Exhibit 9 Stilp Demand for Repayment redacted, #_11 Exhibit 10 Hughett Demand for Repayment redacted, #_12 Exhibit 11 Hendersen Demand for Repayment redacted, #_13 Exhibit 12 Harutounian Demand for Repayment redacted, #_14 Exhibit 13 Nonev Demand for Repayment redacted, #_15 Exhibit 14 Jimenez Demand for Repayment redacted, #_16 Exhibit 15 Dew Demand for Repayment redacted, #_17 Exhibit 16 Khemraj Repurchase Report redacted fixed, #_18 Exhibit 17 Rosas Repurchase Report redacted, #_19 Exhibit 18 Baas Repurchase Report redacted, #_20 Exhibit 19 Faal Repurchase Report redacted, #_21 Exhibit 20 Bailey Deposition Transcript excerpt)(Aurichio, Louis) (Entered: 09/19/2013) |
| 09/19/2013 | 309 | **STIPULATION (Sealed attorney) Regarding Bellwether Claims. Signed by Senior Judge Graham Mullen on 9/18/2013. (eef)** Modified to correct restrictions on 9/19/2013 (blf). (Entered: 09/19/2013) |
| 09/19/2013 | 310 | **ORDER granting 296 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 9/19/2013. (eef)** (Entered: 09/19/2013) |

| | | |
|---|---|---|
| 09/19/2013 | 311 | **ORDER granting 297 Motion for Leave to File Confidential Materials Under Seal. Signed by Magistrate Judge David S. Cayer on 9/19/2013. (eef)** (Entered: 09/19/2013) |
| 09/23/2013 | 312 | MOTION to Seal Document *(Old Republic Insurance Company's Motion for Leave to File Confidential Materials Under Seal)* by Old Republic Insurance Company.Responses due by 10/10/2013 (Attachments: #_1 Exhibit A – Proposed Order, #_2 Exhibit B – Non–Confidential Descriptions of the Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 09/23/2013) |
| 09/23/2013 | 313 | Sealed Document *(Sealed – Attorney)*: re: 301 Response in Opposition to Motion,,, 273 SEALED MOTION *(Sealed – Attorney)* Grant Leave to Amend Counterclaim (available to Bank of America, NA, Old Republic Insurance Company), 312 MOTION to Seal Document *(Old Republic Insurance Company's Motion for Leave to File Confidential Materials Under Seal)* (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #_1 Old Republic Insurance Company's Compendium of Exhibits in Support of Its Reply in Support of Its Motion for Leave to File an Amended Counterclaim, #_2 Notice of Sealed Exhibits 1 – 4, #_3 Exhibit 1 – Jan 24 2011 T. Rea email, #_4 Exhibit 2 – Jan 26 2011 R. Hermes email, #_5 Exhibit 3 – Ursula Taylor Declaration, #_6 Exhibit 4 – BANA Responses Old Republic's Rule 30(b)(6) Deposition Notice to BANA)(Aurichio, Louis) (Entered: 09/23/2013) |
| 09/23/2013 | 314 | MOTION to Seal Document by Bank of America, NA.Responses due by 10/10/2013 (Attachments: #_1 Appendix Bank of America, N.A.'s Index of Exhibits in Support of Motion for Leave to File Reply Brief and Supporting Documents re Motions for Administrative Relief Under Seal, #_2 Exhibit [Proposed] Order Granting Bank of America, N.A.'s Motion to File Reply Brief and Supporting Documents for Administrative Relief Under Seal, #_3 Exhibit Non Confidential Descriptions of the Supporting Papers to be Filed Under Seal in Unredacted Form)(Halbreich, David). Motions referred to David S. Cayer. (Entered: 09/23/2013) |
| 09/23/2013 | 315 | Miscellaneous Filing by Bank of America, NA. re: 298 Sealed Document, 275 Miscellaneous Filing *Bank of America, N.A.'s Reply in Support of its Overview of Motions for Administrative Relief* (Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 316 | REPLY to Response to Motion re 277 MOTION Administrative re 274 MOTION to Seal Document , 275 Miscellaneous Filing *Bank of America, N.A.'s Reply Brief in Support of its Motion for Administrative Relief for a Declaration that Old Republic is Precluded from Using Extrinsic Evidence to Alter the Policy's Terms* by Bank of America, NA. (Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 317 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 277 Motion for Miscellaneous Relief,, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 318 | REPLY to Response to Motion re 280 MOTION Administrative re 274 MOTION to Seal Document , 275 Miscellaneous Filing *Bank of America, N.A.'s Reply in Support of its Motion for Administrative Relief Regarding Improper Offsets for Claim Payments* by Bank of America, NA. (Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 319 | REPLY to Response to Motion re 276 MOTION Administrative re 275 Miscellaneous Filing *Bank of America, N.A.'s Reply Brief in Support of Motion for Administrative Relief for an Order Declaring that Old Republic May Not Deny or Rescind Coverage on Grounds First Asserted Post–Litigation* by Bank of America, NA. (Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 320 | REPLY to Response to Motion re 285 MOTION Administrative re 275 Miscellaneous Filing *Bank of America, N.A.'s Motion for Administrative Relief Regarding the Admissibility of NIA Reports* by Bank of America, NA. (Attachments: #_1 Affidavit Declaration of Cristina M. Shea in Support of Bank of America, N.A.'s Reply Brief in Support of its Motion for Administrative Relief Regarding the Admissibility of NIA Reports, #_2 Appendix [Redacted] Bank of America, N.A.'s Index of Exhibits in Support of Reply of its Motions for |

| | | |
|---|---|---|
| | | Administrative Relief Regarding the Admissibility of NIA Reports)(Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 321 | Sealed Document (*Sealed − Attorney*): re: 285 MOTION Administrative re 275 Miscellaneous Filing *Bank of America, N.A.'s Motion for Administrative Relief Regarding the Admissibility of NIA Reports*, 320 Reply to Response to Motion,, by Bank of America, N.A.; (available to Bank of America, NA, Old Republic Insurance Company) (Halbreich, David) (Entered: 09/23/2013) |
| 09/23/2013 | 322 | Appendix by Bank of America, NA. Appendix re: 317 Sealed Reply to Response to Motion, 319 Reply to Response to Motion, 316 Reply to Response to Motion, 318 Reply to Response to Motion, 320 Reply to Response to Motion,, *Compendium of Non−Federal Authorities in Support of Bank of America, N.A.'s Replies in Support of its Motions for Administrative Relief* (Halbreich, David) (Entered: 09/23/2013) |
| 09/24/2013 | 323 | **ORDER granting 312 Motion for Leave to File Confidential Materials Under Seal. Signed by Magistrate Judge David S. Cayer on 9/24/2013. (eef)** (Entered: 09/24/2013) |
| 09/24/2013 | 324 | **ORDER granting 314 Motion for Leave to File Reply Brief and Supporting Documents for Administrative Relief under Seal. Signed by Magistrate Judge David S. Cayer on 9/24/2013. (eef)** (Entered: 09/24/2013) |
| 09/26/2013 | 325 | **ORDER ( Status Conference set for 12/11/2013 10:30 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.). Signed by Senior Judge Graham Mullen on 9/26/2013. (eef)** (Entered: 09/26/2013) |
| 09/26/2013 | | NOTICE of Cancellation of Jury Trial scheduled for 11/4/2013 (tmg) (Entered: 09/26/2013) |
| 10/02/2013 | 326 | **ORDER, ( Status Conference re−set for 12/10/2013 10:30 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.). Signed by Senior Judge Graham Mullen on 10/2/2013. (eef)** (Entered: 10/02/2013) |
| 10/04/2013 | 327 | Consent MOTION for Extension of Time to File Redaction Request re: 269 Transcript,, by Bank of America, NA. (Barnhill, G.). Motions referred to David S. Cayer. (Entered: 10/04/2013) |
| 10/04/2013 | 328 | Transcript Redaction Request *(Sealed − Participants)* re 269 Transcript,, by attorney G. Michael Barnhill (Attachments: # 1 Appendix Index of Exhibits, # 2 Exhibit Redaction Designations, # 3 Exhibit Redacted Transcript Pages, # 4 Exhibit Redacted Transcript Pages, # 5 Exhibit Proposed Order, # 6 Exhibit Non−Confidential Description of Redactions)(Barnhill, G.) (Entered: 10/04/2013) |
| 10/07/2013 | 329 | **ORDER granting 327 Consent MOTION for Extension of Time to File Redaction Request. Signed by Magistrate Judge David S. Cayer on 10/7/2013. (eef)** (Entered: 10/07/2013) |
| 10/07/2013 | 330 | **ORDER granting 328 Motion to Seal 269 Transcript. Signed by Magistrate Judge David S. Cayer on 10/7/2013. (eef)** (Entered: 10/07/2013) |
| 11/19/2013 | 331 | **ORDER, ( Status Conference re−set for 1/21/2014 04:00 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.). Signed by Senior Judge Graham Mullen on 11/19/2013. (eef)** (Entered: 11/19/2013) |
| 12/30/2013 | | NOTICE of Hearing: Status Conference RE−SET for 1/21/2014 10:00 AM in Courtroom, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice − you will not receive a separate document.* (tmg) (Entered: 12/30/2013) |
| 01/21/2014 | 332 | NOTICE by Bank of America, NA (Barnhill, G.) (Entered: 01/21/2014) |
| 01/21/2014 | | Minute Entry: STATUS CONFERENCE held before Senior Judge Graham Mullen. Plaintiffs attorney: G. Michael Barnhill, David Halbreich, David Weiss, Christina Shea. Defendants attorney: Robert Hermes, Albert Fowerbaugh, Catherine Isely, Timothy Lendino. Court reporter: Beverly Gramm − Huseby. |

**App. 31**

| | | |
|---|---|---|
| | | (tmg) (Entered: 01/21/2014) |
| 01/21/2014 | | NOTICE of Hearing on Motions and Status Conference: Hearing set for 1/29/2014 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice – you will not receive a separate document.*(tmg) (Entered: 01/21/2014) |
| 01/22/2014 | 333 | TRANSCRIPT of Status Conference held on 1/21/2014 before Judge Graham Mullen. Court Reporter Beverly Gramm, telephone number 704–333–9889. **NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a *Notice of Intent to Request Redaction* and 21 calendar days to file a *Redaction Request*. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER. Policy at www.ncwd.uscourts.gov** Release of Transcript Restriction set for 4/24/2014. (tmg) (Entered: 01/22/2014) |
| 01/22/2014 | 334 | **ORDER, ( Status Conference set for 2/12/2014 02:00 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.). Signed by Senior Judge Graham Mullen on 1/22/2014. (eef)** (Entered: 01/22/2014) |
| 01/28/2014 | | NOTICE of Cancellation of Motion Hearing scheduled for January 29, 2014 (tmg) (Entered: 01/28/2014) |
| 01/28/2014 | | NOTICE of Hearing on Motions re: Motion Hearing set for 2/4/2014 02:00 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen. *This is your only notice – you will not receive a separate document.* (tmg) (Entered: 01/28/2014) |
| 02/04/2014 | 336 | **ORDER RETURNING EXHIBITS. Signed by Senior Judge Graham Mullen on 2/4/2014. (tmg)** (Entered: 02/05/2014) |
| 02/04/2014 | | Minute Entry: MOTION HEARING held before Senior Judge Graham Mullen. Order to issue. Plaintiffs attorney: David Halbreich, G. Michael Barnhill, Christina Shea, David Weiss. Defendants attorney: Catherine Isely, Robert Hermes, Albert Fowerbaugh, Jr, Michael Hassen. Court reporter: Laura Andersen. (tmg) (Entered: 02/05/2014) |
| 02/05/2014 | 335 | **ORDER *(Sealed – Attorney)* denying 273 Sealed Motion (available to: Bank of America, NA, Old Republic Insurance Company). Signed by Senior Judge Graham Mullen on 2/4/2014. (eef)** (Entered: 02/05/2014) |
| 02/06/2014 | 337 | SEALED TRANSCRIPT *(Sealed – Court)* for proceedings held on 2/4/2014 before Judge Mullen. Court Reporter Laura Andersen, telephone number 704–350–7493. (Reporter: Laura Andersen, 704–350–7493) (Entered: 02/06/2014) |
| 02/10/2014 | | NOTICE of Hearing: Status Conference RESET for 2/25/2014 02:00 PM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen re: 334 Order. Counsel may opt to appear telephonically for the status conference, but should inform the Court in advance should they wish to do so. *This is your only notice – you will not receive a separate document.* (tmg) (Entered: 02/10/2014) |
| 02/21/2014 | 338 | Miscellaneous Filing by Bank of America, NA. *Statement in Support of [Proposed] Orders on (1) Motion for Administrative Relief for a Declaration that Old Republic is Precluded from Using Extrinsic Evidence to Alter the Policy's Terms; and (2) Motion for Administrative Relief that Old Republic May Not Deny Or Rescind Coverage on Grounds First Asserted Post–Litigation* (Attachments: # 1 Proposed Order Proposed Order Granting Bank of America, N.A.'s Motion for Administrative Relief for a Declaration that Old Republic is Precluded from Using Extrinsic Evidence to Alter the Policy's Terms, # 2 Proposed Order Proposed Order Granting Bank of America, N.A.'s Motion for Administrative Relief that Old Republic May Not Deny or Rescind Coverage on Grounds First Asserted Post–Litigation)(Finch, Amber) (Entered: 02/21/2014) |

| | | |
|---|---|---|
| 02/23/2014 | 339 | MOTION to Seal Document (*Old Republic Insurance Comapny's Motion for Leave to file Confidential Material Under Seal*) by Old Republic Insurance Company.Responses due by 3/13/2014 (Attachments: #1 Exhibit A – Proposed Order, #2 Exhibit B – List of Non–Confidential Descriptions of the Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 02/23/2014) |
| 02/23/2014 | 340 | Sealed Document (*Sealed – Attorney*): Old Republic Insurance Company's Objections to Proposed Orders Submitted by Bank of America, NA on February 21, 2014 re: 338 Miscellaneous Filing,,, (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 Exhibit A – ORIC's Proposed Order Extrinsic Evidence, #2 Exhibit B – ORIC's Proposed Order re: Post Litigation)(Aurichio, Louis) (Entered: 02/23/2014) |
| 02/24/2014 | 341 | NOTICE by Bank of America, NA *in Support of its Proposed Case Mangement Order* (Attachments: #1 Proposed Order Case Management)(Barnhill, G.) (Entered: 02/24/2014) |
| 02/24/2014 | 342 | **ORDER granting 339 Motion for Leave to file Confidential Material Under Seal. Signed by Magistrate Judge David S. Cayer on 2/24/2014. (eef)** (Entered: 02/24/2014) |
| 02/24/2014 | 343 | Miscellaneous Filing by Old Republic Insurance Company. (*DEFENDANT OLD REPUBLIC INSURANCE COMPANY'S CASE MANAGEMENT [PROPOSED] ORDER*) (Aurichio, Louis) (Entered: 02/24/2014) |
| 02/24/2014 | 344 | MOTION to Seal Document (*OLD REPUBLIC INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE CONFIDENTIAL MATERIALS UNDER SEAL*) by Old Republic Insurance Company.Responses due by 3/13/2014 (Attachments: #1 Exhibit A – Proposed Order, #2 Exhibit B – Non–Confidential Descriptions of the Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 02/24/2014) |
| 02/24/2014 | 345 | Sealed Document (*Sealed – Attorney*): DEFENDANT OLD REPUBLIC INSURANCE COMPANY'S OBJECTIONS TO BANK OF AMERICA, N.A.'S PROPOSED CASE MANAGEMENT ORDER AND STATEMENT IN SUPPORT OF ITS PROPOSED CASE MANAGEMENT ORDER re: 341 Notice (Other) (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 EXHIBIT LIST, #2 Exhibit 1 – ORIC'S PROPOSED CASE MANAGEMENT ORDER, #3 Exhibit 2 – BORROWER LETTER, #4 Exhibit 3 – BORROWER LETTER, #5 Exhibit 4 – LOAN APPLICATION)(Aurichio, Louis) (Entered: 02/24/2014) |
| 02/24/2014 | 346 | **ORDER granting 344 Motion to for leave to file confidential materials under seal. Signed by Magistrate Judge David S. Cayer on 2/24/2014. (eef)** (Entered: 02/24/2014) |
| 02/25/2014 | 347 | Miscellaneous Filing by Bank of America, NA. re: 340 Sealed Document, *Bank of America's Response to Old Republic's Objections to Proposed Orders* (Barnhill, G.) (Entered: 02/25/2014) |
| 02/25/2014 | | Minute Entry: STATUS CONFERENCE held before Senior Judge Graham Mullen. Plaintiffs attorney: Debbie Harden, G. Michael Barnhill, Meredith McKee, David Halbreich (by Telephone), Amber Finch (by Telephone), David Weiss (by Telephone). Defendants attorney: Robert Hermes, Albert Fowerbaugh, Jr, Michael Hassan, Robert Marcus. Court reporter: Beverly Gramm w/ Huseby. (tmg) (Entered: 02/25/2014) |
| 02/26/2014 | 348 | Miscellaneous Filing by Bank of America, NA. re: 345 Sealed Document,, *Bank of America, N.A.'s Response to Objections to Proposed Case Management Order* (Barnhill, G.) (Entered: 02/26/2014) |
| 03/06/2014 | 349 | **ORDER granting 277 MOTION FOR ADMINISTRATIVE RELIEF FOR A DECLARATION THAT OLD REPUBLIC IS PRECLUDED FROM USING EXTRINSIC EVIDENCE TO ALTER THE POLICYS TERMS. Signed by Senior Judge Graham Mullen on 3/6/2014. (eef)** (Entered: 03/06/2014) |

| | | |
|---|---|---|
| 03/07/2014 | 350 | **ORDER that the parties are directed to participate in a Judicial Settlement Conference with Magistrate Judge David Keesler. Signed by Senior Judge Graham Mullen on 3/6/2014. (blf) (Entered: 03/07/2014)** |
| 03/11/2014 | 351 | **ORDER granting 276 Motion for Administrative Relief that Old Republic may not deny or rescind coverage on grounds first asserted post–litigation. Signed by Senior Judge Graham Mullen on 3/11/2014. (eef)** (Entered: 03/11/2014) |
| 03/11/2014 | 352 | **ORDER granting 280 Motion for Administrative Relief Regarding Improper Offsets for Claim Payments. Signed by Senior Judge Graham Mullen on 3/11/2014. (eef)** (Entered: 03/11/2014) |
| 03/14/2014 | 353 | **Pretrial Order and Case Management Plan : Jury Trial set for 10/20/2014 10:00 AM in Courtroom 3, 401 W Trade St, Charlotte, NC 28202 before Senior Judge Graham Mullen.. Signed by Senior Judge Graham Mullen on 3/14/2014. (eef)** (Entered: 03/14/2014) |
| 03/19/2014 | | **TEXT–ONLY ORDER denying 229 Objection to Magistrate Judge's Decision (Rule 72(a)) re 227 Order on Sealed Motion, Order on Motion for Leave to File, Order on Motion to Compel, Order on Motion for Protective Order,,,,, Entered by Senior Judge Graham Mullen on March 19, 2014. (Coble, Debbie)** (Entered: 03/19/2014) |
| 04/08/2014 | 354 | MOTION to Seal Document *(OLD REPUBLIC INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE CONFIDENTIAL MATERIALS UNDER SEAL)* by Old Republic Insurance Company.Responses due by 4/25/2014 (Attachments: # 1 Exhibit A–Proposed Order, # 2 Exhibit B–Non–Confidential Descriptions)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 04/08/2014) |
| 04/08/2014 | 355 | SEALED MOTION *(Sealed – Attorney)* Reconsideration by Old Republic Insurance Company; (available to Bank of America, NA, Old Republic Insurance Company)Responses due by 4/25/2014 (Attachments: # 1 Memorandum in Support, # 2 Declaration of Louis Aurichio, # 3 Exhibit List, # 4 Exhibit 1 – Unpublished Authorities, # 5 Exhibit 2 – Abshier Dep Tran Excerpt, # 6 Exhibit 3 – 6/27/05 Email, # 7 Exhibit 4 – Response Summary, # 8 Exhibit 5 – Response Summary, # 9 Proposed Order)(Aurichio, Louis). Modified on 4/9/2014 to remove referral (jde). (Entered: 04/08/2014) |
| 04/09/2014 | 356 | **ORDER granting 354 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 4/9/2014. (eef)** (Entered: 04/09/2014) |
| 04/10/2014 | 357 | NOTICE OF APPEAL as to 352 Order on Motion for Miscellaneous Relief by Old Republic Insurance Company. Filing fee $ 505, receipt number 0419–2278492. *Use this link www.ca4.uscourts.gov to retrieve 4th Circuit case opening documents, i.e. Appearance of Counsel, Docketing Statement, Disclosure Statement, and Transcript Order Form.* Note: Your Transcript Order Form must be served on the District Court as well as the Circuit Court. (Aurichio, Louis) (Entered: 04/10/2014) |
| 04/11/2014 | 358 | Transmission of Notice of Appeal to US Court of Appeals re 357 Notice of Appeal. (eef) (Entered: 04/11/2014) |
| 04/15/2014 | | USCA Case Number 14–1352 for 357 Notice of Appeal,, USCA Case Manager: C Bennett. (ssh) (Entered: 04/15/2014) |
| 04/16/2014 | 359 | **ORDER sua sponte for the scheduling of a Judicial Settlement Conference. ( Settlement Conference set for 6/24/2014 09:00 AM in Courtroom 1, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David Keesler.). Signed by Magistrate Judge David Keesler on 4/16/2014. (eef)** (Entered: 04/16/2014) |
| 04/22/2014 | 360 | RESPONSE re 355 SEALED MOTION *(Sealed – Attorney)* Reconsideration by Old Republic Insurance Company; (available to Bank of America, NA, Old Republic Insurance Company) by Bank of America, NA. (Barnhill, G.) (Entered: 04/22/2014) |

| | | |
|---|---|---|
| 04/23/2014 | 361 | NOTICE of Change of Address by Robert Reed Marcus (Marcus, Robert) (Entered: 04/23/2014) |
| 04/24/2014 | 362 | MOTION to Seal Document *(OLD REPUBLIC INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE CONFIDENTIAL MATERIALS UNDER SEAL)* by Old Republic Insurance Company.Responses due by 5/12/2014 (Attachments: # 1 Exhibit A – Proposed Order, # 2 Exhibit B – Non–Confidential Descriptions of the Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 04/24/2014) |
| 04/24/2014 | 363 | SEALED MOTION *(Sealed – Attorney)* Reconsideration (available to Bank of America, NA, Old Republic Insurance Company)Responses due by 5/12/2014 (Attachments: # 1 Memorandum Old Republic Insurance Company's Memorandum in Support of its Rule 54(b) Motion to Reconsider and Rule 15 Motion for Leave to File Amended Answer and Affirmative Defenses, # 2 Declaration of Louis Aurichio, # 3 Exhibit List, # 4 Exhibit A – Old Republic's Proposed Amended Answer to the Complaint, Amended Affirmative Defenses and Counterclaim, # 5 Exhibit 1 – Unpublished Authorities, # 6 Exhibit 2 – December 2010 Letter, # 7 Proposed Order)(Aurichio, Louis). Modified to terminate motion referral on 4/25/2014 (jde). (Entered: 04/24/2014) |
| 04/25/2014 | 364 | **ORDER granting 362 Motion to Seal Document. Signed by Magistrate Judge David S. Cayer on 4/25/2014. (eef)** (Entered: 04/25/2014) |
| 04/29/2014 | 365 | MOTION to Seal Document *OLD REPUBLIC INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE CONFIDENTIAL MATERIALS UNDER SEAL* by Old Republic Insurance Company.Responses due by 5/16/2014 (Attachments: # 1 Proposed Order, # 2 Exhibit Non–Confidential Descriptions of the Confidential Materials)(Aurichio, Louis). Motions referred to David S. Cayer. (Entered: 04/29/2014) |
| 04/29/2014 | 366 | SEALED REPLY *(Sealed – Attorney)* to Response to Motion re: 355 Sealed Motion,, (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: # 1 Exhibit 1 – Unpublished Authorities)(Aurichio, Louis) (Entered: 04/29/2014) |
| 04/29/2014 | 367 | Miscellaneous Filing by Old Republic Insurance Company. re: 366 Sealed Reply to Response to Motion *(Old Republic Insurance Company's Request for Judicial Notice)* (Attachments: # 1 Exhibit A – Countrywide's Memorandum in Support of its Motion for Partial Summary Judgment on Counts III, V, and VII of the Fourth Amended Complaint, Circuit Court of Cook County, Illinois, # 2 Proposed Order)(Aurichio, Louis) (Entered: 04/29/2014) |
| 05/01/2014 | 368 | MOTION to Seal *Unopposed Motion for Leave to File Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure Under Seal* by Bank of America, NA.Responses due by 5/19/2014 (Attachments: # 1 Appendix Bank of America, N.A.'s Index of Exhibits in Support Unopposed Motion for Leave to File Unredacted Brief in Support of Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure Under Seal, # 2 Exhibit A – [Proposed] Order Granting Bank of America, N.A.'s Unopposed Motion for Leave to File Unredacted Brief in Support of Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure Under Seal, # 3 Exhibit B – Non–Confidential Descriptions of Confidential Materials)(Finch, Amber). Motions referred to David S. Cayer. (Entered: 05/01/2014) |
| 05/01/2014 | 369 | MOTION for Summary Judgment *Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Bank of America, NA.Responses due by 5/19/2014 (Attachments: # 1 Memorandum Bank of America, N.A.'s Brief in Support of Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, # 2 Affidavit Declaration of Amber Finch in Support of Bank of America, N.A.'s Motion in Support of Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, # 3 Appendix Index of Exhibits in Support of Bank of America, N.A.'s Motion for |

**App. 35**

| | | |
|---|---|---|
| | | Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, #4 Appendix Compendium of Non–Federal Authorities in Support of Bank of America, N.A.'s Brief in Support of Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, #5 Proposed Order Granting Bank of America, N.A.'s Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure)(Finch, Amber). Motions referred to David S. Cayer. (Entered: 05/01/2014) |
| 05/01/2014 | 370 | Sealed Document (*Sealed – Attorney*): re: 369 MOTION for Summary Judgment *Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure* by Plaintiffs; (available to Bank of America, NA, Old Republic Insurance Company) (Attachments: #1 Appendix [SEALED/UNREDACTED] Index of Exhibits in Support of Bank of America, N.A.'s Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, #2 Exhibit A–C [SEALED/UNREDACTED] to Index of Exhibits in Support of Bank of America, N.A.'s Motion for Partial Summary Judgment on Selected Coverage Claims [Chavez Loan] Pursuant to Rule 56 of the Federal Rules of Civil Procedure)(Finch, Amber) (Entered: 05/01/2014) |
| 05/02/2014 | 371 | MOTION for Leave to Appear Pro Hac Vice as to Julie Rodriguez Aldort Filing fee $ 276, receipt number 0419–2299203. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David S. Cayer. (Entered: 05/02/2014) |
| 05/02/2014 | 372 | MOTION for Leave to Appear Pro Hac Vice as to James Andrew Morsch Filing fee $ 276, receipt number 0419–2299217. by Old Republic Insurance Company. (Marcus, Robert). Motions referred to David S. Cayer. (Entered: 05/02/2014) |

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association,<br><br>           Plaintiff,<br><br>   vs.<br><br>Old Republic Insurance Company, a Pennsylvania corporation,<br><br>          Defendants. | Case No.: 3:10-cv-553<br><br>**COMPLAINT FOR:**<br><br>  **1) DECLARATORY JUDGMENT**<br>  **2) BREACH OF CONTRACT**<br>  **3) BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**<br>  **4) BAD FAITH**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bank of America, N.A. ("BANA"), by its undersigned counsel, brings this action against Defendant Old Republic Insurance Company ("Old Republic"), and in support thereof, alleges as follows:

## I.    NATURE OF THE ACTION

1.    For reasons unrelated to the coverage provided by its insurance policy, Old Republic has denied and continues to deny hundreds of millions of dollars in valid mortgage insurance claims submitted by BANA, based on unreasonable interpretations of the language contained in the standard mortgage insurance policy issued by Old Republic to BANA. BANA seeks to recover these wrongfully withheld payments from Old Republic.

2.    This is a civil action with respect to an actual controversy for declaratory relief, brought pursuant to 28 U.S.C. § 2201(a), relating to a second-lien mortgage insurance policy issued by Old Republic, damages arising out of Old Republic's breach of its contractual obligations to pay losses under the terms of that mortgage insurance policy, damages arising out of Old Republic's breach of the implied covenant of good faith and fair dealing, and Old Republic's bad faith refusal to pay thousands of individual claims for which it did not have a

reasonable basis to deny its payment obligation to BANA.

3.      In more prosperous times, Old Republic reaped hundreds of millions of dollars through its participation in the home mortgage market, selling mortgage insurance policies to insure against losses to lenders, such as BANA, in the event of default by borrowers of certain residential mortgage loans.  Old Republic now, however, faces the reality of steep financial losses because of a significant economic downturn and has failed to pay claims in accordance with the mortgage insurance policy that it issued and for which it received more than $40 million in premiums from BANA alone.

## II.      THE PARTIES

### A.      The Plaintiff

4.      BANA is a national banking association organized under the laws of the United States of America with its main office, as set forth in its articles of association, located at 101 Tryon Street, Charlotte, North Carolina 28255.  BANA originated and acquired mortgage and home equity loans, including the loans insured by Old Republic that are the subject of this suit. BANA is the Assured on the mortgage insurance policy at issue in this action.

### B.      The Defendants

5.      Old Republic is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, maintains its principal place of business outside of North Carolina, and regularly transacts business in the State of North Carolina.  Old Republic is in the business of issuing mortgage insurance policies for residential home mortgage loans and is a sophisticated market actor in this area.  Old Republic Insured Credit Services, Inc. ("ORICS") acted as the agent of Old Republic, and had the authority to underwrite, negotiate, price and issue mortgage insurance policies on behalf of Old Republic.  Old Republic is liable for any and all acts and omissions of ORICS as Old Republic's agent.  Old Republic and ORICS will be collectively referred to as "ORIC" hereinafter, unless individual reference to Old Republic or ORICS is warranted.

- 2 -

### III.    JURISDICTION AND VENUE

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over ORIC by virtue of its business activities within North Carolina.

8.      Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this Complaint took place in Charlotte, North Carolina.

### IV.    THE MORTGAGE INSURANCE POLICY

9.      BANA purchased a second-lien mortgage insurance policy from ORIC to insure certain home equity loans ("HELOANs").

10.     Although the ORIC policy at issue in this litigation is termed a Credit Insurance Policy, it functions as a mortgage insurance policy in that ORIC agreed to insure BANA for losses in the event of default by borrowers of certain residential mortgage loans.

11.     BANA insured its HELOANs in groups based upon policy years subject to the terms and conditions of Mortgage Insurance Policy No. T90 (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit A.

12.     The original loan amount and maximum cumulative liability per policy year is as follows:

| Policy Year | Original Loan Amount | Maximum Cumulative Liability |
|---|---|---|
| 2002 | $ 174,717,548 | $ 17,471,754 |
| 2003 | $ 300,053,364 | $ 30,005,336 |
| 2004 | $ 264,379,634 | $ 26,437,963 |
| 2005 | $ 359,551,095 | $ 35,955,109 |
| 2006 | $ 503,866,763 | $ 50,386,676 |
| 2007 | $ 623,716,762 | $ 62,371,676 |

13.     The Policy has an aggregate maximum cumulative liability in excess of $220 million for all six policy years.

- 3 -

**App. 39**

14.    BANA, as the Assured, has paid ORIC more than $40 million in premiums for the Policy.

15.    BANA has further performed all material conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy, and is and has been at all times, ready, willing, and able to perform any and all conditions required to be performed in accordance with the terms and conditions of the Policy. To the extent BANA has not substantially complied with the terms and conditions of the Policy, then ORIC waived and/or is estopped from asserting such a defense given that its actions and course of conduct have been inconsistent with an intention to enforce requirements under the Policy.

## V.    FACTUAL BACKGROUND

16.    BANA at all relevant times had substantial business in home equity lending throughout the United States. ORIC at all relevant times has been in the business of issuing mortgage insurance policies for residential home mortgage loans and is a sophisticated market actor in this area.

17.    ORIC sold the Policy to BANA and in return received substantial premiums, totaling in excess of $40 million, which premiums are continuing at a rate of more than $870,000 per month. Under the Policy, ORIC agreed to insure against losses to BANA in the event of default by borrowers of certain residential mortgage loans.

### A.    Mortgage Insurance Industry

18.    Over the last decade, BANA was a leading home equity lender in the United States. As part of that business, BANA established strategic business relationships with mortgage insurance companies, including ORIC, which were essential to its success in its mortgage business.

19.    During this period of time, there was great competition in the mortgage insurance market and ORIC engaged in an aggressive marketing campaign to convince businesses such as BANA to purchase its mortgage insurance products and services. In its marketing brochures and on its website, ORIC advertised how it could assist lenders by insuring their loan portfolios,

- 4 -

increasing their ability to write more and more loans and, therefore, increasing profitability. ORIC stated that it "provides lenders with the tools necessary to enhance loan portfolio performance and profitability," and that it insured "property related consumer loan portfolios against default loss <u>for virtually any reason</u>."  ORIC stated to its prospective customers that, by using its products and services, lenders could (1) "increase loan volume"; (2) "increase yield performance"; (3) "increase interest income"; (4) "increase borrower satisfaction"; (5) "decrease losses due to borrower default"; (6) "decrease costs associated with originations and foreclosures"; and most importantly (7) "<u>decrease losses due to unforeseen economic circumstances</u>."  (Emphasis added).

20.     According to ORIC, since 1954 it has provided more than 3600 financial institutions, or "lending partners" with "credit enhancement programs that expand the lender's second mortgage production and performance."  In order to accomplish this, ORIC urged that through the use of mortgage insurance, lenders could issue more loans.  Lenders could "empower" their loan officers to "easily up-sell or cross-sell," and to build loan portfolios with borrowers they "previously turned away."  Lenders could do so because ORIC promised that, when the lender decided that a loan was uncollectable, "it becomes our expense not yours.  We pay you the loan amount at time of default and you have the power to immediately reinvest your funds.  Your yield is enhanced with your insured loan portfolio; your collection processing is outsourced and your interest income is protected."

21.     ORIC explained the process as follows:  "You make the loan <u>*under your credit guidelines*</u>, then you partner with [ORICS] to manage your risk exposure—it's easy as 1-2-3:

    1.     You place your second mortgage loan in your [ORICS] program

    2.     You assign to [ORICS] any insured loan that defaults, when your normal collection procedures are unsuccessful (foreclosure not required)

    3.     You receive a check from [ORICS] to pay the loan off—in full."

22.     In other words, according to ORIC, "you have *no aggravating foreclosures* that waste your staff's time . . . which can be better spent generating new loan business . . . and funds

are immediately redeployed to other profitable lending relationships." Through this "risk partnership," lenders can "minimize economic downturns and maximize" their "insured loan portfolio yield."

23.    During the course of the growth and development of BANA's business, BANA regularly and routinely interacted with ORIC at all levels of business, ranging from senior executives discussing their strategic business relationship to clerk-level employees dealing with individual mortgage loans.

24.    ORIC had substantial access to the details and procedures pursuant to which BANA operated its mortgage business. In fact, ORIC regularly: (i) reviewed individual mortgage loan data before loans became insured under a particular mortgage insurance policy and suspended some mortgage loans from coverage upon review; (ii) audited mortgage loans included in the pool insured by the policy and notified BANA if certain eligibility criteria was exceeded, causing BANA to pull loans after making premium payments; (iii) audited mortgage files after loans were originated but before any default had occurred; and (iv) handled numerous claims for insurance coverage under mortgage insurance policies over the years.

25.    Over the years in which their business relationship has existed, ORIC acquired intimate knowledge of every aspect of BANA's mortgage business, including how BANA structured mortgage transactions and underwrote individual loans, how loan underwriting guidelines evolved over time, and all other practices and procedures BANA followed in its mortgage business.

26.    These regular interactions between BANA and ORIC occurred over the entire course of their business relationship. ORIC had access to detailed and comprehensive loan information from BANA.

27.    In addition to having a sound understanding of how BANA operated its mortgage business, ORIC understood first-hand the risks associated with the mortgage lending business, given that ORIC insured many other mortgage lenders.

- 6 -

**App. 42**

28.     Over the last decade, the mortgage industry as a whole, including the mortgage insurance industry, began to offer and/or agree to insure a broader range of mortgage products. The trend made more loans available, increased consumer choice, and fostered increased homeownership.  This evolution was common knowledge throughout all facets of the mortgage lending marketplace, including among the mortgage insurance industry generally and ORIC specifically.  It also was discussed in both the mortgage trade press and popular media.  The mortgage insurance industry, including ORIC, saw itself as an important player in the goal of making homeownership attainable to more and more people.

29.     As the volume of mortgages being originated increased, the availability of mortgage insurance for this increased volume was never an issue.  Members of the mortgage insurance industry, including ORIC, generated premium volumes substantially in excess of historic levels based upon this growth in the mortgage market.

30.     Changes in the mortgage industry and the concomitant underwriting practices were publicly reported and well-known within ORIC.  In SEC filings, BANA and other lenders insured by ORIC emphasized that underwriting guidelines took into account prevailing conditions in the residential market, new mortgage products and the investment market for residential mortgage loans.  As far back as 2004, trade publications and even the popular press reported on lending practices and noted the evolution of underwriting guidelines across the entire mortgage lending industry.

**B.     ORIC's Selection of Insured Loans and Review of Selected Loans After Issuance of the Policy**

31.     BANA insured only a percentage of the loans it originated.  ORIC was fully aware of this fact and jointly participated with BANA in selecting the loans that would be insured.

32.     ORIC participated by: (i) establishing the parameters into which a loan must typically fit to qualify to be insured; and/or (ii) reviewing the details of the individual loans and

agreeing that a specific individual loan was appropriately insured under a particular policy. Then, ORIC determined the premium to which it was entitled and which BANA paid.

33.    BANA provided to ORIC the same set of loan-level data for each submission of new eligible collateral on "mortgage data tapes" including numerous data fields concerning each of the individual loans that ORIC would insure. The documentation provided by BANA contained specific details regarding each loan, including the loan processing type, note rate for first and second lien, the loan closing date, CLTV ratio, FICO score, debt ratio, type of occupancy, type of property, purpose of the loan, location of the property, appraisal type, appraisal amount, loan amount, principle balance, first-lien principal balance, monthly loan payment and monthly income.

34.    ORIC had an opportunity to review reasonable loan documentation and the right to choose which loans it would insure prior to and after issuing the Policy. It did both often.

35.    Generally, after ORIC reviewed the "mortgage data tape" information, it would communicate with BANA regarding ORIC's analysis of the population of the loans that had been submitted as candidates to be insured under a particular policy. ORIC representatives would contact BANA with data-related questions on a few loans in each file and provide feedback regarding which loans ORIC felt comfortable insuring.

36.    If ORIC deemed a loan as not meeting its risk tolerance, BANA's guidelines for issuing loans or the applicable terms and conditions pursuant to which it had agreed to insure loans under the Policy, ORIC could and would request removal of that individual loan from the pool of loans insured even if BANA had previously paid one or more premium payments on the loan to ORIC.

37.    In response to ORIC's analysis of the loan population, BANA would research the loans and/or data questioned by ORIC and either reaffirm BANA's decision to include to the loan in the pool or confirm ORIC's finding. Depending on the outcome of BANA's research, BANA would either drop the subject loan or include the loan in the population for insurance.

- 8 -

**App. 44**

38.    Consequently, often before ORIC agreed to insure a pool of loans ORIC had (a) explicitly affirmed that it was satisfied with the inclusion of all of the selected loans in the pool and/or (b) required numerous loans to be removed from the pool.  ORIC also had the opportunity to review the pool of loans after issuance of the Policy and request certain loans be removed or substituted even if BANA had remitted one or more premium payments to ORIC.

39.    ORIC not only obtained detailed and comprehensive information from its dealings with BANA, it also obtained massive amounts of information from its relationships with other lenders.  In marketing materials posted on its website during the relevant time period, ORIC touted how it had "partnered with over 3000 lenders since 1954" and how it had "helped originate billions in new loans."  A brochure published by ORIC stated, "Since 1954 we have helped over 3600 lenders successfully build their portfolio yield and originate billions of dollars in new loans."  ORIC further stated that it was able to keep costs down because it covered "such a large volume of consumer loans in all regions of the country."

40.    Through its "partnering" arrangements with thousands of lenders for over 50 years, ORIC undoubtedly has vast stores of information and data regarding the mortgage lending industry, far more information than any individual lender might possess.  Among the material that ORIC has obtained is detailed information about each lender's underwriting guidelines.  Indeed, ORIC stated in its marketing materials that it worked with each lender's underwriting guidelines to "establish a premium structure that is tailored" to the individual lender's "operation." Accordingly, ORIC has been privy to underwriting guidelines from thousands of lenders and has seen the development of underwriting practices and procedures since at least 1954.

41.    In its marketing materials, ORIC stated that it uses its vast experience to assist its "partners" in avoiding risk.  According to ORIC, its "seasoned underwriters" review lender portfolios "to spot quality trends before they negatively affect delinquency—recommendations are provided to help [lenders] correct problem trends and maximize insured portfolio development, in the most efficient ways possible."

42.     Despite all of ORIC's experience and information and its commitment to use its experience and information to help their customers avoid risk, ORIC did not make significant recommendations to BANA or identify problems that might negatively affect delinquency. Rather, ORIC audited BANA's loans and underwriting practices and affirmatively approved of them.  ORIC never expressed significant concern to BANA about its underwriting practices until after the market collapsed and claims started to be made at an increasing rate.  As long as the market remained relatively strong, and claims levels remained moderate, ORIC was happy to collect premiums on loans that were made based on existing underwriting practices, about which it was fully aware.  Indeed, up until the time that the real estate market collapsed, ORIC was touting how it could help lenders "maximize . . . lending capabilities so that *lending opportunities are not missed—by* underwriting guidelines so that lenders could "book business otherwise left on the table." (Emphasis added).

43.     Prior to the recent decline in the national residential real estate market, ORIC expressed its continued satisfaction with the manner in which BANA performed its underwriting of residential mortgages pursuant to an audit of a sampling of BANA's insured portfolio.  For example, by letter dated December 28, 2006, ORIC reported to BANA that it had reviewed "a sampling of [BANA's] insured portfolio in order to summarize how it compares to the success of like Old Republic insured portfolios."  ORIC stated that, after the review, it "felt that the underwriting was satisfactory and [sic] pleased with the results.  [ORIC is] happy with the partnership developed with Bank of America and look forward to a continued relationship."

### C.     The National Housing Decline and "Mortgage Crisis"

44.     As is now common knowledge, the once-booming housing market collapsed. ORIC continued to express satisfaction with BANA's underwriting practices even after the real estate market and mortgage business headed into crisis.  As home-price appreciation continued to slow in certain markets, by early 2007 lenders selling subprime loans found it more difficult to sell those loans into the secondary markets, and some of those lenders downsized or failed.  By late summer 2007, the secondary market that had existed for securitized mortgage loans (whether

- 10 -

**App. 46**

subprime or prime in nature) largely dried up. Moreover, throughout 2007, real estate prices flattened and then began to decrease nationally in the first national home-price depreciation since the Great Depression, leading to substantial increases in default and foreclosure rates. Active participants in the real estate and mortgage markets, including ORIC, were well aware of these market conditions, and the popular press was full of news of a "mortgage crisis."

45.    The United States spiraled downward into a deep economic recession. The aforementioned decreases in home prices resulted in many homeowners finding themselves in a position of negative equity, *i.e.* these borrowers had debt higher than the value of the property. In addition to the collapse of the real estate market, employers have downsized, eliminating millions of employees as well as decreasing existing employees' salaries. According to the United States Labor Department, the unemployment rate rose to over 10% in October 2009.

46.    As a result of the factors above and other economic factors, the United States experienced a dramatic increase in the rates of defaults on residential mortgage loans. The increase of defaults is not limited to loans originated by BANA but is a phenomenon occurring nationwide that has impacted all mortgage lenders. This risk of default is exactly the type of risk ORIC agreed to insure.

**D.    Proper Submission of Claims For Coverage By BANA**

47.    Given the historic level of defaults nationwide, the number of claims submitted to ORIC by BANA for loans in default increased.

48.    Loans insured under the Policy have been and continue to be in default, as that term is defined in the Policy. Defaults for loans insured by the Policy are expected to continue for some time.

49.    Pursuant to the terms and conditions of the Policy, BANA timely notified ORIC of the loans insured under the Policy that were in default.

50.    Pursuant to the terms and conditions of the Policy, BANA timely submitted a claim and proof of loss for the loans insured under the Policy that were in default.

- 11 -

51.      The claims and proofs of loss that BANA submitted for the loans in default include documentation that complies with applicable terms and conditions of the Policy.

**E.      ORIC's Wrongful Claims Handling**

52.      Since the collapse of the real estate market, ORIC has unreasonably denied coverage, as evidenced by its claims-handling positions.

53.      ORIC has denied claims for reasons that are unsubstantiated under the terms and conditions of the Policy.  Despite ORIC's experience in this business, its transparent access to BANA's mortgage business information, and its review and re-review of substantial documentation related to the loans, ORIC now claims it somehow did not understand the risk involved in the Policy or the underwriting on the subject loans.

54.      For example, ORIC has denied claims and threatened that it will seek to deny or rescind coverage for individual loans based on, among other things, improper post-loss underwriting (*i.e.*, attempting to avoid the very obligations it willingly undertook now that the risks it voluntarily underwrote became manifest) and purported but unsubstantiated borrower misrepresentations in the loan origination materials in the hopes that it can avoid its obligations under the Policy.

55.      Now that the economy is in a deep recession and the number of defaults has increased, ORIC is seeking to blame BANA for the risks ORIC knowingly underwrote and to run from coverage.  Before the market turned, ORIC benefitted from the expansion of the business and substantial premiums paid to it by BANA and others in this market.  The fact that ORIC is now having to pay on claims it agreed to insure is no reason to seek to avoid its obligations.

56.      ORIC willingly underwrote the Policy and marketed it under the premise that it would allow BANA to minimize its risk.

57.      ORIC is now manufacturing excuses for its failure to pay valid claims and seeking to blame BANA for problems that are endemic to the economy as a whole.  ORIC's actions are a transparent effort to shift the consequences of insured risks it has agreed to accept,

- 12 -

**App. 48**

risks that result not from any actions of BANA but from the unforeseen deterioration in the real estate market across the country.

58.    Between 2009 and 2010, claims paid by ORIC under the Policy fell by 75%, with no indications from ORIC as to the reason for the dramatic decrease.

59.    In more prosperous times, ORIC reaped hundreds of millions of dollars through its participation in the home mortgage market by selling mortgage insurance policies.  In fact, ORIC has received in excess of $40 million in premiums from BANA alone for the Policy at issue in this litigation, which premiums are continuing to be paid at a rate of over $870,000 per month.  Now, however, ORIC faces the reality of steep financial losses – hundreds of millions of dollars – because it has to pay on the insurance it issued.

### FIRST CAUSE OF ACTION:  DECLARATORY JUDGMENT

60.    BANA hereby repeats and incorporates by reference paragraphs 1 through 59 as if fully set forth herein.

61.    ORIC received all premiums due under the Policy.  All of the other terms, provisions, and conditions precedent of the Policy have been complied with.

62.    BANA has timely submitted claims and proofs of loss for losses due to defaults by borrowers in the repayment of loans.  In submitting these claims and proofs of loss, BANA has substantially complied with all terms, provisions, and conditions of the Policy.

63.    To the extent BANA has not substantially complied with terms, provisions, and conditions precedent of the Policy, then ORIC waived and/or is estopped from asserting such a defense given that its actions and course of conduct have been inconsistent with an intention to enforce requirements under the Policy.

64.    As alleged above, ORIC agreed under the terms and conditions of the Policy to insure that the borrowers for each of the residential mortgage loans made payment of principal and interest and in the event of borrower default, to pay the amounts of such default to BANA so it would be made whole on losses.

65.    Actual and justiciable controversies presently exist between BANA and ORIC

- 13 -

concerning ORIC's obligations to pay for losses due to defaults by borrowers, pursuant to the terms of the Policy, within thirty (30) days after presentation of satisfactory evidence of loss to ORIC through claims and proofs of loss that substantially complied with all terms, provisions and conditions of the Policy.

66.    For example, ORIC engages in post-loss underwriting, using evidence beyond that required by BANA's underwriting guidelines and acquired by ORIC after the fact, to assert that alleged misrepresentations at the time of loan origination justify rescission of the Policy with respect to that loan.  BANA, in contrast, asserts that rescission is not justified where the loan was approved in accordance with BANA's underwriting guidelines.

67.    ORIC has also asserted its right to deny or rescind coverage for specific loans based on purported borrower misrepresentations in the loan file, whereas BANA disagrees that such misrepresentations exist and if they do indeed exist, the purported borrower misrepresentations are insufficient to justify rescission.

68.    The parties further dispute the quality and quantity of proof necessary to constitute a claim for coverage under the policy.  ORIC asserts that missing documents having nothing to do with the loss in question are a sufficient basis for ORIC to deny the claim.  BANA disputes this and asserts that so long as BANA has substantially complied with the requirements of the policy, then BANA has filed a valid claim.

69.    An actual and justiciable controversy also presently exists regarding the interpretation of various other provisions in the Policy and the proper processing of BANA's claims by ORIC under the Policy.

70.    For these reasons, it is appropriate for this Court to declare, pursuant to 28 U.S.C. § 2201(a), the rights and obligations of the parties under the Policy with respect to, among other things, the issues described above.

### SECOND CAUSE OF ACTION:  BREACH OF CONTRACT

71.    BANA hereby repeats and incorporates by reference paragraphs 1 through 70 as if fully set forth herein.

72.     As alleged above, ORIC agreed under the terms and conditions of the Policy to insure BANA for losses due to defaults by borrowers in the repayment of loans.

73.     ORIC received all premiums due under the Policy.  All of the other terms, provisions, and conditions of the Policy have been complied with.

74.     To the extent BANA has not substantially complied with terms, provisions, and conditions precedent of the Policy, then ORIC waived and/or is estopped from asserting such a defense given that its actions and course of conduct have been consistent with an intention to enforce requirements under the Policy.

75.     BANA has timely submitted claims and proofs of loss for losses due to defaults by borrowers in the repayment of loans.  In submitting these claims and proofs of loss, BANA has complied with all terms, provisions and conditions of the Policy.

76.     ORIC committed substantial and material breaches of its contractual obligations under the Policy by wrongfully denying full coverage, including failing and/or refusing to pay the losses due to defaults on claims within thirty (30) days after presentation of satisfactory evidence of loss to ORIC for loans that substantially complied with all terms, provisions and conditions of the Policy.

77.     BANA has suffered, and continues to suffer, as a direct and proximate result of ORIC's contractual breaches of the Policy, substantial monetary damages totaling in excess of $160 million, exclusive of interest and costs associated with this lawsuit.

**THIRD CAUSE OF ACTION:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

78.     BANA hereby repeats and incorporates by reference paragraphs 1 through 77 as if fully set forth herein.

79.     As alleged above, ORIC agreed under the terms and conditions of the Policy to insure BANA for losses due to default by borrowers in the repayment of loans.

80.     Implied in every insurance policy is a covenant that the insurance company will act in good faith and deal fairly with its insured, that the insurance company will do nothing to

- 15 -

**App. 51**

interfere with the right to receive benefits under the policy, that the insurance company will give at least as much consideration to the interests of the insured as it does its own interests, that the insurance company will exercise diligence, good faith and fidelity in safeguarding the insured's interests, that it will deal ethically with the insured and will fairly and adequately inform the insured with respect to the nature and scope of its insurance coverage (hereinafter, the "implied covenant of good faith and fair dealing").

81.    ORIC has breached the implied covenant of good faith and fair dealing by, among other things:

a)    refusing to pay valid claims for reasons that are unsubstantiated under the terms and conditions of the Policy;

b)    denying BANA insurance coverage based on extraneous information, such as improper use of information developed or created after the loans to deny claims, rather than on the particular facts of each claim; and

c)    failing and/or refusing to promptly pay or deny claims properly submitted by BANA, resulting in $28 million in claims filed and pending and an additional $31 million in claims that ORIC stated it is unable to process.

82.    ORIC's actions were taken for the purpose of consciously withholding policy benefits and placing its own interests above those of its insured's for the purpose of utilizing money which should have been paid under the terms and conditions of the Policy.

83.    ORIC's actions, as set forth above, are without any reasonable justification, were undertaken in bad faith, and constitute a breach of its duty of good faith and fair dealing.

84.    As a result of ORIC's breach of the implied covenant of good faith and fair dealing, BANA has suffered and will continue to suffer substantial monetary damages, including compensatory damages in the amount of unpaid insurance claims.

**FOURTH CAUSE OF ACTION: BAD FAITH**

85.    BANA hereby repeats and incorporates by reference paragraphs 1 through 59 as if fully set forth herein.

- 16 -

**App. 52**

86.     As alleged above, ORIC agreed under the terms and conditions of the Policy to insure BANA for losses due to default by borrowers in the repayment of loans.

87.     BANA has timely submitted valid claims under the Policy.

88.     ORIC has refused to pay these claims even after recognizing that the claims are valid and that BANA is entitled to payment.

89.     ORIC has acted in bad faith in denying coverage to BANA for losses due to the default by borrowers in the repayment of loans and in refusing to settle valid claims submitted by BANA for such losses by, among other things:

   a)  taking unreasonable claims positions in denying claims submitted by BANA;

   b)  willfully interpreting policy provisions so as to resolve ambiguities and uncertainties, if any, against BANA and in favor of ORIC's own interests;

   c)  stopping payment on valid claims once the amount ORIC paid in claims reached the amount of premiums it received under the Policy, thus increasing its denial rate;

   d)  unreasonably denying almost three (3) times the number of claims submitted by BANA under the policy than it has paid; and

   e)  compelling BANA to initiate this case to obtain the insurance coverage to which it is entitled under the Policy.

90.     ORIC's conduct, as described above, has been aggravating and outrageous.

91.     BANA is informed and believes, and on that basis alleges, that in taking such actions, ORIC has been guilty of malice and/or wanton and reckless disregard of BANA's rights under the Policy and were carried on with the deliberate intent to injure BANA and advance ORIC's own pecuniary interest.

92.     As a result of ORIC's bad faith denial of coverage and refusal to settle claims under the Policy, BANA has suffered and will continue to suffer substantial monetary damages in addition to the damages from unpaid claims.

- 17 -

93.     ORIC's aggravated bad faith conduct also entitles BANA to an award of punitive damages in such amount as is sufficient to punish ORIC for its willful and tortious actions and deter future mortgage insurers from engaging in similar conduct.

## PRAYER FOR RELIEF

WHEREFORE, BANA demands that this Court award judgment in its favor and against ORIC as follows:

1.     With respect to the First Cause of Action, BANA requests that the Court declare the rights and obligations of the parties, including but not limited to, a declaration that:

(a)    Pursuant to Section 4 of the Policy, ORIC must pay or make good all adjusted claims within thirty (30) days after presentation of satisfactory evidence of loss to ORIC for loans, and if ORIC does not respond to a claim or set forth with specificity its reasons for denying or otherwise avoiding coverage for a claim within thirty (30) days, ORIC is precluded from later asserting grounds for denying or otherwise avoiding coverage for a claim;

(b)    Any time-limitation provisions imposed in the Policy or by law are tolled for both existing claims and future claims as a result of the filing of a suit, action or proceeding for the recovery of any claim under the Policy;

(c)    "Substantial compliance" with the requirements under the Policy satisfies the Policy's requirements for filing a claim;

(d)    A claim may not be denied under the Policy based on documents allegedly missing from the loan file unless such alleged missing documents are material the evaluation of the claim and that absence of those documents has caused real and substantial prejudice;

(e)    Claims or proofs of loss submitted by BANA under the Policy for claims processing are not required to include documents beyond those required by the underwriting guidelines applicable to the loans which are the subject of the claims;

- 18 -

(f)     If the timeliness of BANA's substantial compliance with providing the necessary supporting documents for a claim or proof of loss is at issue, the appropriate remedy under the Policy is to request supplemental information, not to forfeit coverage;

(g)     Addresses the rights and responsibilities of the parties as to timing issues involved under the policies and the law with regard to the filing of claims;

(h)     Coverage for a loan may not be rescinded where the loan was originated in accordance with the applicable underwriting guidelines and approved for insurance;

(i)     Claims on loans under the Policy may not be denied or rescinded based on post-loss underwriting;

(j)     Claims on loans under the Policy may not be denied or rescinded based on purported borrower misrepresentation; and

(k)     Any attempt by ORIC to rescind coverage by returning premiums is invalid and that any monies received by BANA should be credited against amounts that BANA owes.

2.     With respect to the Second Cause of Action, BANA requests that the Court enter judgment against ORIC for actual money damages in excess of $160 million for ORIC's breach of the Policy according to proof at trial, pre-judgment and post-judgment interest as allowed by law, and other such relief the court deems just and proper.

3.     With respect to the Third Cause of Action, BANA requests that the Court enter judgment against ORIC for actual money damages in excess of $160 million for ORIC's breach of the implied duty of good faith and fair dealing according to proof at trial, pre-judgment and post-judgment interest as allowed by law, and other such relief the court deems just and proper;

4.     With respect to the Fourth Cause of Action, BANA requests that the Court enter judgment against ORIC for actual damages, punitive damages for ORIC's bad faith denial of

- 19 -

**App. 55**

coverage and refusal to settle claims according to proof at trial, pre-judgment and post-judgment interest as allowable by law, and other such relief the court deems just and proper.

**<u>JURY DEMAND</u>**

1.      BANA requests a trial by jury on all issues so triable.


Date:   November 3, 2010

/s/ G. Michael Barnhill
G. Michael Barnhill, N.C. Bar #9690
Debbie W. Harden, N.C. Bar #10576
Meredith J. McKee, N.C. Bar #33471
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, NC 28202
Telephone: (704) 331-4900
mbarnhill@wcsr.com
dharden@wcsr.com
mmckee@wcsr.com

OF COUNSEL:

David M. Halbreich
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
dhalbreich@reedsmith.com

David E. Weiss
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:  (415) 543-8700
dweiss@reedsmith.com

*Attorneys for Plaintiff BANK OF AMERICA, N.A.*

- 20 -

**App. 56**

# EXHIBIT A

## Part 1 of 4

Case 3:10-cv-00553-GCM -DCK   Document 1-1   Filed 11/03/10   Page 1 of 27

No......... T 90 ..........................

**Renewal of**
**Policy No.**............................

# CREDIT INSURANCE POLICY



*GREENSBURG, PENNSYLVANIA*
*A STOCK COMPANY*
(hereinafter called the Company)

In consideration of the stipulations and provisions hereinafter set forth and of the premium hereinafter specified, does insure

BANK OF AMERICA

a corporation organized under the laws of ........NORTH CAROLINA........., hereinafter called the Assured, whose address is ........Charlotte, North Carolina........, against loss (only as herein defined and limited) due to Default by a Borrower from the Assured in the repayment to the Assured of Loans evidenced by Eligible Notes, reported to the Company and insured hereunder which were made to finance the alteration, repair, conversion, improvement or modernization of real property.

This Policy shall be effective from the........1.......day of.......July......., 20.....02....., at 12:01 A.M. at the place of business of the Assured and shall remain in force continuously until cancelled. The coverage afforded by this Policy shall attach to a particular loan coincident with the actual disbursement by the Assured of the Loan during such period.

The Assured shall pay the Company a premium calculated upon the entire term of the Note at the rate of.......1.85......% per annum of the net proceeds (as hereinafter defined) of any Loan reported for insurance, which premium shall be payable within 15 days after the close of the month in which the Loan is made or purchased. In computing the premium, no charge shall be made for a fractional period of a month consisting of 15 days or less and a charge for a full month shall be made for a fractional period of a month consisting of more than 15 days.

Loans shall be reported to the Company for insurance on the form prescribed by the Company within 15 days after the close of the month in which the Loan is made or purchased.

The Company's liability for loss with respect to any Insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to five thousand dollars ($5,000.00) unless a higher limit is specifically approved by the Company and is endorsed hereon. The Company's maximum cumulative liability for Loss under this Policy is further limited to ten percent (10%) of the Aggregate net proceeds of loans insured hereunder made by the Assured during the 12 month period immediately following the effective date of this Policy and during each succeeding 12 month period in which this Policy is in full force and effect. The Company's maximum liability under this Policy shall in no event exceed $......50,000,000...... during each such 12 month period.

This Policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated which are hereby made part of this Policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this Policy.

IN WITNESS WHEREOF, the Company has duly executed these presents; but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

Countersigned this .........17th.........

day of.......JUNE......., 20.02.....

**OLD REPUBLIC INSURANCE COMPANY**

By.......................................................
Authorized Representative

_____
President

_____
Secretary

ICS-1C—Rev. 8/59                                                    (11/99)

Green Copy for Old Republic Insurance Company    Pink Copy for File    Canary Copy for Insured Credit Services, Inc.

## PROVISIONS AND STIPULATIONS

### 1. DEFINITIONS

a. "Loan" means an advance of funds, or the purchase of an obligation, evidenced by an Eligible Note, the proceeds of which have been or are to be used for the alteration, repair, conversion, improvement or modernization of real property located within the continental limits of the United States of America.

b. "Eligible Note" or "Note" means any written evidence of obligation, including a note, bond, mortgage or indenture which:

(1) Bears the genuine signature of the Borrower and all other parties to the instrument, is complete and regular on its face, and is valid and enforceable against the Borrower; and

(2) Contains an acceleration clause which provides for acceleration of maturity either automatically or at the option of the holder, in the event of default in payment of any installment upon the due date thereof; and

(3) Contains payment and maturity requirements meeting the following specifications: The Note shall be payable in approximately equal monthly installments, the first of which shall fall due within six months and the last within sixty months and 32 days from the date of the Note. If the principal income of the Borrower is derived from a seasonal operation or business, the Note may be made payable in installments corresponding with the seasonal variation in Borrower's income shown on his application for credit; provided the first installment is payable within twelve months of the date of the Note; and further provided that the sum of installments to be paid in any year subsequent to the first year shall not be greater than the proportion of the total debt which is to be paid in the first year; and further provided that a token payment is due in each off-season month; and

(4) Is for an amount such that the net proceeds, as defined below, of such note plus the then unpaid net proceeds of any other loans insured by the Company made by the Assured to the individual Borrower making the note are not in excess of $5,000.00, except that specified notes for greater amounts may be insured hereunder upon endorsement of this policy specifically insuring such notes.

c. "Borrower" means one, whether individual, partnership, corporation or other legal entity, who applies for and receives a Loan, evidenced by an Eligible Note, and whose interest in the real property to be improved is:

(1) A fee title; (2) a life estate; (3) a leasehold estate having a fixed term expiring after the maturity of the Note; or (4) an equitable interest under a contract or deed of trust to create an interest in real property of the character described in (1), (2) or (3). No such person shall be accepted by the Assured as a Borrower if such person is past due more than fifteen days as to the payment of an obligation owed the Assured or any obligation insured by the Company or is past due more than thirty days as to the payment of any other indebtedness evidenced by a note, bond or contract signed by such person and the Assured through its usual credit investigation is placed on notice of such fact or facts, unless other circumstances known to the Assured make a loan to such person a credit risk acceptable to a prudent lender.

d. "Payment" or "Installment" means a deposit by the Borrower with the Assured of funds which represent the full or partial repayment of a Loan according to the terms of the Note evidencing such Loan.

e. "Default" means the failure of the Borrower to make any payment to the Assured at the time and in the manner and amount specified in the Note evidencing the Loan.

f. "Date of Default" means the earliest date upon which an installment or payment was due which was not paid by the Borrower according to the terms of the Note.

g. "Loss" means the amount payable to the Assured by the Company as provided in paragraph 5 hereof.

h. "Net Proceeds" means the amount of the loan actually made or the purchase price of the note, exclusive of finance charges, fees, and other deductions.

### 2. CONDITIONS PRECEDENT TO RECOVERY

Prior to making a Loan, the Assured shall obtain a dated credit application fully executed by the Borrower. The credit application supplemented by such other information as the Assured deems necessary, must, in the judgment of the Assured, clearly show the Borrower to be solvent, with reasonable ability to repay the Loan, and in other respects a reasonable credit risk. If, after the Loan is made, the Assured discovers any material misstatements in the credit application, or misuse of the proceeds of the Loan by the Borrower, the Assured shall promptly report such discovery to the Company.

The Assured shall exercise due diligence in disbursing proceeds of loans and in effecting collections and shall service its Loans in accordance with acceptable practices of prudent lending institutions.

All payments received on account of the Note, except late charges, must be applied to the maturing installments in their order, except that any sum received by the Assured in excess of three advanced monthly payments shall be credited to the final installments in the absence of specific written instructions from the Borrower to do otherwise.

Claim may be made after Default provided written demand has been made on the Borrower for the full unpaid balance of the Note. The Company reserves the right to require the Assured to reduce the Note to judgment subject to the limitations of the terms of the Note.

### 3. NOTICE OF DEFAULT AND FILING OF CLAIMS FOR LOSS

Should a Default continue for a period of 90 days, notice thereof must be filed with the Company monthly thereafter, on the form prescribed by the Company until the Default is cured or a claim of Loss filed. A claim for Loss may be filed as to an individual Loan at any time after Default but in no event later than six months after Default unless the Company shall grant an extension of the claim period in writing. Claims shall be filed in the defaulted Note to the Company or such other person as may be designated by the Company as assignee.

### 4. PAYMENT OF LOSS

All adjusted claims shall be paid or made good within thirty days after presentation of satisfactory evidence of Loss to the Company.

### 5. LIMIT OF LOSS

In addition to the limitations heretofore set out, the Company shall be obligated to pay hereunder only the full unpaid balance of the Note or of the actual purchase price thereof, whichever is lesser, less the unearned discount thereon, plus

a.  uncollected earned interest to date of Default and interest at the rate of 4% per annum from the date of Default to the date of presentation of Proof of Loss; plus

b.  uncollected court costs (including fees paid for issuing, serving and filing summons); plus

c.  attorneys' fees actually paid, not exceeding:

  (1) 25 percent of the amount collected by the attorney on the defaulted Note provided the Assured does not waive its claim against the Borrower for such fees; plus

  (2) $25.00 or 15 percent of the balance due on the Note, whichever is the lesser, if a judgment is secured by suit, or $10.00 or 15 percent of the balance due on the Note, whichever is the lesser, if a judgment is secured by confession after default; plus

  (3) $50.00 plus 5 percent of the balance due on the Note as an additional fee where the action is contested and judgment is obtained;

less any part of the foregoing amounts which the Assured has collected from others, or which the Assured can collect from a reserve or holdback funds in its hands.

### 6. SUBROGATION

In the event of any payment under this Policy, the Company shall be subrogated to all of the Assured's rights of recovery against the Borrower and any other person or organization liable under the terms of the defaulted Note and against any reserve or holdback funds in its hands, and the Assured shall execute and deliver at the request of the Company instruments and papers and do whatever else is necessary to transfer, assign and secure such rights. The Assured shall do nothing after Loss to prejudice such rights, and the execution by the Assured of a release or waiver of the right to collect the unpaid balance of a Loan shall equally release the Company from any further obligation under this Policy as to said Loan, anything in this Policy to the contrary notwithstanding.

### 7. TRANSFER OR PREPAYMENT OF LOANS REPORTED FOR INSURANCE

All liability under this Policy with respect to any individual loan shall terminate upon sale or transfer (including without limiting the generality of application of this section, transfers pursuant to, or resulting from merger or consolidation of the Assured with any other corporation or company) of such loan, or the note evidencing same, to any transferee not holding a similar Policy issued by the Company.

Such sales or transfers may be made to a transferee holding a similar Policy issued by the Company only with the prior written approval of the Company. In the event of such a sale or transfer, the continuing liability of the Company to the transferee with regard to the loan or loans sold or transferred shall be ten percent of the aggregate unpaid balance of the net proceeds of such loan or loans at the time of transfer or sale, and the aggregate limit of liability of the Company to the Assured hereunder shall be reduced by an equal amount.

In no event will the Company refund any premium to the Assured upon the sale or transfer of any loan or loans insured hereunder.

Nothing contained herein shall be construed to prevent the pledging of such Loans, or the notes evidencing the same, as collateral security under a bona fide loan agreement.

In the event that the Borrower shall prepay an eligible loan for which the required premium has been paid by the Assured to the Company, upon receipt of a report of such prepayment and application for premium refund on the form prescribed by the Company, the Company shall return to the Assured a premium refund calculated according to the sum-of-the-digits method, and the aggregate cumulative liability of the Company hereunder shall be reduced by ten percent of the original net proceeds of said loan.

### 8. REPORTS AND EXAMINATION

The Company may at any time call upon the Assured for such reports as it may deem necessary and may inspect the books or the Accounts of the Assured as they pertain to the Loans reported for insurance hereunder. All Loans reported to the Company for insurance hereunder shall be identified by methods satisfactory to the Company on the records of the Assured.

### 9. AMENDMENTS

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this Policy or estop the Company from asserting any right under the terms of this Policy. The terms of this Policy may be waived or changed only after written approval of the Company and by an endorsement signed on behalf of the Company by its President, Vice President or Secretary and countersigned by a duly authorized representative of the Company.

### 10. MISREPRESENTATION AND FRAUD

The Policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Assured touching any matter relating to this insurance or the subject thereof whether before or after a loss, or if the Assured shall make any claim which is false or fraudulent either in amount or otherwise.

### 11. OTHER INSURANCE

If at the time of Loss or Default there is any other valid and collectible insurance which would attach if this

**App. 60**

insurance had not been effected, this insurance shall apply only as excess and in no event as contributing insurance, and then only after all other insurance has been exhausted.

## 12. ASSIGNMENT OF POLICY

This Policy shall be void if assigned or transferred without the written consent of this Company, whether such transfer be voluntary or involuntary.

## 13. SUIT AGAINST COMPANY

No suit, action or proceeding for the recovery of any claim under this Policy shall be instituted or sustainable in any court of law or equity unless Proof of Loss has been duly filed with respect thereto, and unless such suit, action or proceeding be commenced within twelve months next after Default; provided, however, that if by the laws of the State within which this Policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceedings be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein.

## 14. CANCELLATION

This Policy may be cancelled by the Assured by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This Policy may be cancelled by the Company by mailing to the Assured at the address shown in this Policy or last known address written notice stating when, not less than five days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Assured or by the Company shall be equivalent to mailing.

Cancellation of this Policy shall not affect the insurance privilege of the Assured with respect to any loan previously reported for insurance.

## 15. CONFORMITY TO STATUTE

Terms of this Policy which are in conflict with the statutes of the State wherein this Policy is issued are hereby amended to conform to such statutes.



**App. 61**



**BANK OF AMERICA**
**Policy T90 issued 07/01/2002**
**TABLE OF CONTENTS**

| Policy Reference | Endorsement | Applicable Payee Code | Eff. Date (if after policy issue) |
|---|---|---|---|
| Page 1,  Par. 2 & 3 | Mode of Premium: Outstanding Balance | All | |
| Page 1, Par 2 | Monthly Premium Rate | 581 | 08/01/2004 |
| Page 1, Par 2 | Monthly Premium Rate | 582 | 08/01/2004 |
| Page 1, Par 2 | Monthly Premium Rate | 583 | 08/01/2004 |
| Page 1, Par 2 | Monthly Premium Rate | 584 | 08/01/2004 |
| Page 1, Par 2 | Monthly Premium Rate | 585 | 08/01/2004 |
| Page 1, Par 2 | Monthly Premium Rate | 586 | 05/012006 |
| Page 1, Par 2 | Monthly Premium Rate | 587 | 08/01/2004 |
| Page 1, Par 2 | Monthly Premium Rate | 720 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 721 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 722 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 723 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 724 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 724/826 | 05/01/2006 |
| Page 1, Par 2 | Monthly Premium Rate | 725 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 726 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 727 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 728 | 09/01/2005 |
| Page 1, Par 2 | Monthly Premium Rate | 813 | |
| Page 1, Par 2 | Monthly Premium Rate | 813/827 | 05/01/2006 |
| Page 1, Par 2 | Monthly Premium Rate | 814 | |
| Page 1, Par 2 | Monthly Premium Rate | 815 | |
| Page 1, Par 2 | Monthly Premium Rate | 821 | 05/01/2003 |
| Page 1, Par 2 | Monthly Premium Rate | 823 | 5/1/2006 |
| Page 1, Par 2 | Monthly Premium Rate | 824 | 5/1/2006 |
| Page 1, Par 2 | Monthly Premium Rate | 825 | 5/1/2006 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 581 | 08/01/2004 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 582 | 08/01/2004 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 583 | 08/01/2004 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 584 | 08/01/2004 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 585 | 08/01/2004 |

**BANK OF AMERICA**
**Policy T90 issued 07/01/2002**
**TABLE OF CONTENTS**

| Policy Reference | Endorsement | Applicable Payee Code | Eff. Date (if after policy issue) |
|---|---|---|---|
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 586 | 05/01/2006 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 587 | 08/01/2004 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 720 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 721 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 722 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 723 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 724 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 724/826 | 05/01/2006 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 725 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 726 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 727 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 728 | 09/01/2005 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 813 | |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 813 | 09/01/2003 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 813/827 | 05/01/2006 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 814 | |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 814 | 09/01/2003 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 815 | |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 815 | 09/01/2003 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 821 | 05/01/2003 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 823 | 05/01/2006 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 824 | 05/01/2006 |
| Page 1, Par. 5 | Individual Loan Limit/Sanctioned Guidelines | 825 | 05/01/2006 |
| Page 1, Par. 5 | Maximum Liability  $ | All | |
| Section 1, Def b. 4 | Definition of Eligible Note | 581 | 08/01/2004 |
| Section 1, Def b. 4 | Definition of Eligible Note | 582 | 08/01/2004 |
| Section 1, Def b. 4 | Definition of Eligible Note | 583 | 08/01/2004 |
| Section 1, Def b. 4 | Definition of Eligible Note | 584 | 08/01/2004 |
| Section 1, Def b. 4 | Definition of Eligible Note | 585 | 08/01/2004 |
| Section 1, Def b. 4 | Definition of Eligible Note | 586 | 05/01/2006 |
| Section 1, Def b. 4 | Definition of Eligible Note | 587 | 08/01/2004 |
| Section 1, Def b. 4 | Definition of Eligible Note | 720 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 721 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 722 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 723 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 724 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 724/826 | 05/01/2006 |

**BANK OF AMERICA**
**Policy T90 issued 07/01/2002**
**TABLE OF CONTENTS**

| Policy Reference | Endorsement | Applicable Payee Code | Eff. Date (if after policy issue) |
|---|---|---|---|
| Section 1, Def b. 4 | Definition of Eligible Note | 725 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 726 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 727 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 728 | 09/01/2005 |
| Section 1, Def b. 4 | Definition of Eligible Note | 813 | |
| Section 1, Def b. 4 | Definition of Eligible Note | 813 | 09/01/2003 |
| Section 1, Def b. 4 | Definition of Eligible Note | 813/827 | 05/01/2006 |
| Section 1, Def b. 4 | Definition of Eligible Note | 814 | |
| Section 1, Def b. 4 | Definition of Eligible Note | 814 | 09/01/2003 |
| Section 1, Def b. 4 | Definition of Eligible Note | 815 | |
| Section 1, Def b. 4 | Definition of Eligible Note | 815 | 09//01/2003 |
| Section 1, Def b. 4 | Definition of Eligible Note | 821 | 05/012003 |
| Section 1, Def b. 4 | Definition of Eligible Note | 823 | 05/01/2006 |
| Section 1, Def b. 4 | Definition of Eligible Note | 824 | 05/01/2006 |
| Section 1, Def b. 4 | Definition of Eligible Note | 825 | 05/01/2006 |
| Section 1, Def. a | All Purpose End | All | |
| Section 1, Def. b. 3 | POLICY LOAN TERMS | All | |
| Section 2, Par. 3 | Payment Application | All | |
| Section 2, Par. 4 | Judgment Waiver | All | |
| Section 5.a. | Full Earnings | All | |
| Section 7 | Sales and Transfers | All | |
| Section 9 | North Carolina Amendatory Endorsement | All | |
| Section 14 | Cancellation Provision/OB Premium | All | |
| Policy | Retroactive Ratings Endorsement | All | |

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It is hereby understood and agreed that coincident
with the effective date of the Policy, Page 1,
Paragraph 2, Sentence 2 and Paragraph 3 are deleted
in their entirety and replaced with:

"The coverage afforded by this Policy shall
attach to a particular Loan commencing with
the first premium payment by the Assured to
the Company for such Loan.

"The Assured shall pay the Company a monthly
premium as endorsed hereunder on the unpaid
balance outstanding at the beginning of every
month of any Loan reported for insurance.   The
premium shall be payable on the 10th day of
every month in which there is an unpaid
balance outstanding on a Loan reported for
insurance.   The first premium payment shall be
due on the date upon which the Loan is
reported for insurance."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

President                                              Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____                              Authorized Representative

1-03A001A.0X                                                              v.060127

**App. 65**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                        Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
August 1, 2004, the Assured shall pay the Company
a monthly premium of 0.060% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 581

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                          _____
President                                                        Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____    Authorized Representative

S210-HIL

**App. 66**

ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
August 1, 2004, the Assured shall pay the Company
a monthly premium of 0.125% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 582

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____          _____
President                        Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

S310-HIL

**App. 67**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
August 1, 2004, the Assured shall pay the Company
a monthly premium of 0.090% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 583

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

President                                       Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

S420-HIL

**App. 68**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3, Sentence 1 of the Policy.

It is hereby understood and agreed that effective August 1, 2004, the Assured shall pay the Company a monthly premium of 0.120% on the unpaid balance outstanding at the beginning of every month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 584

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                   Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

S410-HIL

1-03D002A.0                                                              v.051101

**App. 69**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                   Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
August 1, 2004, the Assured shall pay the Company
a monthly premium of 0.150% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 585

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                Secretary

Countersigned at Chicago, Illinois this 30th day of December, 2004

_____ Authorized Representative

S600-HIL

**App. 70**

ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1, 2006, the Assured shall pay the Company a
monthly premium of .085% on the unpaid balance
outstanding at the beginning of every month of any
Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 586

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

                    President                              Secretary

Countersigned at Chicago, Illinois this 22nd day of August , 2006

                                                        Authorized Representative

S500-HIL

**App. 71**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                        Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3, Sentence 1 of the Policy.

It is hereby understood and agreed that effective August 1, 2004, the Assured shall pay the Company a monthly premium of 0.105% on the unpaid balance outstanding at the beginning of every month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 587

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                                  Secretary

Countersigned at Chicago, Illinois this 29th day of October, 2004

_____ Authorized Representative

S110-HIL

**App. 72**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**


The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
September 1, 2005, the Assured shall pay the
Company a monthly premium of 0.090% on the unpaid
balance outstanding at the beginning of every
month of any Loan reported for insurance.


This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 720


Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____          _____
President                                            Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ Authorized Representative


S230-HIL

**App. 73**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                     Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3, Sentence 1 of the Policy.

It is hereby understood and agreed that effective September 1, 2005, the Assured shall pay the Company a monthly premium of 0.120% on the unpaid balance outstanding at the beginning of every month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 721

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____
President

_____
Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____   Authorized Representative

S330-HIL

1-03D002A.0                                                                              v.051101

**App. 74**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3, Sentence 1 of the Policy.

It is hereby understood and agreed that effective September 1, 2005, the Assured shall pay the Company a monthly premium of 0.125% on the unpaid balance outstanding at the beginning of every month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 722

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____          _____
President                                         Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____    Authorized Representative

S430-HIL

**App. 75**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                              Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3, Sentence 1 of the Policy.

It is hereby understood and agreed that effective September 1, 2005, the Assured shall pay the Company a monthly premium of 0.060% on the unpaid balance outstanding at the beginning of every month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 723

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____              _____
President                                        Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ Authorized Representative

S530-HIL

**App. 76**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                     Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3, Sentence 1 of the Policy.

It is hereby understood and agreed that effective September 1, 2005, the Assured shall pay the Company a monthly premium of 0.220% on the unpaid balance outstanding at the beginning of every month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 724

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____            _____
President                                   Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ Authorized Representative

S630-HIL

**App. 77**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1, 2006, the Assured shall pay the Company a
monthly premium of 0.220% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 724
                    Payee Code 826

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

President                              Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                              Authorized Representative

S630-HIL

1-03D002A.0                                                                    v.051101

**App. 78**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
September 1, 2005, the Assured shall pay the
Company a monthly premium of 0.105% on the unpaid
balance outstanding at the beginning of every
month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 725

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                     _____
        President                                            Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____                                 _____ Authorized Representative

S730-HIL

1-03D002A.0                                                                      v.051101

**App. 79**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
September 1, 2005, the Assured shall pay the
Company a monthly premium of 0.085% on the unpaid
balance outstanding at the beginning of every
month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 726

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                           Secretary

Countersigned at Chicago, Illinois this 21st day of December, 2005

_____ Authorized Representative

S830-HIL

1-03D002A.0                                                    v.051101

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
September 1, 2005, the Assured shall pay the
Company a monthly premium of 0.085% on the unpaid
balance outstanding at the beginning of every
month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 727

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                                          Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ Authorized Representative

S140-HIL

**App. 81**

**ENDORSEMENT**

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                              Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
September 1, 2005, the Assured shall pay the
Company a monthly premium of 0.105% on the unpaid
balance outstanding at the beginning of every
month of any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 728

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                     _____
               President                                           Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____   Authorized Representative

S130-HIL

1-03D002A.0                                                            v.051101

**App. 82**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
July 1, 2002, the Assured shall pay the Company a
monthly premium of 0.105% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 813

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                   Secretary

Countersigned at Chicago, Illinois this 17th  day of June,  2002

_____  Authorized Representative

S100-HIL
1-03D032A.0P                                                        v.051101

**App. 83**

# EXHIBIT A

## Part 2 of 4

Case 3:10-cv-00553-GCM -DCK   Document 1-2    Filed 11/03/10   Page 1 of 23

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to   BANK OF AMERICA                    Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**


The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1, 2006, the Assured shall pay the Company a
monthly premium of 0.105% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.


This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 813

                     Payee Code 827


Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

                President                          Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    Authorized Representative


S100-HIL

**App. 85**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
July 1, 2002, the Assured shall pay the Company a
monthly premium of 0.085% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 814

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                    Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____ Authorized Representative

S200-HIL

**App. 86**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to   BANK OF AMERICA                        Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
July 1, 2002, the Assured shall pay the Company a
monthly premium of 0.145% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 815

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

                    President                                              Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

                                                                                 Authorized Representative

S300-HIL

**App. 87**

## ENDORSEMENT

This endorsement, effective May 1, 2003, forms a part of Policy No. T90

issued to    BANK OF AMERICA                              Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1, 2003, the Assured shall pay the Company a
monthly premium of 0.130% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 821

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

_____                    _____
President                                        Secretary

Countersigned at Chicago, Illinois this 18th day of June, 2003

_____  Authorized Representative

S400-HIL

**App. 88**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1,2006, the Assured shall pay the Company a
monthly premium of 0.210% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 823

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

                    President                              Secretary

Countersigned at Chicago, Illinois this 22nd day of August

_____                Authorized Representative

S840-HIL

1-03D002A.0                                                  v.051101

**App. 89**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**


The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1, 2006, the Assured shall pay the Company a
monthly premium of 0.110% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.


This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Pay Code 824


Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

President                                    Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    Authorized Representative


S640-HIL

**App. 90**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to   BANK OF AMERICA                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1 Paragraph 3,
Sentence 1 of the Policy.

It is hereby understood and agreed that effective
May 1, 2006, the Assured shall pay the Company a
monthly premium of 0.110% on the unpaid balance
outstanding at the beginning of every month of
any Loan reported for insurance.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 825

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or
limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company

Attest:

            President                              Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    Authorized Representative

S740-HIL

**App. 91**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                    Charlotte, North Carolina

by         **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
August 1, 2004, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 581

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
        President                                Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

S210-HIL

1-05D006B.0X                                                     v.051101

**App. 92**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective August 1, 2004, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to two hundred thousand dollars ($200,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 582

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
President                                          Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____  Authorized Representative

S310-HIL

1-05D006B.0X                                                    v.051101

**App. 93**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                          Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective August 1, 2004, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to two hundred thousand dollars ($200,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:    Payee Code 583

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                          Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

S420-HIL

1-05D006B.0X

v.051101

**App. 94**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                      Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
August 1, 2004, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred thousand
dollars ($200,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 584

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
President                                            Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

S410-HIL

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to   BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
August 1, 2004, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 585

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____                    _____
President                                  Secretary

Countersigned at Chicago, Illinois this 30th day of December, 2004

_____                    Authorized Representative

S600-HIL

1-05D006B.0X                                                    v.051101

**App. 96**

## ENDORSEMENT

This endorsement, effective  May 1, 2006,  forms a part of Policy No. T90

issued to   BANK OF AMERICA                                    Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph
5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2006, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company ``Sanctioned
Guidelines'' in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 586

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_President_                                           _Secretary_

Countersigned at Chicago, Illinois this 22ⁿᵈ  day of August, 2007

_____  Authorized Representative

S500-HIL

1-05D006B.0X                                                              v.051101

**App. 97**

## ENDORSEMENT

This endorsement, effective August 1, 2004, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

   The following modification is made to Page 1,
   Paragraph 5, Sentence 1 of the Policy:

      It is hereby understood and agreed that effective
      August 1, 2004, the Company's liability for Loss
      with respect to any insured Loan or Loans to an
      individual Borrower who defaults to the Assured
      hereunder shall be limited to two hundred fifty
      thousand dollars ($250,000.00), provided such
      insured Loan meets all of the qualifications set
      forth in the Company's qualifying specifications
      for Guideline Underwriting and Company "Sanctioned
      Guidelines" in effect on the date of such insured
      Loan, unless a higher limit has been specifically
      approved by the Company and endorsed hereon unless
      a higher limit is specifically approved by the
      Company and is evidenced by a certificate of
      insurance issued by the Company effective as of the
      date of the Loan.

   This endorsement is valid for and attaches to Loans
   reported, insured and identified as follows:

      LENDER PROGRAM ID:  Payee Code 587

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
        President                        Secretary

Countersigned at Chicago, Illinois this 2nd day of October, 2004

_____   Authorized Representative

S110-HIL

**App. 98**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                              Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective September 1, 2005, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to two hundred thousand dollars ($200,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 720

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____        _____
        President                          Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____  Authorized Representative

S230-HIL
1-05D006B.0X                                                         v.051101

**App. 99**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                              Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2005, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred thousand
dollars ($200,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 721

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ _____ Authorized Representative

S330-HIL

**App. 100**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                     Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2005, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred thousand
dollars ($200,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID: Payee Code 722

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
            President                                Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____Authorized Representative

S430-HIL

1-05D006B.0X                                                    v.051101

**App. 101**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2005, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to four hundred fifty
thousand dollars ($450,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 723

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                        Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____                    _____ Authorized Representative

S530-HIL
1-05D006B.0X                                              v.051101

**App. 102**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                    Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective September 1, 2005, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to fifty thousand dollars ($50,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 724

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
        President                                    Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____                          Authorized Representative

S630-HIL

**App. 103**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to   BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2006, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to one hundred thousand
dollars ($100,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 724
                    Payee Code 826

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_President_                     _Secretary_

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    _Authorized Representative_

S630-HIL

1-05D006B.0X                                   v.051101

**App. 104**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2005, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 725

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                      _____
            President                                              Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____                                     Authorized Representative

S730-HIL

**App. 105**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to   BANK OF AMERICA                           Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective September 1, 2005, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to two hundred fifty thousand dollars ($250,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 726

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                      Secretary

Countersigned at Chicago, Illinois this 21st day of December, 2005

_____  Authorized Representative

S830-HIL
1-05D006B.0X                                                      V.051101

**App. 106**

# EXHIBIT A

## Part 3 of 4

Case 3:10-cv-00553-GCM -DCK Document 1-3 Filed 11/03/10 Page 1 of 26

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                               Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2005, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 727

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
President                        Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____                    Authorized Representative

S140-HIL

1-05D006B.0X                                                    v.051101

**App. 108**

## ENDORSEMENT

This endorsement, effective September 1, 2005, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective September 1, 2005, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to four hundred fifty thousand dollars ($450,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 728

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest: _____          Spencer LeRay III
                    President                                    Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____                              Authorized Representative

S130-HIL
1-05D000B.0X

**App. 109**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to BANK OF AMERICA                        Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy.

It is hereby understood and agreed that effective July, 2002, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to one hundred fifty thousand dollars ($150,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 813

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____         _____
President                        Secretary

Countersigned at Chicago, Illinois this 18th day of June, 2003

_____                        Authorized Representative

S100-HIL

1-05D006F.0X                                        v.051101

This endorsement, effective September 1, 2003, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective September 1, 2003, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to two hundred fifty thousand dollars ($250,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID: Payee Code 813

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                  Secretary

Countersigned at Chicago, Illinois this 15th day of September, 2003

_____                    Authorized Representative

S100-HIL

**App. 111**

# ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to   BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2006, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to one hundred thousand
dollars ($100,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 813
                    Payee Code 827

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

        President                         Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                          Authorized Representative

S100-HIL

**App. 112**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to    BANK OF AMERICA                                    Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1, Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective July 1, 2002, the Company's liability for Loss with respect to any insured Loan or Loans to an individual Borrower who defaults to the Assured hereunder shall be limited to one hundred fifty thousand dollars ($150,000.00), provided such insured Loan meets all of the qualifications set forth in the Company's qualifying specifications for Guideline Underwriting and Company "Sanctioned Guidelines" in effect on the date of such insured Loan, unless a higher limit has been specifically approved by the Company and endorsed hereon unless a higher limit is specifically approved by the Company and is evidenced by a certificate of insurance issued by the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 814

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    Spencer LeRay II
President                                       Secretary

Countersigned at Chicago, Illinois this 18th day of June , 2003

_____                                    Authorized Representative

S200-HIL

**App. 113**

## ENDORSEMENT

This endorsement, effective September 1, 2003, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                   Charlotte, North Carolina

by          **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2003, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 814

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
President                                  Secretary

Countersigned at Chicago, Illinois this 15th day of September, 2003

_____ Authorized Representative

S200-HIL

**App. 114**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to    BANK OF AMERICA                              Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
July 1, 2002, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to one hundred fifty
thousand dollars ($150,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 815

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
President                                    Secretary

Countersigned at Chicago, Illinois this 18th day of June, 2003

_____  Authorized Representative

S300-HIL

**App. 115**

## ENDORSEMENT

This endorsement, effective  September 1, 2003,  forms a part of Policy No. T90

issued to   BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The  following  modification  is  made  to  Page  1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
September 1, 2003, the Company's liability for Loss
with respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred thousand
dollars ($200,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This  endorsement  is  valid  for  and  attaches  to  Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 815

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____      _____
President                                              Secretary

Countersigned at Chicago, Illinois this 15th day of September, 2003

_____ Authorized Representative

S300-HIL

## ENDORSEMENT

This endorsement, effective May 1, 2003, forms a part of Policy No. T90

issued to   BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2003, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred thousand
dollars ($200,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:   Payee Code 821

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                                    Secretary

Countersigned at Chicago, Illinois this 18th day of June, 2003

_____                                    Authorized Representative

S400-HIL
1-05D0065.0X

**App. 117**

## ENDORSEMENT

This endorsement, effective  May 1, 2006,  forms a part of Policy No. T90

issued to    BANK OF AMERICA                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2006, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to one hundred thousand
dollars ($100,000.00), provided such insured Loan
meets all of the qualifications set forth in the
Company's qualifying specifications for Guideline
Underwriting and Company "Sanctioned Guidelines" in
effect on the date of such insured Loan, unless a
higher limit has been specifically approved by the
Company and endorsed hereon unless a higher limit
is specifically approved by the Company and is
evidenced by a certificate of insurance issued by
the Company effective as of the date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 823

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

President                                    Secretary

Countersigned at Chicago, Illinois this 22nd day of August      , 2006

_____                              Authorized Representative

S840-HIL

1-05D006B.0X                                                      v.051101

**App. 118**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to   BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2006, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 824

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

President                            Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    Authorized Representative

S640-HIL

1-05D006B.0X                                                           v.051101

**App. 119**

## ENDORSEMENT

This endorsement, effective  May 1, 2006,  forms a part of Policy No. T90

issued to    BANK OF AMERICA                              Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Page 1,
Paragraph 5, Sentence 1 of the Policy:

It is hereby understood and agreed that effective
May 1, 2006, the Company's liability for Loss with
respect to any insured Loan or Loans to an
individual Borrower who defaults to the Assured
hereunder shall be limited to two hundred fifty
thousand dollars ($250,000.00), provided such
insured Loan meets all of the qualifications set
forth in the Company's qualifying specifications
for Guideline Underwriting and Company "Sanctioned
Guidelines" in effect on the date of such insured
Loan, unless a higher limit has been specifically
approved by the Company and endorsed hereon unless
a higher limit is specifically approved by the
Company and is evidenced by a certificate of
insurance issued by the Company effective as of the
date of the Loan.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

LENDER PROGRAM ID:  Payee Code 825

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_(signature)_ President          _(signature)_ Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____ _(signature)_ _____ Authorized Representative

S740-HIL

1-05D006B.0X                                                  v.051101

**App. 120**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to  BANK OF AMERICA                              Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It is hereby understood and agreed that coincident
with the effective date of the Policy, Page 1,
Paragraph 5, Sentence 3 is deleted in its entirety and
replaced with:

> "The Company's maximum liability under this
> Policy shall in no event exceed $50,000,000.00
> during each such 12 month period."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                                    Secretary

Countersigned at Chicago, Illinois this 11th  day of June, 2004

_____            Authorized Representative

**App. 121**

## ENDORSEMENT

This endorsement, effective August 1, 2004 forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> August 1, 2004, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

LENDER PROGRAM ID    Payee Code 581

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                    Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____    Authorized Representative

S210-HIL

**App. 122**

## ENDORSEMENT

This endorsement, effective August 1, 2004 forms a part of Policy No. T90

issued to BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2004, that definition b(4) will
> read: "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Thousand Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID   Payee Code 582

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                  Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____ Authorized Representative

Case 3:10-cv-00553-GCM -DCK   Document 1-3   Filed 11/03/10   Page 17 of 26
                                                                    v.051101

**App. 123**

## ENDORSEMENT

This endorsement, effective August 1, 2004 forms a part of Policy No. T90

issued to  BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> August 1, 2004, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Thousand Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

> LENDER PROGRAM ID    Payee Code 583

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____            _____
        President                              Secretary

Countersigned at Chicago, Illinois this 21ˢᵗ day of September, 2004

_____ Authorized Representative

S420-HIL

**App. 124**

## ENDORSEMENT

This endorsement, effective August 1, 2004 forms a part of Policy No. T90

issued to  BANK OF AMERICA                           Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> August 1, 2004, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Thousand Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 584

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
        President                                Secretary

Countersigned at Chicago, Illinois this 21st day of September, 2004

_____  Authorized Representative

**App. 125**

## ENDORSEMENT

This endorsement, effective August 1, 2004 forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by     **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> August 1, 2004, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID     Payee Code 585

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

        President                        Secretary

Countersigned at Chicago, Illinois this 30th day of December, 2004

                                              Authorized Representative

S600-HIL

**App. 126**

## ENDORSEMENT

This endorsement, effective May 1, 2006, forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> May 1, 2006, that definition b(4) will read:  "Is
> for an amount such that the insured net proceeds,
> as defined below, of such note plus the then
> unpaid insured net proceeds of any other loans
> insured by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess of Two Hundred Fifty Thousand Dollars
> ($250,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 586

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                    Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____ Authorized Representative

S500-HIL
1-06D008B.0X                                    v.051101

**App. 127**

## ENDORSEMENT

This endorsement, effective August 1, 2004 forms a part of Policy No. T90

issued to BANK OF AMERICA                                  Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> August 1, 2004, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID    Payee Code 587

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____              _____
President                                   Secretary

Countersigned at Chicago, Illinois this 2nd day of October, 2004

_____  Authorized Representative

S110-HIL
1-00 Case 3:10-cv-00553-GCM -DCK   Document 1-3   Filed 11/03/10   Page 22 of 26 01

**App. 128**

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read:   "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Thousand Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

LENDER PROGRAM ID    Payee Code 720

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                    Secretary

Countersigned at Chicago, Illinois this 18ᵗʰ day of November, 2005

_____    Authorized Representative

S230-HIL

**App. 129**

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read:   "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Thousand Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company   of   a   certificate   of   insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 721

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

                                    _____
        President                       Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

                                    _____ Authorized Representative

S330-HIL
1-06D008B.0X                                                v.051101

**App. 130**

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to BANK OF AMERICA                         Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b, Sub-sentence (4) under Provisions and Stipulations of the Policy.

> It is hereby understood and agreed that effective September 1, 2005, that definition b(4) will read: "Is for an amount such that the insured net proceeds, as defined below, of such note plus the then unpaid insured net proceeds of any other loans insured by the Company made by the Assured to the individual Borrower making the note are not in excess of Two Hundred Thousand Dollars ($200,000.00), and that (b) such insured note meets the Company's qualifying specifications for guideline underwriting and Company 'Sanctioned Guidelines' in effect on the day of the Loan, except that specified notes for greater amounts may be insured hereunder upon the issuance by the Company of a certificate of insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

> LENDER PROGRAM ID   Payee Code 722

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                         Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____   Authorized Representative

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b, Sub-sentence (4) under Provisions and Stipulations of the Policy.

> It is hereby understood and agreed that effective September 1, 2005, that definition b(4) will read: "Is for an amount such that the insured net proceeds, as defined below, of such note plus the then unpaid insured net proceeds of any other loans insured by the Company made by the Assured to the individual Borrower making the note are not in excess of Four Hundred Fifty Thousand Dollars ($450,000.00), and that (b) such insured note meets the Company's qualifying specifications for guideline underwriting and Company 'Sanctioned Guidelines' in effect on the day of the Loan, except that specified notes for greater amounts may be insured hereunder upon the issuance by the Company of a certificate of insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

        LENDER PROGRAM ID    Payee Code 723

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
President                                      Secretary

Countersigned at Chicago, Illinois this 18th day of November , 2005

_____   Authorized Representative

S530-HIL

**App. 132**

# EXHIBIT A

## Part 4 of 4

Case 3:10-cv-00553-GCM -DCK   Document 1-4   Filed 11/03/10   Page 1 of 27

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read:   "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not   in   excess   of   Fifty   Thousand   Dollars
> ($50,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company   of   a   certificate   of   insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

LENDER PROGRAM ID    Payee Code 724

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                              Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ Authorized Representative

## ENDORSEMENT

This endorsement, effective May 1, 2006 forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> May 1, 2006, that definition b(4) will read: "Is
> for an amount such that the insured net proceeds,
> as defined below, of such note plus the then
> unpaid insured net proceeds of any other loans
> insured by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess    of    One Hundred    Thousand    Dollars
> ($100,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company    of    a    certificate    of    insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

> LENDER PROGRAM ID    Payee Code 724
>                      Payee Code 826

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                            Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    Authorized Representative

**App. 135**

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read:   "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID    Payee Code 725

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                   Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____    _____ Authorized Representative

S730-HIL

**App. 136**

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to BANK OF AMERICA                              Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read:   "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

> LENDER PROGRAM ID    Payee Code 726

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____

President                                    Secretary

Countersigned at Chicago, Illinois this 21st day of December, 2005

_____          Authorized Representative

S830-HIL
1-06D008B.0X                                                                              v.051101

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read:   "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not  in  excess  of  Two Hundred Fifty  Thousand
> Dollars($250,000.00), and that (b) such insured
> note    meets    the    Company's    qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

LENDER PROGRAM ID    Payee Code 727

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                                    Secretary

Countersigned at Chicago, Illinois this 18th day of November, 2005

_____ Authorized Representative

**App. 138**

## ENDORSEMENT

This endorsement, effective September 1, 2005 forms a part of Policy No. T90

issued to BANK OF AMERICA                                    Charlotte, North Carolina

by    **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2005, that definition b(4) will
> read: "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Four Hundred Fifty Thousand
> Dollars ($450,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 728

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
        President                                    Secretary

Countersigned at Chicago, Illinois this 18th day of November , 2005

_____                    _____ Authorized Representative

S130-HIL
1-06

**App. 139**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No.T90

issued to BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, under
Provisions and Stipulations, Definition b. (4) of the
Policy.

It is hereby understood and agreed that effective
July 1, 2002, that definition b(4) will read:
"Is for an amount such that the insured Net
Proceeds, as defined below, of such Note plus the
then unpaid insured Net Proceeds of any other
Loans insured by the Company made by the Assured
to the individual Borrower making the Note are
not in excess of One Hundred Fifty Thousand
Dollars ($150,000.00), and that (b) such insured
Note meets the Company's qualifying
specifications for guideline underwriting in
effect on the day of the Loan, except that
specified Notes for greater amounts may be
insured hereunder upon the issuance by the
Company of a certificate of insurance
specifically insuring such Notes.

This endorsement is valid for and attaches to Loans
reported, insured and identified as follows:

Lender Program ID:   Payee Code 813

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

President                                  Secretary

Countersigned at Chicago, Illinois this 18th day of June, 2003

_____                              Authorized Representative

S100-HIL

**App. 140**

## ENDORSEMENT

This endorsement, effective September 1, 2003 forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1,2003, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID    Payee Code 813

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

            President                                Secretary

Countersigned at Chicago, Illinois this 15th day of September, 2003

                                                    Authorized Representative

S100-HIL

**App. 141**

## ENDORSEMENT

This endorsement, effective May 1,2006 forms a part of Policy No. T90

issued to  BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> May 1, 2006, that definition b(4) will read:  "Is
> for an amount such that the insured net proceeds,
> as defined below, of such note plus the then
> unpaid insured net proceeds of any other loans
> insured by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess   of   One Hundred   Thousand   Dollars
> ($100,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company   of   a   certificate   of   insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID    Payee Code 813
                             Payee Code 827

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

            President                        Secretary

Countersigned at Chicago, Illinois this 22nd day of August, 2006

                                                    Authorized Representative

S100-HIL

**App. 142**

## ENDORSEMENT

This endorsement, effective July 1, 2002 forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> July, that definition b(4) will read:  "Is for an
> amount such that the insured net proceeds, as
> defined below, of such note plus the then unpaid
> insured net proceeds of any other loans insured
> by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess of One Hundred Fifty Thousand Dollars
> ($150,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 814

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
President                         Secretary

Countersigned at Chicago, Illinois this 18th day of June , 2003

_____   Authorized Representative

**App. 143**

## ENDORSEMENT

This endorsement, effective September 1, 2003  forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1,2003, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Fifty Thousand
> Dollars($250,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

        LENDER PROGRAM ID    Payee Code 814

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                _____
President                              Secretary

Countersigned at Chicago, Illinois this 15th  day of September , 2003

_____  Authorized Representative

**App. 144**

## ENDORSEMENT

This endorsement, effective July 1, 2002 forms a part of Policy No. T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> July 1, 2002, that definition b(4) will read:
> "Is for an amount such that the insured net
> proceeds, as defined below, of such note plus the
> then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of One Hundred Fifty Thousand
> Dollars ($150,000.00), and that (b) such insured
> note meets the Company's qualifying
> specifications for guideline underwriting and
> Company 'Sanctioned Guidelines' in effect on the
> day of the Loan, except that specified notes for
> greater amounts may be insured hereunder upon the
> issuance by the Company of a certificate of
> insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 815

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                  Secretary

Countersigned at Chicago, Illinois this 18ᵗʰ day of June, 2003

_____ Authorized Representative

S300-HIL
Case 3:10-cv-00553-GCM -DCK   Document 1-4   Filed 11/03/10   Page 13 of 27

**App. 145**

## ENDORSEMENT

This endorsement, effective September 1, 2003  forms a part of Policy No. T90

issued to  BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> September 1, 2003, that definition b(4) will
> read:  "Is for an amount such that the insured
> net proceeds, as defined below, of such note plus
> the then unpaid insured net proceeds of any other
> loans insured by the Company made by the Assured
> to the individual Borrower making the note are
> not in excess of Two Hundred Thousand Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company of a certificate of insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 815

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____        _____
President                             Secretary

Countersigned at Chicago, Illinois this 15th  day of September, 2005

_____ Authorized Representative

S300-HIL

**App. 146**

## ENDORSEMENT

This endorsement, effective May 1, 2003 forms a part of Policy No. T90

issued to  BANK OF AMERICA                          Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> May 1, 2003, that definition b(4) will read:  "Is
> for an amount such that the insured net proceeds,
> as defined below, of such note plus the then
> unpaid insured net proceeds of any other loans
> insured by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess    of    Two Hundred    Thousand    Dollars
> ($200,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company    of    a    certificate    of    insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 821

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                                      Secretary

Countersigned at Chicago, Illinois this 18th day of June, 2003

_____ Authorized Representative

## ENDORSEMENT

This endorsement, effective May 1, 2006 forms a part of Policy No. T90

issued to  BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> May 1, 2006, that definition b(4) will read:  "Is
> for an amount such that the insured net proceeds,
> as defined below, of such note plus the then
> unpaid insured net proceeds of any other loans
> insured by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess    of    One Hundred    Thousand    Dollars
> ($100,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company    of    a    certificate    of    insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 823

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_President_                                _Secretary_

Countersigned at Chicago, Illinois this 22nd day of August, 2006

_____                    Authorized Representative

S840-HIL
1-06D008B.0X                                                                    v.051101

**App. 148**

## ENDORSEMENT

This endorsement, effective May 1, 2006 forms a part of Policy No. T90

issued to  BANK OF AMERICA                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b,
Sub-sentence (4) under Provisions and Stipulations of the
Policy.

> It is hereby understood and agreed that effective
> May 1, 2006, that definition b(4) will read:   "Is
> for an amount such that the insured net proceeds,
> as defined below, of such note plus the then
> unpaid insured net proceeds of any other loans
> insured by the Company made by the Assured to the
> individual Borrower making the note are not in
> excess  of   Two Hundred Fifty   Thousand   Dollars
> ($250,000.00), and that (b) such insured note
> meets the Company's qualifying specifications for
> guideline underwriting and Company 'Sanctioned
> Guidelines' in effect on the day of the Loan,
> except that specified notes for greater amounts
> may be insured hereunder upon the issuance by the
> Company   of   a   certificate   of   insurance
> specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported,
insured and identified as follows:

    LENDER PROGRAM ID   Payee Code 824

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements
or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                          Secretary

Countersigned at Chicago, Illinois this 22ND day of August, 2006

_____                          Authorized Representative

S640-HIL
1-06D008B.0X                                                    v.051101

**App. 149**

## ENDORSEMENT

This endorsement, effective May 1, 2006 forms a part of Policy No. T90

issued to  BANK OF AMERICA                          Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

The following modification is made to Section 1, Definition b, Sub-sentence (4) under Provisions and Stipulations of the Policy.

> It is hereby understood and agreed that effective May 1, 2006, that definition b(4) will read: "Is for an amount such that the insured net proceeds, as defined below, of such note plus the then unpaid insured net proceeds of any other loans insured by the Company made by the Assured to the individual Borrower making the note are not in excess of Two Hundred Fifty Thousand Dollars ($250,000.00), and that (b) such insured note meets the Company's qualifying specifications for guideline underwriting and Company 'Sanctioned Guidelines' in effect on the day of the Loan, except that specified notes for greater amounts may be insured hereunder upon the issuance by the Company of a certificate of insurance specifically insuring such notes."

This endorsement is valid for and attaches to Loans reported, insured and identified as follows:

    LENDER PROGRAM ID    Payee Code 825

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                           Secretary

Countersigned at Chicago, Illinois this 22nd  day of August, 2006

_____                           _____ Authorized Representative

S740-HIL
1-06D008B.0X                                                    v.051101

**App. 150**

## ENDORSEMENT

This endorsement, effective   July 1, 2002,   forms a part of Policy No. T90

Issued to:  BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It is hereby understood and agreed that coincident with the effective date of the Policy, Section 1, Definition a., under Provisions and Stipulations is deleted in its entirety and replaced with:

> "'Loan' means an advance of funds, or the purchase of an obligation, evidenced by an Eligible Note, the proceeds of which have been or are to be used for the alteration, repair, conversion, improvement or modernization of real property located within the continental limits of the United States of America or any purpose which, in the judgment of the Assured, is or shall be worthwhile to the Borrower and shall generally improve the living standards of the Borrower."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
        President                                      Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____          Authorized Representative

1-06A009A.0X                                                                        v.051101

**App. 151**

# ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to BANK OF AMERICA                          Charlotte, North Carolina

by   **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It is hereby understood and agreed that coincident with the effective date of the Policy, Section 1, under Provisions and Stipulations, Definition b (3), Sentence 1 is deleted in its entirety and replaced with:

"Contains payment and maturity requirements meeting the following specifications: The Note shall be payable in approximately equal monthly installments, the first of which shall fall due within six months and the last within 360 months and 32 days from the date of the Note."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

President                          Secretary

Countersigned at Chicago, Illinois this 24th day of October, 2002

_____ Authorized Representative

1-06A007B.0                                                    v.051101

**App. 152**

## ENDORSEMENT

This endorsement, effective  July 1, 2002,  forms a part of Policy No. T90

issued to  BANK OF AMERICA                              Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It is hereby understood and agreed that coincident
with the effective date of the Policy, Section 2,
paragraph 3, sentence 1 under Provisions and
Stipulations is deleted in its entirety and replaced
with:

"All payments received on account of the Note,
except late charges, must be applied to the
maturing installments in their order in the
absence of specific written instructions from the
Borrower to do otherwise."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
        President                              Secretary

Countersigned at Chicago, Illinois this  17th  day of June,  2002

_____ Authorized Representative

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by        **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It   is   hereby   understood   and   agreed   that
coincident with the effective date of the Policy,
Section  2  under  Provisions  and  Stipulations,
Paragraph 4, Sentence 2, which reads:

"The   Company   reserves   the   right   to
require the Assured to reduce the Note
to judgment subject to the limitations
of the terms of the Note."

is deleted in its entirety.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____          _____
President                                      Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____ Authorized Representative

**App. 154**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to  BANK OF AMERICA                                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

It is hereby understood and agreed that coincident
with the effective date of the Policy, Section 5.a.
under Provisions and Stipulations is deleted in its
entirety and replaced with:

> "uncollected earned interest shall be
> paid to the date of presentation of
> proof of Loss; plus".

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____        _____
President                          Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____     Authorized Representative

1-10A027B.0
Case 3:10-cv-00553-GCM -DCK    Document 1-4    Filed 11/03/10    Page 23 of 27

**App. 155**

## ENDORSEMENT

This endorsement, effective July 1, 2002,   forms a part of Policy No. T90

issued to   BANK OF AMERICA                           Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

This endorsement is issued in consideration of the Assured's request
for the change in mode of premium permitted herein.

It is hereby understood and agreed that coincident with the
effective date of the Policy, Section 7 under Provisions and
Stipulations is deleted in its entirety and replaced with:

"All liability for loss under this Policy with respect to any
individual Loan shall terminate upon sale or transfer of such
Loan (including, without limiting the generality of applica-
tion of this section, transfers pursuant to or resulting from
merger or consolidation of the Assured with any other
corporation or company). Such sales or transfers may be made
to a transferee holding a similar Policy issued by the
Company only with the prior written approval of the Company.

In no event will the Company refund any premium to the
Assured upon the sale or transfer of any Loan or Loans
insured hereunder.

In the event of such a sale or transfer, the insured net
proceeds reported to the Company by the Assured for the same
liability period shall be reduced by insured net proceeds of
all such Loans.

Nothing contained herein shall be construed to prevent the
pledging of such Loans as collateral security under a bona
fide loan agreement."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions,
agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set
forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
President                                        Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____          Authorized Representative

**App. 156**

## ENDORSEMENT

This endorsement, effective July 1, 2002 forms a part of Policy No.T90

issued to BANK OF AMERICA                    Charlotte, North Carolina

by      **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

## NORTH CAROLINA AMENDATORY ENDORSEMENT

It is hereby understood and agreed that coincident with the
effective date of the Policy, Section 9 under Provisions
and Stipulations is deleted in its entirety and replaced
with:

> "Amendments to this Policy may be made
> only after written approval by the
> Company and only by an endorsement signed
> on behalf of the Company by its
> President, Vice President, or Secretary,
> and countersigned by a duly authorized
> representative of the Company."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms,
conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except
as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the
Company.

Attest:

_____          _____
President                         Secretary

Countersigned at Chicago, Illinois this 17th day of June, 2002

_____          Authorized Representative

Case 3:10-cv-00553-GCM -DCK   Document 1-4   Filed 11/03/10   Page 25 of 27

**App. 157**

## ENDORSEMENT

This endorsement, effective July 1, 2002, forms a part of Policy No. T90

issued to  BANK OF AMERICA                              Charlotte, North Carolina

by       **OLD REPUBLIC INSURANCE COMPANY, Greensburg, Pennsylvania**

This endorsement is issued in consideration of the Assured's request for the change in mode of premium permitted herein.

It is hereby understood and agreed that coincident with the effective date of the Policy, Section 14 under Provisions and Stipulations, Paragraph 2 is deleted in its entirety and replaced with:

"Cancellation of this Policy shall not affect the insurance coverage on Loans previously reported for insurance, and the Assured shall continue to remit monthly premium payment with respect to all such Loans."

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

This endorsement shall not be valid until countersigned by a duly authorized representative of the Company.

Attest:

_____                    _____
President                                                    Secretary

Countersigned at Chicago, Illinois this 17th day of June , 2002

_____ Authorized Representative

**App. 158**

RETROACTIVE RATING ENDORSEM     TO
OUTSTANDING BALANCE
CREDIT INSURANCE POLICY

It is agreed that the premium collected under this policy and all renewals of it to which this or a similar Retroactive Rating Endorsement is attached (the Policies) shall, until termination of this or such similar endorsement, be subject to a final rating adjustment three (3) months after the maturity or other disposition of all loans reported for insurance during the periods of coverage of such Policies and such endorsements. This adjustment shall be based on the cumulative loss experience developed with respect to such loans, as follows:

    If the cumulative losses incurred shall be greater than or equal to 55% inclusive of the cumulative earned premium, the rate shall be the rate specified in the current policy.

    If the cumulative losses incurred are less than 55% of the cumulative earned premium, the rate shall be adjusted retroactively on the basis of the following formula:

        The difference between the cumulative loss ratio (cumulative losses incurred divided by cumulative earned premium) and 55% shall be multiplied by the cumulative earned premium. The product of this second multiplication shall be the amount of the current downward adjustment.

In no event shall any downward adjustment reduce the cumulative earned premium below the cumulative earned premium calculated at the minimum premium rate of $.40 per $1,000 per month on the month-end outstanding balances insured under the Policies.

The first such calculation shall cover the three-year period beginning with the effective date of the first Retroactive Rating Endorsement attached to the Policies and shall be made within three months following the expiration of such three-year period. Subsequent interim computations of the retroactive rating premium shall be made annually thereafter based on the cumulative experience of the Policies until a final retroactive rating adjustment is determined three months after all loans insured under the Policies have been repaid in full or otherwise disposed of. In determining the amount of any downward adjustment to be paid to the insured, the amount of any prior downward adjustments returned to the insured shall be deducted from the downward adjustment determined by the formula above.

One-half of any current downward adjustment determined hereunder shall be returned to the Assured at the time the computation is submitted to the Assured. The remainder shall be retained by the Company in a premium stabilization reserve retained by the Company with respect to the Policies; provided, however, that if the amount in such premium stabilization reserve shall exceed 100% of the estimated premium for the next succeeding twelve-month period, the Company shall return such excess to the Assured. After the final adjustment, any amount remaining in such premium stabilization reserve shall be returned to the Assured, but no returns shall be made after the termination of the last Policies or of the Retroactive Rating Endorsement attached to the last of the Policies until the final adjustment is made.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the policy or any endorsement attached thereto, except as herein set forth.

This endorsement shall become effective July 1, 2004, but shall not be valid until countersigned by a duly authorized representative of the Company.

Attached to and forming a part of Policy No. T 90, of the Old Republic Insurance Company issued to Bank of America.

ATTEST:

        President

Countersigned:   Chicago, Illinois 8/13/04

By: _____
    (Authorized Representative)

        Secretary

ACCEPTED: _____

        (Assured)

By: ___Senior Vice President___
        Title:

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association, | ) ) ) |
| Plaintiff, | ) **Case No.: 3:10-cv-553-GCM-DCK** ) |
| v. | ) **OLD REPUBLIC INSURANCE** ) **COMPANY'S ANSWER TO THE** |
| OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation, | ) **COMPLAINT, AMENDED** ) **AFFIRMATIVE DEFENSES AND** ) **COUNTERCLAIM** |
| Defendant. | ) |

## ANSWER TO THE COMPLAINT

Defendant Old Republic Insurance Company, ("Old Republic"), by its undersigned

counsel, states as follows for its answer to Plaintiff Bank of America, N.A. ("BANA")'s

Complaint for: 1) Declaratory Judgment; 2) Breach of Contract; 3) Breach of the Duty of Good

Faith and Fair Dealing; and 4) Bad Faith ("Complaint"):

## I.    NATURE OF ACTION

1.     Old Republic denies the allegations of Paragraph 1 of the Complaint.  By way of

further response, Old Republic states that BANA has submitted claims for loans which did not

comply with BANA's own loan underwriting guidelines and which were not eligible for

coverage under Old Republic's qualifying specifications for insured loans because the borrowers

of those loans failed to meet the basic eligibility requirements mandated by Old Republic's

policy.  BANA has breached its contractual obligations by submitting thousands of ineligible and

inadequately documented claims.

2.     Old Republic denies the allegations of paragraph 2 of the Complaint, except Old

Republic admits that this is a civil action with respect to an actual controversy for declaratory

relief brought pursuant to 28 U.S.C. § 2201(a).

3.     Old Republic denies the allegations of paragraph 3 of the Complaint, except Old Republic admits that it is in the business of, *inter alia,* issuing credit insurance policies for home equity loans ("HELOANS").

## II.     THE PARTIES

### A.     The Plaintiff

4.     Old Republic admits that BANA is a national banking association organized under the laws of the United States of America with its main office, as set forth in its articles of association, located at 101 Tryon Street, Charlotte, North Carolina 28255.  Old Republic further admits that BANA originated and acquired mortgage and home equity loans, including the loans that are the subject of this suit Old Republic further admits that BANA is the Assured on the Credit Insurance Policy at issue in this action.  Except as expressly admitted above, Old Republic denies the allegations of paragraph 4 of the Complaint.

### B.     The Defendants [sic]

5.     Old Republic admits that it is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, maintains its principal place of business outside of North Carolina, and regularly transacts business in the State of North Carolina.  Old Republic further admits that it is in the business of, *inter alia,* issuing credit insurance policies for HELOANS. Old Republic further admits that Plaintiff refers to Old Republic and ORICS collectively in the Complaint as ORIC.  Except as expressly admitted above, Old Republic denies the allegations of paragraph 5 of the Complaint.

## III.     JURISDICTION AND VENUE

6.     Old Republic admits the allegations of paragraph 6 of the Complaint.

7.     Old Republic admits the allegations of paragraph 7 of the Complaint.

8.     Old Republic admits the allegations of paragraph 8 of the Complaint.  By way of

further response, Old Republic states that the convenience of the parties and witnesses and the interests of justice may be served by transferring this action to the United States District Court for the Northern District of Illinois, Eastern Division.  Old Republic's investigation continues and Old Republic reserves the right to bring a motion to transfer at the appropriate time.

## IV.    THE MORTGAGE INSURANCE POLICY

9.      Old Republic denies the allegations of paragraph 9 of the Complaint.  By way of further response, Old Republic states that BANA purchased a Credit Insurance Policy from Old Republic.

10.     Old Republic denies the allegations of paragraph 10 of the Complaint.

11.     Old Republic denies the allegations of paragraph 11 of the Complaint.  By way of further response, Old Republic states that loans to be insured under the Policy were subject to written eligibility criteria and sanctioned guidelines.

12.     Old Republic denies the allegations of paragraph 12 of the Complaint.

13.     Old Republic denies the allegations of paragraph 13 of the Complaint.

14.     Old Republic admits the allegations of paragraph 14 of the Complaint.

15.     Old Republic denies the allegations of paragraph 15 of the Complaint.

## V.    FACTUAL BACKGROUND

16.     Old Republic admits the allegations of paragraph 16 of the Complaint, except that Old Republic denies that "at all relevant times [it] has been in the business of issuing mortgage insurance policies for residual home mortgage loans and is a sophisticated market actor in this area."  By way of further response, Old Republic states that it is in the business of, inter alia, issuing credit insurance policies for HELOANS.

17.     Old Republic admits the allegations of the first sentence of paragraph 17 of the Complaint.  Old Republic denies the allegations of the second sentence of paragraph 17 of the

Complaint. Further answering, Old Republic states that it agreed to insure BANA in the event of a payment default by borrowers of eligible notes as defined in the Policy, subject to all of the Policy's terms and conditions.

### A. **Mortgage Insurance Industry**

18.    Old Republic denies that it is a "mortgage insurance company." As to the remaining allegations of paragraph 18 of the Complaint, Old Republic lacks sufficient knowledge or information to either admit or deny the allegations.

19.    Old Republic admits that its marketing materials noted, in pertinent part, that by using its products and services, lenders could (1) increase loan volume; (2) increase yield performance; (3) increase interest income; (4) increase borrower satisfaction; (5) decrease losses due to borrower default; (6) decrease costs associated with organizations and foreclosures; and (7) decrease losses due to unforeseen economic circumstances. By way of further response, Old Republic responds that its marketing materials need to be read as a whole and in context. Except as expressly admitted above, Old Republic denies the allegations of paragraph 19 of the Complaint.

20.    Old Republic denies that it "urged that through the use of mortgage insurance, lenders could issue more loans." Old Republic further denies that it "promised that, when the lender decided that a loan was uncollectible, 'it becomes our expense not yours,'" but affirmatively states that its marketing materials contained, in pertinent part, the language quoted in paragraph 20. Further answering, Old Republic states that its marketing materials need to be read as a whole and in context. Old Republic admits the remaining allegations of paragraph 20 of the Complaint.

21.    Old Republic admits the allegations of paragraph 21 of the Complaint. Further answering, Old Republic states that its marketing materials need to be read as a whole and in

context.

22.    Old Republic admits the allegations of the first sentence of paragraph 22 of the Complaint.  Further answering, Old Republic states that its marketing materials need to be read as a whole and in context.  Old Republic denies the allegations of the second sentence of paragraph 22 of the Complaint.

23.    Old Republic denies the allegations of paragraph 23 of the Complaint.  By way of further response, Old Republic states that senior representatives of BANA met with representatives of Old Republic and ORICS on only a few occasions.

24.    Old Republic denies the allegations of paragraph 24 of the Complaint.  By way of further response, Old Republic states that it had access to some details and procedures pursuant to which BANA issued HELOANS, that ORICS negotiated the terms of underwriting criteria acceptable for HELOANS that Old Republic would insure, and that ORICS handled claims under the Policy.

25.    Old Republic denies the allegations of paragraph 25 of the Complaint.

26.    Old Republic denies the allegations of paragraph 26 of the Complaint.  By way of further response, Old Republic states that it has had interactions with BANA over several years and, in the course of those interactions, had access to some loan information from BANA.

27.    Old Republic denies the allegations of paragraph 27 of the Complaint.  By way of further response, Old Republic states that it understood the risks associated with underwriting credit indemnity insurance of HELOANS.

28.    Old Republic denies that it is part of "the mortgage insurance industry" and that it "saw itself as an important player in the goal of making home ownership attainable to more and more people."  As to the remaining allegations in paragraph 28 of the Complaint, Old Republic

lacks sufficient knowledge or information to either admit or deny the allegations.

29.    Old Republic denies the allegations of paragraph 29 of the Complaint.

30.    Old Republic denies that changes in the mortgage industry and the concomitant underwriting practices were publicly reported and well-known within Old Republic. As to the remaining allegations in paragraph 30 of the Complaint, Old Republic lacks sufficient knowledge or information to either admit or deny the allegations.

**B.    ORIC's Selection of Insured Loans and Review of Selected Loans After Issuance of the Policy**

31.    Old Republic denies the allegations of paragraph 31 of the Complaint. By way of further response, Old Republic states that it is aware that BANA insured some, but not all of the loans it originated, and that Old Republic rejected some of the loans that BANA sought to insure.

32.    Old Republic denies the allegations of paragraph 32 of the Complaint. By way of further response, Old Republic states that it expressly identified the sanctioned guidelines and all other terms and conditions that a loan would have to meet to qualify to be insured under the Policy; that with respect to some individual loans, it reviewed certain characteristics of those loans as summarized by BANA and indicated which loans it chose to exclude and which loans it would insure provided those loans complied with the sanctioned guidelines and all other terms and conditions of the Policy as represented by BANA; and that it set the premium at which it was willing to insure loans that complied with the sanctioned guidelines and all other terms and conditions of the Policy, which premium BANA paid.

33.    Old Republic denies the allegations of paragraph 33 of the Complaint. By way of further response, Old Republic states that its agreement to provide credit insurance pursuant to the Policy came after its review of spreadsheets submitted to ORICS that included data in a varying number of data fields, some of which were null, concerning some of the individual loans

for which coverage was sought, which data BANA represented constituted true characteristics of those loans reported for insurance.

34.    Old Republic denies the allegations of paragraph 34 of the Complaint.  By way of further response, Old Republic states that ORICS had the right to exclude loans for which coverage was sought and did so.

35.    Old Republic denies the allegations of paragraph 35 of the Complaint.  By way of further response, Old Republic states that after ORICS reviewed the spreadsheet information, ORICS had communications with BANA regarding ORICS' analysis of the population of the loans that had been submitted as candidates to be insured under the Policy.  Old Republic further states that ORICS representatives would advise which loans Old Republic chose to exclude and which loans Old Republic would insure, provided the loans complied with sanctioned guidelines and all other terms and conditions of the Policy.

36.    Old Republic denies the allegations of paragraph 36 of the Complaint.  By way of further response, Old Republic states that ORICS had the right to exclude loans for which coverage was sought and did so.  Old Republic further states that ORICS could and would request removal of individual loans from the pool of loans for which coverage was sought, including situations where BANA had previously paid one or more premium payments on the loan to ORIC.

37.    Old Republic lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 37 of the Complaint.

38.    Old Republic denies the allegations of paragraph 38 of the Complaint.  By way of further response, Old Republic states that ORICS could and would insist on removal of individual loans from the loans for which coverage was sought, including situations where

BANA had previously paid one or more premium payments on the loan to ORIC.

39.    Old Republic denies the allegations of the first sentence of paragraph 39, except Old Republic admits it received information from BANA and other lenders.  Old Republic admits the remaining allegations of paragraph 39 of the Complaint.

40.    Old Republic denies the allegations of paragraph 40 of the Complaint.

41.    Old Republic admits the allegations of paragraph 41 of the Complaint.

42.    Old Republic denies the allegations of paragraph 42 of the Complaint.

43.    Old Republic admits the allegations of paragraph 43 of the Complaint, except Old Republic denies that it expressed its continued satisfaction with the manner in which BANA performed its underwriting of residential mortgages.  By way of further response, Old Republic states that the December 28, 2006 letter needs to be read as a whole and in context.

### C.    The National Housing Decline and "Mortgage Crisis"

44.    Old Republic admits that there was a decline in the housing market.  As for the remaining allegations of paragraph 44 of the Complaint, Old Republic lacks sufficient knowledge or information to either admit or deny the allegations.

45.    Old Republic lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 45 of the Complaint.

46.    Old Republic denies that the risk of default referred to in paragraph 46 is exactly the type of risk it agreed to insure.  As to the remaining allegation of paragraph 46 of the Complaint, Old Republic lacks sufficient knowledge or information to either admit or deny the allegations.

### D.    Proper Submission of Claims for Coverage By BANA

47.    Old Republic lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 47 of the Complaint.

48.     Old Republic lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 48 of the Complaint.

49.     Old Republic denies the allegations of paragraph 49 of the Complaint.

50.     Old Republic denies the allegations of paragraph 50 of the Complaint.

51.     Old Republic denies the allegations of paragraph 51 of the Complaint.

**E.     ORIC's Wrongful Claims Handling**

52.     Old Republic denies the allegations of paragraph 52 of the Complaint.

53.     Old Republic denies the allegations of paragraph 53 of the Complaint.

54.     Old Republic denies the allegations of paragraph 54 of the Complaint.

55.     Old Republic denies the allegations of paragraph 55 of the Complaint.

56.     Old Republic denies the allegations of paragraph 56 of the Complaint.

57.     Old Republic denies the allegations of paragraph 57 of the Complaint.

58.     Old Republic denies the allegations of paragraph 58 of the Complaint.

59.     Old Republic denies the allegations of paragraph 59 of the Complaint, except Old Republic admits that it has been paid millions of dollars in premiums through the sale of credit insurance policies and that it has received in excess of $40 million in premium from BANA for the policy at issue in this litigation, which premiums are continuing to be paid at a rate of at least $870,000 per month.

**FIRST CAUSE OF ACTION:  DECLARATORY JUDGMENT**

60.     Old Republic hereby repeats and incorporates by reference its answers to paragraphs 1 through 59, as if fully set forth herein.

61.     Old Republic admits that as of the filing of the Complaint, BANA had remitted all premiums due under the Policy.  Old Republic denies the remaining allegations of paragraph 61 of the Complaint.

62.     Old Republic denies the allegations of paragraph 62 of the Complaint.

63.     Old Republic denies the allegations of paragraph 63 of the Complaint.

64.     Old Republic denies the allegations of paragraph 64 of the Complaint.  By way of further response, Old Republic states that it agreed under the terms and conditions of the Policy to insure BANA in the event of default by borrowers of eligible notes as defined in the Policy, subject to all of the Policy's terms and conditions.

65.     Old Republic denies the allegations of paragraph 65 of the Complaint, except it admits actual and justiciable controversies presently exist between BANA and Old Republic.

66.     Old Republic denies the allegations of paragraph 66 of the Complaint.

67.     Old Republic denies the allegations of paragraph 67 of the Complaint.

68.     Old Republic denies the allegations of paragraph 68 of the Complaint.

69.     Old Republic admits the allegations of paragraph 69 of the Complaint.

70.     Old Republic admits the allegations of paragraph 70 of the Complaint.

**SECOND CAUSE OF ACTION:  BREACH OF CONTRACT**

71.     Old Republic hereby repeats and incorporates by reference its answers to paragraphs 1 through 70 as if fully set forth herein.

72.     Old Republic denies the allegations of paragraph 72 of the Complaint.  By way of further response, Old Republic states that it agreed under the terms and conditions of the Policy to insure BANA in the event of default by borrowers of eligible notes as defined in the Policy, subject to all of the Policy's terms and conditions.

73.     Old Republic admits that as of the filing of the Complaint, it had received all premiums due under the Policy.  Old Republic denies the remaining allegations of paragraph 73 of the Complaint.

74.     Old Republic denies the allegations of paragraph 74 of the Complaint.

75.    Old Republic denies the allegations of paragraph 75 of the Complaint.

76.    Old Republic denies the allegations of paragraph 76 of the Complaint.

77.    Old Republic denies the allegations of paragraph 77 of the Complaint.

### THIRD CAUSE OF ACTION:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

78.    Old Republic hereby repeats and incorporates by reference its answers to paragraphs 1 through 77, as if fully set forth herein.

79.    Old Republic denies the allegations of paragraph 79 of the Complaint.  By way of further response, Old Republic states that it agreed under the terms and conditions of the Policy to insure BANA in the event of default by borrowers of eligible notes as defined in the Policy, subject to all of the Policy's terms and conditions.

80.    The allegations of paragraph 80 of the Complaint state legal conclusions to which no response is required.  Nonetheless, to the extent a response is deemed necessary, Old Republic denies the allegations of paragraph 80 of the Complaint.

81.    Old Republic denies the allegations of paragraph 81 of the Complaint, including each and every subpart.

82.    Old Republic denies the allegations of paragraph 82 of the Complaint.

83.    Old Republic denies the allegations of paragraph 83 of the Complaint.

84.    Old Republic denies the allegations of paragraph 84 of the Complaint.

### FOURTH CAUSE OF ACTION:  BAD FAITH

85.    Old Republic hereby repeats and incorporates by reference its answers to paragraphs 1 through 84 as if fully set forth herein.

86.    Old Republic denies the allegations of paragraph 86 of the Complaint.  By way of further response, Old Republic states that it agreed under the terms and conditions of the Policy

to insure BANA in the event of default by borrowers of eligible notes as defined in the Policy, subject to all of the Policy's terms and conditions.

87.    Old Republic denies the allegations of paragraph 87 of the Complaint.

88.    Old Republic denies the allegations of paragraph 88 of the Complaint.

89.    Old Republic denies the allegations of paragraph 89 of the Complaint, including each and every subpart.

90.    Old Republic denies the allegations of paragraph 90 of the Complaint.

91.    Old Republic denies the allegations of paragraph 91 of the Complaint.

92.    Old Republic denies the allegations of paragraph 92 of the Complaint.

93.    Old Republic denies the allegations of paragraph 93 of the Complaint.

## AMENDED AFFIRMATIVE DEFENSES

For its affirmative defenses to BANA's Complaint, and by way of further response to the Complaint, Old Republic alleges and states as follows:[1]

### FIRST FURTHER DEFENSE

Old Republic is relieved of all liability to BANA pursuant to the doctrine of unclean hands and/or the lack of good faith exercised by plaintiff with respect to the Policy.

### SECOND FURTHER DEFENSE

The doctrines of estoppel, waiver and/or laches bar some or all of plaintiff's claims.

### THIRD FURTHER DEFENSE

Any insurance claim with respect to which the default on the associated loan occurred more than twelve months prior to the filing of BANA's Complaint is barred based upon

---

[1] Old Republic pleads the following affirmative defenses without conceding that it bears the burden of proof on any of the matters pleaded herein.

-12-

Provision and Stipulation 13 of the Policy, which states as follows:

> No suit, action or proceeding for the recovery of any claim under
> this Policy shall be instituted or sustainable in any court of law or
> equity unless Proof of Loss has been duly filed with respect
> thereto, and unless such suit, action or proceeding be commenced
> within twelve months next after Default; provided, however, that if
> by the laws of the State within which this Policy is issued such
> limitation is invalid, then any such claims shall be void unless such
> action, suit or proceedings be commenced within the shortest limit
> of time permitted by the laws of such State to be fixed herein.

## FOURTH FURTHER DEFENSE

Some or all of plaintiffs' claims fail to state a claim upon which relief can be granted and should be dismissed.

## PRAYER FOR RELIEF

WHEREFORE, having responded to the Complaint as fully as it has been advised as it is its duty, Old Republic respectfully requests:

1.      Plaintiff have and recover nothing from defendant, and that this action be dismissed with prejudice;

2.      The costs of this action be taxed against plaintiff;

3.      Defendant be awarded its attorneys' fees to the extent permitted by law; and

4.      The Court award such other and further relief as it may deem proper and just.

## COUNTERCLAIM

For its counterclaim against Bank of America, N.A., Old Republic Insurance Company, by its undersigned counsel, alleges as follows:

1.      Old Republic Insurance Company ("Old Republic") is an insurance company organized under the laws of Pennsylvania, with its principal office located in Chicago, Illinois. Old Republic is a multiline insurance company which, among other lines of business, issues

credit insurance policies throughout the United States.  Generally, credit insurance indemnifies an assured against loss due to default by a borrower of the assured in the repayment of a covered loan.

2.    Bank of America, N.A. ("BANA") is a national banking association organized under the laws of the United States of America with its principal office located in Charlotte, North Carolina.

## Jurisdiction And Venue

3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    This Court has personal jurisdiction over BANA by virtue of its business activities within North Carolina.

5.    Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391, as it is the judicial district in which BANA resides, and a substantial part of the events giving rise to this Counterclaim took place in Charlotte, North Carolina.

## The Credit Insurance Policy

6.    Old Republic issued Credit Insurance Policy No. T90 (the "Policy") to BANA. The effective date of the Policy is July 1, 2002.

7.    BANA is the sole assured named under the Policy.

8.    Under the Policy, Old Republic agreed to insure BANA against a loss on loans covered by the Policy due to default by borrowers during the Policy's term.

9.    Coverage afforded by the Policy was limited to "Default by a Borrower from the Assured in the repayment to the Assured of Loans evidenced by Eligible Notes, reported to the Company and insured hereunder which were made to finance the alteration, repair, conversion,

improvement or modernization of real property."

10.     In the event of any payment by Old Republic under the Policy, Provision and Stipulation 6 of the Policy transfers to Old Republic the right to seek recovery against the borrower.  Provision and Stipulation 6 states, in pertinent part:

> In the event of any payment under this Policy, the Company shall be subrogated to all of the Assured's rights of recovery against the Borrower and any other person or organization liable under the terms of the defaulted Note and against any reserve or holdback of funds in its hands, and the Assured shall execute and deliver at the request of the Company instruments and papers and do whatever else is necessary to transfer, assign and secure such rights.

11.     Provision and Stipulation 6 of the Policy prohibits BANA from doing anything that impairs Old Republic's right of subrogation against the borrower – providing, in pertinent part:

> The Assured shall do nothing after Loss to prejudice such rights, and the execution by the Assured of a release or waiver of the right to collect the unpaid balance of a Loan shall equally release the Company from any further obligation under this Policy as to said Loan, anything in this Policy to the contrary notwithstanding.

12.     To date, with respect to eight loans insured under the Policy for which Old Republic has paid a loss, BANA has failed to comply with the requirements of Provisions and Stipulations 6.

### BANA's Interference With Old Republic's Subrogation Rights

13.     With respect to each of the loans described below, BANA has interfered with Old Republic's subrogation rights on Loans for which Bank of America has submitted claims.

Lender Loan No. 6281361052

14.     Lender Loan No. 6281361052 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

15.    At the time BANA submitted its Claim for Loss on or about July 7, 2009, Old Republic had taken an assignment of the underlying loan and accompanying lien.

16.    In October 2009, pursuant to BANA's Claim for Loss on Lender Loan No. 6281361052, Old Republic paid $16,352.83 to BANA under the Policy.

17.    Subsequently, upon seeking to pursue recovery against the borrower, Old Republic learned that in August 2009 BANA released the lien on the real property used to secure Lender Loan No. 6281361052 without notice to or consent of Old Republic.

18.    BANA's release of the lien has prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

19.    Old Republic has requested BANA to reimburse Old Republic in the amount of its claim payment ($16,352.83).  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 6922176158

20.    Lender Loan No. 6922176158 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

21.    In December 2009, pursuant to BANA's Claim for Loss on Lender Loan No. 6922176158, Old Republic paid $32,393.59 to BANA under the Policy.

22.    Old Republic took an assignment of the underlying loan and its accompanying lien at the time Old Republic paid the claim.

23.    Subsequently, upon seeking to pursue recovery against the borrower, Old Republic learned that on or about November 12, 2009 BANA authorized a "short sale" of the real property used to secure the underlying loan, resulting in the release of the lien.  BANA proceeded with this "short sale" without notice to or consent of Old Republic.

24.     Typically in a "short sale," the holder of the loan releases the debtor for a discounted payment of the outstanding balance.

25.     BANA's completion of the "short sale" prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

26.     Old Republic has requested BANA to reimburse Old Republic in the amount of $31,393.59.  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 6206418490

27.     Lender Loan No. 6206418490 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

28.     In January 2010, pursuant to BANA's Claim for Loss on Lender Loan No. 6206418490, Old Republic paid $27,781.96 to BANA under the Policy.

29.     Old Republic took an assignment of the underlying loan and its accompanying lien at the time Old Republic paid the claim.

30.     Subsequently, upon seeking to pursue recovery against the borrower, Old Republic learned that on or about March 9, 2010 BANA authorized a "short sale" of the real property used to secure the underlying loan, resulting in the release of the lien.  BANA proceeded with this "short sale" without notice to or consent of Old Republic.

31.     BANA's completion of the "short sale" prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

32.     Old Republic has requested BANA to reimburse Old Republic in the amount of its claim payment ($27,781.96).  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 6032645563

33.     Lender Loan No. 6032645563 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

34.     In December 2009, pursuant to BANA's Claim for Loss on Lender Loan No. 6032645563, Old Republic paid $63,857.30 to BANA under the Policy.

35.     Old Republic took an assignment of the underlying loan and its accompanying lien at the time Old Republic paid the claim.

36.     On or about December 22, 2010, upon seeking to pursue recovery against the borrower, Old Republic learned that on or about November 8, 2010 BANA authorized a "short sale" of the real property used to secure the underlying loan, resulting in the release of the lien. BANA proceeded with this "short sale" without notice to or consent of Old Republic.

37.     BANA's completion of the "short sale" prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

38.     Old Republic has requested BANA to reimburse Old Republic in the amount of $60,857.30.  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 6379880096

39.     Lender Loan No. 6379880096 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

40.     In November 2010, pursuant to BANA's Claim for Loss on Lender Loan No. 6379880096, Old Republic paid $56,434.43 to BANA under the Policy.

41.     Old Republic took an assignment of the underlying loan and its accompanying lien at the time Old Republic paid the claim.

42.    On or about April 4, 2011, upon seeking to pursue recovery against the borrower, Old Republic learned that on or about May 3, 2010 BANA authorized a "short sale" of the real property used to secure the underlying loan, resulting in the release of the lien.  BANA proceeded with this "short sale" without notice to or consent of Old Republic.

43.    BANA's completion of the "short sale" prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

44.    Old Republic has requested BANA to reimburse Old Republic in the amount of its claim payment ($56,434.43).  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 6366193180

45.    Lender Loan No. 6366193180 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

46.    In September 2010, pursuant to BANA's Claim for Loss on Lender Loan No. 6366193180, Old Republic paid $79,693.05 to BANA under the Policy.

47.    Old Republic took an assignment of the underlying loan and its accompanying lien on or about October 27, 2010.

48.    On or about March 2, 2011, upon seeking to pursue recovery against the borrower, Old Republic learned that on or about November 22, 2010 BANA authorized a settlement of the loan via a third party company called Solace Financial, LLC, resulting in the release of the lien on the real property used to secure the underlying loan.  BANA proceeded with this settlement without notice to or consent of Old Republic.

49.    BANA's completion of the settlement prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the

Policy.

50.    Old Republic has requested BANA to reimburse Old Republic in the amount of its claim payment ($79,693.05).  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 6206466606

51.    Lender Loan No. 6206466606 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

52.    In January 2011, pursuant to BANA's Claim for Loss on Lender Loan No. 620646606, Old Republic paid $36,857.73 to BANA under the Policy.

53.    Old Republic took an assignment of the underlying loan and its accompanying lien at the time Old Republic paid the claim.

54.    In late January 2011, Old Republic, upon BANA's request, approved a "short sale" of the real property used to secure the underlying loan.  Old Republic made its approval of the "short sale" expressly contingent upon the seller signing a deficiency agreement, which would permit Old Republic to collect from the borrower the full remaining balance on the loan.

55.    Subsequently, upon seeking to pursue recovery against the borrower, Old Republic learned that BANA did not require the seller to sign a deficiency agreement in connection with the "short sale," which closed on or about February 2011.

56.    Because BANA did not require the seller to sign a deficiency agreement in connection with the "short sale," the "short sale" prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

57.    Old Republic has requested BANA to reimburse Old Republic in the amount of $32,857.73.  To date, BANA has failed to reimburse Old Republic.

Lender Loan No. 870760396

58.    Lender Loan No. 870760396 is one of the loans insured under the Policy for which BANA submitted a Claim for Loss after the borrower defaulted on the loan.

59.    In July 2011, pursuant to BANA's Claim for Loss on Lender Loan No. 870760396, Old Republic paid $34,005.31 to BANA under the Policy.

60.    Old Republic took an assignment of the underlying loan and its accompanying lien at the time Old Republic paid the claim.

61.    In March 2011, Old Republic, upon BANA's request, approved a "short sale" of the real property used to secure the underlying loan.  Old Republic made its approval of the "short sale" expressly contingent upon the seller signing a deficiency agreement, which would permit Old Republic to collect from the borrower the full remaining balance on the loan.

62.    Subsequently, upon seeking to pursue recovery against the borrower, Old Republic learned that BANA did not require the seller to sign a deficiency agreement in connection with the "short sale," which closed on or about March 17, 2011.

63.    Because BANA did not require the seller to sign a deficiency agreement in connection with the "short sale," the "short sale" prejudiced Old Republic's ability to pursue its subrogation rights against the borrower in violation of Provisions and Stipulations 6 of the Policy.

64.    Old Republic has requested BANA to reimburse Old Republic in the amount of its claim payment ($34,005.31).  To date, BANA has failed to reimburse Old Republic.

**COUNT I**
**BREACH OF CONTRACT**

65.    Old Republic incorporates by reference the allegations contained in Paragraphs 1-64.

66.    Old Republic has performed and continues to perform all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policy.

67.    BANA has committed substantial and material breaches of its contractual obligations under the Policy in that BANA or its agents have interfered with Old Republic's subrogation rights in violation of Provisions and Stipulations 6 of the Policy.

68.    Old Republic has suffered, and will continue to suffer, as a direct and proximate result of BANA's contractual breaches of the Policy, substantial monetary damages totaling in excess of $339,000.00, exclusive of interest and costs associated with this lawsuit.

WHEREFORE, Old Republic respectfully requests that the Court enter judgment against BANA and award the following relief:

(a)    An Order requiring BANA to pay money damages, in an amount to be determined at trial, to compensate Old Republic for its damages incurred as a result of BANA's breaches of contract;

(b)    An Order requiring BANA to pay pre-judgment and post-judgment interest as allowed by law on all sums that BANA is ordered to refund or pay to Old Republic; and

(c)    Other such relief as the court deems just and proper.


DATED:  January 23, 2012

/s/ Robert R. Marcus
Robert R. Marcus
N.C. Bar Number 20041
Jonathan P. Heyl
N.C. Bar Number 25559
SMITH MOORE LEATHERWOOD LLP

-22 -

525 N. Tryon Street, Suite 1400
Charlotte, North Carolina  28202
Telephone: (704) 384-2630
Fax: (704) 384-2800

OF COUNSEL:

Steven E. Farrar
Jason D. Maertens
SMITH MOORE LEATHERWOOD, LLP
300 East McBee Avenue, Suite 500
Greenville, South Carolina  29602
Telephone: (864) 240-2433

Michael R. Hassan
Robert N. Hermes
Louis J. Aurichio
Ursula Taylor
Vincente Tennerelli
Butler Rubin Saltarelli & Boyd LLP
70 W. Madison St., Suite 1800
Chicago, Illinois  60602
Telephone: (312) 444-9660

Attorneys for Defendant

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 23rd day of January, 2012, I caused the foregoing Defendant's Answer to the Complaint, Amended Affirmative Defenses and Counterclaim to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice electronically of such filing to the following registered CM/ECF users:

G. Michael Barnhill, Esq.
mbarnhill@wcsr.com

John Stanley Vishneski, II
jvishneski@reedsmith.com

David M. Halbreich, Esq.
dhalbreich@reedsmith.com

Paul Walker-Bright, Esq.
pwalker-bright@reedsmith.com

David Evan Weiss, Esq.
dweiss@reedsmith.com

Thomas A. Marrinson, Esq.
tmarrinson@reedsmith.com

Debbie Weston Harden, Esq.
dharden@wcsr.com

Traci S. Rea, Esq.
trea@reedsmith.com

Douglas E. Cameron, Esq.
dcameron@reedsmith.com

Meredith J. McKee, Esq.
mmckee@wcsr.com

John Norig Ellison, Esq.
jellison@reedsmith.com

/s/Robert R. Marcus
Robert R. Marcus
N.C. Bar Number 20041
SMITH MOORE LEATHERWOOD, LLP
Attorneys for Defendant
525 N. Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 384-2630
Fax: (704) 384-2800

-24-

```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION



BANK OF AMERICA, N.A.,              )
                                   )
              Plaintiff,            )
                                   )  3:10CV553
                                   )  MARCH 14, 2012
      vs                           )
                                   )
OLD REPUBLIC INSURANCE COMPANY,    )
                                   )
              Defendant.            )
_____/

               TRANSCRIPT OF MOTION HEARING
         BEFORE THE HONORABLE GRAHAM C. MULLEN
              UNITED STATES DISTRICT COURT



APPEARANCES:

FOR THE PLAINTIFF        DOUGLAS E. CAMERON, ESQ.
                         TRACI S. REA, ESQ.
                         Reed Smith, LLP
                         225 Fifth Avenue
                         Pittsburgh, PA 15222



                         MEREDITH J. MCKEE, ESQ.
                         Womble, Carlyle, Sandridge & Rice
                         301 S. College Street
                         Charlotte, NC 28202


FOR THE DEFENDANT        ROBERT N. HERMES, ESQ.
                         LOUIS J. AURICHIO, ESQ.
                         utler Rubin Saltarelli & Boyd, LLP
                         70 West Madison Street
                         Chicago, IL 60602
```

2

APPEARANCES CONTINUED:


FOR THE DEFENDANT          JONATHAN P. HEYL, ESQ.
                          Smith Moore Leatherwood
                          525 N. Tryon Street
                          Charlotte, NC 28202




          Proceedings reported and transcript prepared by

                    JOY KELLY, RPR, CRR
              U. S. Official Court Reporter
                Charlotte, North Carolina
                      704-350-7495

**App. 185**

1    last week.

2              MR. HERMES:  Yeah.  Only the initial brief has been

3    filed.

4              MR. CAMERON:  I think our response is due

5    March 22nd.

6              THE COURT:  Okay.  I'm going to wait and see what

7    Judge Keesler does, but let me say this:  I'm not going to let

8    Old Dominion -- Old Republic do claim by claim by claim

9    discovery for 4500 or however many thousand claims are

10   involved, and I am going to require that all of you get

11   together, and after you get a resolution from Judge Keesler,

12   to come back to us with a plan for basically accomplishing

13   what Bank of America has proposed.  You guys can get together

14   and come up with something or we can.  My guess is is that if

15   you guys get together and do it, your deal will be way better

16   than anything I can come up with in terms of getting it

17   together.

18              Once you got it together, then we can have open

19   season.  The whole warfare of the modern discovery process on

20   these limited number of claims.  Go through the whole shooting

21   match, discovery, summary judgment, whatever the heck, and

22   then we're going to wind up with some number.  I suggest 50 as

23   an outside number to mess with, to start with.

24              Once you all have come up with that, then we can

25   determine what kind of a time frame we're on and how to

1    proceed with that.  And I will ask Judge Keesler if it is
2    possible for him to -- without shortchanging anything, to
3    short of expedite his proceeding on the discovery issue then
4    before him.  So once he decides, then you guys will know more.
5    You'll know how to get together and approach it.
6          There's no way we're going to have this kind of
7    discovery on all these claims.  There's no way I can try 4,000
8    cases, even if I start them one after another one after
9    another.  It's just not doable.  And I think with that in mind
10   that you guys can get together and figure out how to do it.
11         If I don't think I have the life expectancy to go
12   try 4,000 of these case, I suggest that few of you are also
13   going to live long enough to do that.  And in the process of
14   having to do that will undoubtedly represent a degree of
15   stress that will undoubtedly reduce the life expectancy that
16   you would otherwise have.
17         So that's how I'm leaving that today.  See what
18   Judge Keesler says.  You guys get together and see where you
19   are and then get back with us.  If we have to get back
20   together again, I would suggest you rely on local counsel, not
21   have to spend the money.  If need be and you want to
22   participate, we have a marvelous thing called a telephone.  We
23   could have a phone conference so you all can participant.  And
24   I'm not foreclosing anything at this point, but I think you
25   know how I want this to go and see if you can't accomplish it.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV553

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the Plaintiff's Motion for a Bellwether Trial Plan (Document No. 52). After conducting a hearing on this matter on March 14, 2012, the Court indicated in open court that it was inclined to conduct bellwether proceedings in this case, but held the matter in abeyance pending a ruling on the Defendant's Motion to Compel, which was pending before the magistrate judge. The magistrate judge denied the Defendant's Motion to Compel and this Court thereafter directed the parties to confer and submit their proposals for the bellwether proceedings. The parties have now submitted their respective proposals which the Court has reviewed. The Court finds no reason to conduct a hearing at this time and adopts the proposed schedule of the Plaintiff as follows:

a. Bank of America's bad faith claim, Old Republic's counterclaim, and the Bank's breach of contract and declaratory judgment claims on loans that are not subject to the bellwether hearing shall be bifurcated and stayed pending resolution of the bellwether proceedings.

b. Discovery shall be limited to the issues to be tried at the initial bellwether proceeding.

c. The parties shall follow the Court's previous limitations on the number of fact witnesses to be deposed: 12 fact witnesses per party.

**App. 188**

d. The following schedule shall be applied for the initial bellwether proceeding:

Exchange Bellwether Loans by **July 9, 2012**

Exchange of Witness Lists by **July 27, 2012**

Close of Fact Discovery **October 19, 2012**

Initial Expert Disclosures/Reports Due **November 9, 2012**

Rebuttal Expert Reports Due **December 7, 2012**

Close of Expert Discovery **January 11, 2013**

All Motions Must be Filed **January 25, 2013**

Trial **May 6, 2013**

e. Each party shall choose **12** loans/claims across the following five areas of coverage issues in dispute to be tried in the initial bellwether proceedings to determine whether those loans/claims are covered under the terms of the T90 Policy:

claims denials based on Old Republic's post-loss underwriting analysis;

claims denials based on alleged missing documents in claim submissions/origination files;

claims denials based on alleged non-conformance with underwriting guidelines;

claims denials for appraisal/property valuation variances; and

claims denials for late-filed claims.

f. Any issues of a legal nature (*e.g.*, interpretation of provisions of the T90 Policy) will be heard and determined by the Court as part of the bellwether process.

g. The Court's determination on those legal issues will control later phases of the bellwether

proceeding.

h. A verdict as to any individual loan/claim tried in the bellwether proceeding will not be binding on the remaining population of disputed claims.

i. Following the initial bellwether proceeding, the parties shall engage in settlement discussions in an effort to resolve the matter and within 60 days of a verdict on the bellwether loans/claims, the parties will participate in a further mediation with Mediator Robert Beason.

j. The mediation would be followed by a status conference before the Court to report on the status of the case and, if a settlement has not been reached, discuss resolution of any remaining claims.

The Court anticipates scheduling a status conference in late August, 2012.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for a Bellwether Trial Plan is hereby GRANTED as set forth above.

Signed: June 19, 2012

Graham C. Mullen
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv553

BANK OF AMERICA, N.A.                      )
                                           )
      Plaintiff,                          )
                                           )
Vs.                                        )            ORDER
                                           )
OLD REPUBLIC INSURANCE                     )
COMPANY,                                   )
                                           )
      Defendant.                          )
_____ )

      This matter is before the Court upon Plaintiff's Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense (Dkt. # 200); Plaintiff's Motion for Partial Summary Judgment regarding the Governing Terms of Old Republic's Insurance Policy (Dkt. #198); Plaintiff's Motion for Partial Summary Judgment on Elapse of Claim Filing Date and "Missing" Documents (Dkt. #206); Plaintiff's Motion for Partial Summary Judgment on Appraisals and Certain Supporting Papers (Dkt. #207); and Plaintiff's Motion for Partial Summary Judgment on Prohibition on Use of New Information not Known by the Bank's Underwriters to Deny Coverage (Dkt. #192).  A hearing was held on Plaintiff's motions for partial summary judgment on August 22, 2013.  For the reasons stated in open court, IT IS HEREBY ORDERED THAT:

1.   Plaintiff's Motion for Partial Summary Judgment on Old Republic Insurance Company's Third Further Affirmative Defense (Dkt. # 200) is GRANTED;

2.  Plaintiff's Motion for Partial Summary Judgment regarding the Governing Terms of Old Republic's Insurance Policy (Dkt. #198) is GRANTED;

3.  Plaintiff's Motion for Partial Summary Judgment on Elapse of Claim Filing Date and "Missing" Documents (Dkt. #206) is GRANTED;

4.  Plaintiff's Motion for Partial Summary Judgment on Appraisals and Certain Supporting Papers (Dkt. #207) is GRANTED; and

5.  Plaintiff's Motion for Partial Summary Judgment on Prohibition on Use of New Information not Known by the Bank's Underwriters to Deny Coverage (Dkt. #192) is GRANTED.

Signed: August 22, 2013

Graham C. Mullen
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv553

BANK OF AMERICA, N.A.            )
                                )
    Plaintiff,              )
                                )
Vs.                             )            ORDER
                                )
OLD REPUBLIC INSURANCE          )
COMPANY,                        )
                                )
    Defendant.              )
_____ )

    This matter is before the Court upon its motion.  As the parties have been made aware, due to a heavy upcoming trial schedule, the Court must expedite pre-trial filings. Accordingly, all pre-trial filings, including trial briefs, proposed jury issues, proposed jury instructions, motions in limine and deposition designations are to be filed with the Court no later than September 23, 2013.

    Furthermore, the Court will hold a pre-trial conference in this matter on September 5, 2013, at 2:30 p.m. in courtroom #3.

    IT IS SO ORDERED.

Signed: August 26, 2013

Graham C. Mullen
United States District Judge

**App. 193**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

BANK OF AMERICA, NA,               )
                                   )
           Plaintiff,              )
                                   )  3:10CV553
                                   )  SEPTEMBER 5, 2013
     vs                            )
                                   )
OLD REPUBLIC INSURANCE             )
COMPANY,                           )
                                   )
           Defendant.              )
_____/


TRANSCRIPT OF PRETRIAL HEARING
BEFORE THE HONORABLE GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF        G. MICHAEL BARNHILL
                         Womble Carlyle Sandridge & Rice
                         301 S. College Street
                         Charlotte, NC 28202


                         DAVID M. HALBREICH
                         Reed Smith LLP
                         355 S. Grand Avenue
                         Los Angeles, CA 90071


                         DEBBIE WESTON HARDEN
                         Womble Carlyle Sandridge & Rice
                         301 S. College Street
                         Charlotte, NC 28202

2

APPEARANCES CONTINUED:


FOR THE DEFENDANT

                         ROBERT MARCUS
                         Smith Moore Leatherwood LLP
                         P. O. Box 31728
                         Charlotte, NC 28231

                         ROBERT N. HERMES
                         Butler Rubin Saltarelli & Boyd
                         70 W. Madison Street
                         Chicago, IL 60602



        Proceedings reported and transcript prepared by

             JOY KELLY, RPR, CRR
          U. S. Official Court Reporter
            Charlotte, North Carolina
                704-350-7495

**App. 195**

1   seems to me that a), we'll keep the trial date.  The filings

2   are due the 25th, not the 23rd.  I don't know how that typo

3   crept in there.  Sorry, counsel.

4            MR. HALBREICH:  Not a problem, Your Honor.

5            THE COURT:  But you folks do whatever you're going

6   to do to get as far as you can by the 16th and then get back

7   with us.

8            I have a trial starting on the 9th that I anticipate

9   will be finished around the 16th, maybe the 17th.  I think I

10  can control -- the main thing that's going to be an issue is

11  can I control cross-examination so that people aren't just

12  repeating what the witness said and are not becoming

13  repetitive.  It's a contract issue where the parties proceeded

14  to do their agreements without benefit of clergy and thus have

15  no written documents, and we're going to have a lot of

16  swearing going on.  So I anticipate a distinct possibility

17  that the jury would come back and say get out of here.  You're

18  all so silly and to not have gotten into enforceable written

19  agreements that we're not going to do anything with it.

20           Be that as it may, let's you all get back to the

21  Court on the 17th on the status of this stuff.

22           MR. HALBREICH:  Okay.  We would be happy to do so.

23  I have a suggestion as well, if the Court would --

24           THE COURT:  Yes.

25           MR. HALBREICH:  Because the Court has and counsel

```
1    have set aside that trial period from the 12th, I believe, to
2    the 26th, and speaking to this mootness issue again, the
3    bellwether proceedings would have resolved certain evidentiary
4    and legal issues by way of motions in limine, jury verdict
5    forms and the like.
6            We believe in anticipation of these settlement
7    discussions that we were going to have that we can raise by
8    way of motion on an expedited schedule certain of these issues
9    to be heard during a day -- say the week of November 18th or
10   the 25th, to resolve these issues, and those issues would be
11   helpful for the parties to get through the remaining loans.
12   We have that hearing.  We then go meet with Mr. Beason with
13   the Court's orders on summary judgment, these additional
14   orders, and one additional point, Mr. Hermes told me last
15   night at this late date they seek to amend their counter-claim
16   and they seek to add a claim -- I haven't seen a draft yet,
17   but as I understand it, they seek to add a claim to avoid the
18   policy in its entirety even though they're now proposing to
19   pay these 17 claims in total.  Now we're opposed to that just
20   so the record is clear.  Not going to --
21           THE COURT:  Whoever wants to file something, go
22   ahead and file it.  We'll deal with it when we can.
23           MR. HALBREICH:  Agreed, Your Honor, but I would
24   suggest to take that issue out of the equation for settlement
25   purposes, that they filed their motion on the same schedule
```

**App. 197**

1  that I would propose we lay out, have it heard on that same

2  day in November, get that out of the way.  It will be amended

3  or it won't.  Pleadings will be either changed or they won't,

4  and then we could go off with those rulings in place, with a

5  lot of work having been done, and I think that would be

6  helpful to both parties and the Court.

7         THE COURT:  Can you guys have all whatever motions

8  you want dealt with filed by the 10th of this month?  You're

9  going to file a motion.  I don't know what you want to call

10  it.  File a motion.  Call it a motion for administrative

11  relief in which you lay out what you're wanting to be done

12  when.

13         MR. HALBREICH:  Filed by the 10th?

14         THE COURT:  Can you do that?

15         MR. HERMES:  Your Honor, can we have to the 13th

16  then we can have Friday.

17         THE COURT:  Yeah.  That will be fine.  Both of you.

18         MR. HALBREICH:  Yes, we'll file by the 13th.

19         THE COURT:  Mr. Halbrich, you can call yours a

20  motion for administrative relief.  How about that?  And then

21  you set forth what's gone on.  By then you'll know whether

22  you've got a mootness issue or you don't, or what the story

23  is.  You guys may get a little further into this.  I don't

24  have to get into all the evidentiary issues of this today.

25         Then as and to the extent that there are some

**App. 198**

1   overwinning evidentiary issues regardless of whether there's

2   bellwether trials or not, which is what I'm hearing you say,

3   then we can deal with those as motions in limine at a point in

4   time.  Then, Mr. Hermes, you guys can file by then as well and

5   we'll get together and do something I anticipate probably --

6   I'm guessing probably the 25th or 26th perhaps in lieu of

7   pretrial filings to go ahead with some indication on what to

8   do with this other stuff.

9            MR. HERMES:  Your Honor, do you like to set a

10   response date for the motions that we're going to file?

11            THE COURT:  Yeah.  How about five days tops, the

12   18th.

13            MR. HERMES:  Okay.

14            MR. HALBREICH:  Then a reply would be?

15            THE COURT:  23rd.

16            MR. HALBREICH:  Thank you, Your Honor.

17            THE COURT:  And then that way by that week we'll

18   have everything we need to go -- at least figure out

19   something.  Are we going to save November 12th as the trial

20   date?

21            MR. HALBREICH:  That's right.

22            THE COURT:  At least there will be some time in

23   court where we can do something.

24            MR. HALBREICH:  Your Honor, since we're here, I know

25   that we've talked about going back to Mr. Beason already and

**App. 199**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **BANK OF AMERICA, N.A.,** | **Case No.: 03:10-cv-00553-GCM-DSC** |
| **Plaintiff,** | |
| **vs.** | **ORDER GRANTING BANK OF AMERICA, N.A.'S MOTION FOR ADMINISTRATIVE RELIEF FOR A DECLARATION THAT OLD REPUBLIC IS PRECLUDED FROM USING EXTRINSIC EVIDENCE TO ALTER THE POLICY'S TERMS** |
| **OLD REPUBLIC INSURANCE COMPANY,** | |
| **Defendant.** | |

This matter is before the Court upon Plaintiff Bank of America, N.A.'s Motion for Administrative Relief for a Declaration That Old Republic is Precluded From Using Extrinsic Evidence to Alter the Policy's Terms.  The motion was fully briefed and heard on February 4, 2014.  For the reasons set forth below and on the record, the motion is GRANTED.

## I.    BACKGROUND

This lawsuit is a diversity action involving an insurance policy issued by Old Republic Insurance Company ("Old Republic") to Bank of America, N.A. ("Bank of America") to insure certain home equity loans ("HELOANs").  Old Republic issued its T90 Policy (the "Policy") in July 2002 to insure Bank of America on the HELOANs against loss for borrower default.  Bank of America now seeks over $279 million in policy benefits arising from more than 4,400 claims.

On June 19, 2012, the Court established a Bellwether Trial Plan, under which Bank of America's claims as to twenty-four bellwether loans would be tried.  Additional discovery followed.  On August 22, 2013, the Court held a hearing on five motions for partial summary

judgment filed by Bank of America. The Court granted all of Bank of America's motions for partial summary judgment at the hearing, followed by a written order on August 23, 2013.

Of relevance here, the Court granted the Motion for Partial Summary Judgment regarding the Governing Terms of Old Republic's Insurance Policy, including a holding set forth in the Transcript that the Policy consisted of the four-page standard policy form and the accompanying endorsements. The Court also granted the Motion for Partial Summary Judgment on Prohibition on Use of New Information Not Known by the Bank's Underwriters to Deny Coverage.

Trial on the pending bellwether loans was set to begin on November 12, 2013. On the eve of the September 5, 2013, pre-trial conference, Old Republic stated that it would process the remaining seventeen (17) bellwether loans for payment and asserted that its concession would "moot" the trial date. At the Pre-Trial Conference, Bank of America responded that Old Republic's payment would not "moot" the bellwether proceeding, which was intended to resolve the both specific loans and certain legal and evidentiary disputes that applied to the larger loan population. The Bank suggested that further motions be made to resolve evidentiary and legal issues applicable to the remaining loan population, numbering in the thousands. In accordance with the Court's suggestion that these issues be raised through "administrative motions," Bank of America filed the present motion and three others.

The Court heard extensive oral argument on the administrative motions on February 4, 2014. The Court ruled from the bench after hearing oral argument, granting Plaintiff's Motion for Administrative Relief for a Declaration That Old Republic is Precluded From Using Extrinsic Evidence to Alter the Policy's Terms. The Court requested that counsel for Plaintiff prepare a proposed order based upon the Court's rulings in open court, circulate the proposed order to opposing counsel and submit to the Court. Plaintiff complied with the Court's request.

## DISCUSSION

As a preliminary matter, Defendant objects to the proposed order submitted by Plaintiff, asserting that it usurps the Court's role of explaining its reasoning for its rulings. Defendant's argument is without merit. Courts, including this one, routinely ask prevailing counsel to prepare proposed orders consistent with oral rulings. See e.g., *Simpson v. Amylin Pharm., Inc.*, No. 1:11-CV-301, 2013 WL 1490267 (W.D.N.C. Apr. 11, 2013) (directing counsel for Plaintiff to prepare a proposed order consistent with the court's oral order and largely adopting the proposed order submitted); *Watterson v. Wilkinson*, No. 3:09-CV-394, 2011 WL 810057, *2 (W.D.N.C. Mar. 2, 2011) ("The Court directs that defense counsel prepare a proposed protective order for the Court's signature and serve a copy of the proposed order on the Plaintiff.") *Rudd v. Ikon Partners, LLC*, No. 2:11-CV-00923, 2013 WL 53759, *1 (D. Utah Jan. 3, 2013) ("The Court ordered that counsel for defendant . . . prepare an Order regarding the portion of Defendant's Motions that was granted and ordered that Plaintiffs' counsel prepare an Order for the portion of the Defendants' Motion that was denied."); *Mike v. Prof'l Clinical Lab., Inc.*, 450 F. App'x 732, 735, n. 2 (10th Cir. 2011) ("When a court requests counsel for the prevailing party to prepare a proposed order, or in this case a proposed opinion and order, all parties should be aware of the request and counsel should serve a copy of the proposed opinion and order on opposing counsel no later than when it is submitted to the court.") Such practice in no way requires the Court to surrender its role as arbiter of the dispute. Defendant may rest assured that any Order signed by this Court represents the independent judgment of the Court and is supported by adequate evidence. In addition, the Court finds that all of Defendant's objections to Plaintiff's proposed order are simply without merit.

Old Republic has also complained that Plaintiff's motion is procedurally improper. The Court rejects such argument. It is necessary and appropriate to rule on this motion at this time in

the interest of moving this case towards a final resolution by facilitating the conduct of the trial, particularly as to the arguments that can be made and the evidence that can be introduced.

As noted, this Court previously granted Bank of America's Motion for Partial Summary Adjudication, ruling that "Old Republic may not deny insurance coverage for loan default claims under the T90 insurance policy based on information that was not known to the Bank's underwriters at the time of loan origination." (Docket No. 263). Through its present motion, and consistent with the ruling on partial summary judgment, Bank of America seeks an order declaring that (1) Old Republic cannot deny coverage based on a purported borrower misrepresentation that was unknown to Bank of America at origination; and (2) Old Republic may not resort to extrinsic evidence to alter the unambiguous language of the T90 Policy ("the Policy"). Old Republic opposes the motion, arguing that the Policy requires compliance with objective credit criteria regardless of the existence of any borrower misrepresentation. Old Republic also argues that the Policy is not a fully integrated agreement and that extrinsic evidence, in the form of (1) a 2006 Term Sheet, (2) the parties' course of dealing and (3) custom and practice in the industry, is admissible either to construe the Policy or to supplement the Policy with additional consistent terms.

Under North Carolina law, if "the terms of [a] policy are plain, unambiguous and susceptible of only one reasonable construction, courts will enforce the contract according to its terms." *ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg,* 472 F.3d 99, 115 (4th Cir. 2004); *Register v. White*, 358 N.C. 691, 695, 559 S.E.2d 549, 553 (N.C. 2004). "Courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." *Patel v. Scottsdale Ins. Co.,* 728 S.E.2d 394, 398 (N.C. Ct. App. 2012). The Court

4

**App. 203**

finds that the Policy herein is unambiguous as to those relevant provisions. The Policy at issue here does not exclude coverage in the event of borrower or third-party fraud, does not contain any representation or warranty that all insured loans objectively met certain underwriting criteria, and does not include any language imputing the statements of borrowers and/or third parties to Bank of America.

Old Republic acknowledges that the Policy does not allow it to deny coverage based solely on information unknown to Bank of America at the time origination, including purported borrower misrepresentations. Nevertheless, and despite the Court's prior ruling (Docket No. 263), Old Republic contends that it still has the right to rescind coverage and/or deny claims based on a purported violation of Old Republic's Sanctioned Guidelines. In support of that assertion, Old Republic maintains that, if it can show that the "actual" information about the borrower, as developed through after-the-fact investigations or based on information outside the loan file, takes the loan outside of certain agreed-upon underwriting criteria, it may rescind coverage for the loan or deny a claim even if that information was not required, or not required to be verified by Old Republic's Sanctioned Guidelines. Moreover, Old Republic also contends that the relief sought by Bank of America would preclude Old Republic from denying coverage if the loan was an unreasonable credit risk. In support of this position, Old Republic asserts that the Sanctioned Guidelines require compliance with objective credit criteria regardless of the existence of any third-party misrepresentation. Specifically, Old Republic contends that the insuring grant of the Policy provides for coverage against Loss arising from default by a borrower in the repayment of Loans evidenced by "Eligible Notes," and that an "Eligible Note" must strictly comply with the agreed-upon credit criteria contained in the Sanctioned Guidelines. However, these arguments are inconsistent with the Policy.

Under North Carolina law, Old Republic, as the drafter of the Policy, must clearly state any conditions, exclusions or other coverage limitations. Consequently, all limitations on coverage, such as exclusions, must be clearly expressed or the terms of the Policy will be construed in favor of coverage. *See Herring v. Liner,* 163 N.C. App. 534, 538, 594 S.E.2d 117, 120 (2004); *New South Insurance v. Kidd,* 114 N.C. App. 749, 753-55, 443 S.E.2d 85, 88 (1994). The only provision in the Policy that addresses fraud or misrepresentation is Provisions and Stipulation 10. There is no comparable provision for borrower or third-party misrepresentation. If Old Republic intended to place the risk of misrepresentation on the policyholder (here, Bank of America), then it could have provided expressly for that in the Policy or otherwise expressly excluded it from coverage. *Halter v. J.C. Penney Life. Ins. Co.,* 1:98-cv-938, 1999 U.S. Dist. LEXIS 21386, *4-5 (M.D.N.C. Nov. 30, 1999). It did not, and there is no principle of construction that permits redrafting of the Policy after the fact.

Accordingly, this Court again concludes that Old Republic cannot deny coverage based on a purported borrower misrepresentation, third-party misrepresentation, or any other information unknown to Bank of America at the time of origination. Nor can Old Republic attempt to show that a borrower was not a reasonable credit risk based on information outside the loan file, or based on information that was not known to Bank of America or required to be verified by Bank of America under the Sanctioned Guidelines. *Whether a loan was an unreasonable credit risk based on information available to the Bank when the loan was underwritten is a different inquiry that is not relevant to the present motion.*

Old Republic also argues that the Policy is not a fully integrated agreement and thus, extrinsic evidence (as noted, the 2006 Term Sheet, industry custom or practice or the parties' course of dealing) is admissible to construe and/or add "consistent" terms to the Policy. Old

Republic contends the 2006 Term Sheet is a separate contract between Bank of America and Old Republic by which Bank of America gave a representation and warranty that "all insured loans separately and collectively meet the previously approved and sanctioned program credit guidelines and underwriting criteria." Old Republic further contends that because the 2006 Term Sheet involves "the same subject matter" as the Policy, the two documents must be construed together. As far as industry custom or practice, Old Republic contends that it is entitled to offer expert testimony about the relative ability of the lender and the credit insurer to detect "red flags" or possible misrepresentations on a loan application to determine whether Bank of America discharged its obligations under Provision & Stipulation 2. It also argues that the parties' purported course of dealings show that Bank of America was responsible for the accuracy of all information used in underwriting, including the information stated in the borrower's loan application.

First, the Court rejects Old Republic's argument that the Policy is not fully integrated. It is well established under North Carolina law that written agreements are presumed to be fully integrated with respect to the terms they contain. *Neal v. Marrone,* 239 N.C. 73, 77, 79 S.E.2d 239, 242 (N.C. 1953); *Root v. Allstate Ins. Co.,* 272 N.C. 580, 587, 158 S.E.2d 829, 835 (N.C. 1968). That is particularly true where a contract contains an integration clause, as the Policy does here. *Melvin v. Principi,* No. 5:03-cv-968-FL, 2004 U.S. Dist. LEXIS 28464 at *18 (E.D.N.C. Dec. 2, 2004).[1] The Court finds that the Policy is a fully integrated contract and was intended to be a complete and exclusive statement of all the terms of the parties' agreement.

Consistent with this finding, the Court also rejects Old Republic's argument that it may refer to extrinsic evidence (including but not limited to the 2006 Term Sheet, industry custom or

---

[1] In *FDIC v. Old Republic Ins. Co.,* No. 1:11-CV-371, 2012 WL 1309245 (N.D. Ohio, April 16, 2012), the United States District Court for the Northern District of Ohio held that this same form policy (the T90 policy) contained an integration or merger clause, limited additions to the policy through endorsements, and was fully integrated.

practice, or the parties' course of dealing) in order to construe the Policy, add additional "consistent" terms to the Policy, or otherwise alter the unambiguous terms of the Policy. It is well established that extrinsic evidence is inadmissible to alter the terms of a fully integrated and unambiguous agreement. *First-Citizens Bank & Trust Co. v. 4325 Park Road Assoc., Ltd.*, 133 N.C. App. 153, 156, 515 S.E.2d 51, 54 (N.C. Ct. App. 1999). Also, North Carolina law does not permit a party to alter a Policy's allocation of the risk of borrower fraud by relying on a document (here, the 2006 Term Sheet) that was unilaterally drafted years after the Policy was issued. To allow such a result would be inconsistent with North Carolina's fundamental insurance principles. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.,* 276 N.C. 348, 354, 172 S.E.2d 518, 522 (N.C. 1970).

Further, as to industry custom and usage evidence, North Carolina law is well established:

> A custom or usage may be proved in explanation and qualification of the terms of a contract which otherwise would be ambiguous, … but evidence of a usage or custom is never admitted to make a new contract or to add a new element to one previously made.

*E.L. Roofing Co. v. State*, 82 N.C. App. 216, 223, 346 S.E.2d 515, 520 (1986) (quoting *Lester Bros., Inc. v. J.M. Thompson*, 261 N.C. 210, 218, 134 S.E.2d 372, 378 (1964). Similarly, Old Republic's attempt to alter the unambiguous policy by the parties' purported course of dealing fails under North Carolina law. See *Hickory Orthopaedic Centers, P.A. v. Nicks*, 179 N.C. App. 281, 289, 633 S.E.2d 831, 836 (2006).

Nor does the 2006 Term Sheet constitute a valid amendment to the Policy. By its terms, the Policy may only be amended as follows:

> Amendments to this Policy may be made only after written approval by the Company and only by an endorsement signed on behalf of the Company by its President, Vice President, or Secretary, and countersigned by a duly authorized representative of the Company.

8

T90 Policy, Provision & Stipulation 9, as amended by endorsement effective July 1, 2002. The 2006 Term Sheet is not an "endorsement" and does not otherwise comply with P&S 9, as amended.

Even if the Court accepted Old Republic's argument that the Policy is a partially integrated contract, Old Republic's argument still would fail. First, although Old Republic characterizes the 2006 Term Sheet as a binding contract between it and Bank of America, it is not. By its terms, the 2006 Term Sheet is a "proposal" signed by Bank of America and an entity called "Old Republic Insured Credit Services, Inc." that was required to be submitted "to the carrier for final approval and policy execution." The 2006 Term Sheet does not suggest any intent to bind Bank of America and Old Republic to an enforceable agreement. *See, e.g., Cobra Capital, LLC v. RF Nitro Commc'ns, Inc.*, 266 F. Supp. 2d 432, 437 (M.D.N.C. 2003) (finding that proposal's express terms, including description of document as a "proposal" and statement that its terms were "subject to the approval" of plaintiff, demonstrated that it was not intended by the parties to be a binding contract). Second, the term that Old Republic is attempting to add to the Policy through the use of this and other extrinsic evidence – a representation and warranty as to the objective accuracy of all information used in underwriting – is inconsistent with the unambiguous language of the Policy itself. Thus, Old Republic is not attempting to add a "consistent additional term" to the Policy. Rather, it is attempting fundamentally to re-write the Policy's allocation of risk through the introduction of extrinsic evidence. This argument is contrary to North Carolina law.

## II.     **ORDER**

Based on the arguments presented in open court and documents submitted into the record, and the reasons articulated above and for good cause shown, the motion is hereby GRANTED and it is HEREBY ORDERED that (1) Old Republic cannot deny coverage based on a purported

borrower misrepresentation that was not known to Bank of America's underwriters at the time of origination; *and* (2) Old Republic cannot use extrinsic evidence of the 2006 Term Sheet, industry custom or usage or course of conduct of the parties to alter the unambiguous terms of the Policy.

IT IS SO ORDERED.

Signed: March 6, 2014

Graham C. Mullen
United States District Judge

**App. 209**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **BANK OF AMERICA, N.A.,** | **Case No.: 03:10-cv-00553-GCM-DSC** |
| **Plaintiff,** | |
| **vs.** | **ORDER GRANTING BANK OF AMERICA, N.A.'S MOTION FOR ADMINISTRATIVE RELIEF THAT OLD REPUBLIC MAY NOT DENY OR RESCIND COVERAGE ON GROUNDS FIRST ASSERTED POST-LITIGATION** |
| **OLD REPUBLIC INSURANCE COMPANY,** | |
| **Defendant.** | |

This matter is before the Court upon Plaintiff Bank of America, N.A.'s ("Bank of America") Motion for Administrative Relief that Old Republic Insurance Company ("Old Republic") May Not Deny or Rescind Coverage on Grounds First Asserted Post-Litigation (Doc. No. 276). The motion was fully briefed, and the Court heard extensive oral argument on February 4, 2014. The Court ruled from the bench after hearing oral argument, granting Plaintiff's motion. The Court requested that counsel for Plaintiff prepare a proposed order based upon the Court's rulings in open court, circulate the proposed order to opposing counsel and submit it to the Court. Plaintiff complied with the Court's request. For the reasons set forth below and on the record, the motion is granted.

The relevant background for this motion is discussed in the Court's Order Granting Bank of America's Motion for Administrative Relief for a Declaration That Old Republic Is Precluded From Using Extrinsic Evidence To Alter The Policy's Terms (Doc. No. 349). As a preliminary matter, Defendant objects to the proposed order submitted by Plaintiff, asserting that it usurps the Court's role of explaining its reasoning for its rulings. Defendant's argument is without merit. Courts, including this one, routinely ask prevailing counsel to prepare proposed orders consistent

with oral rulings. See e.g., *Simpson v. Amylin Pharm., Inc.*, No. 1:11-CV-301, 2013 WL 1490267 (W.D.N.C. Apr. 11, 2013) (directing counsel for Plaintiff to prepare a proposed order consistent with the court's oral order and largely adopting the proposed order submitted); *Watterson v. Wilkinson*, No. 3:09-CV-394, 2011 WL 810057, *2 (W.D.N.C. Mar. 2, 2011) ("The Court directs that defense counsel prepare a proposed protective order for the Court's signature and serve a copy of the proposed order on the Plaintiff.") *Rudd v. Ikon Partners, LLC*, No. 2:11-CV-00923, 2013 WL 53759, *1 (D. Utah Jan. 3, 2013) ("The Court ordered that counsel for defendant . . . prepare an Order regarding the portion of Defendant's Motions that was granted and ordered that Plaintiffs' counsel prepare an Order for the portion of the Defendants' Motion that was denied."); *Mike v. Prof'l Clinical Lab., Inc.*, 450 F. App'x 732, 735, n. 2 (10th Cir. 2011) ("When a court requests counsel for the prevailing party to prepare a proposed order, or in this case a proposed opinion and order, all parties should be aware of the request and counsel should serve a copy of the proposed opinion and order on opposing counsel no later than when it is submitted to the court.") Such practice in no way requires the Court to surrender its role as arbiter of the dispute. Defendant may rest assured that any Order signed by this Court represents the independent judgment of the Court and is supported by adequate evidence.

Old Republic has also complained that Plaintiff's motion is procedurally improper. Once again, the Court rejects such argument. It is necessary and appropriate to rule on this motion at the present time in the interest of moving this case towards a final resolution by facilitating the conduct of the trial, particularly as to the arguments that can be made and the evidence that can be introduced.

Through its motion, Bank of America seeks an order that Old Republic should be held to its reasons for denying claims or rescinding coverage, as set forth by Old Republic in the letters sent to Bank of America at the time the claims were denied or coverage was rescinded. Bank of America's motion is primarily based on Federal Rules of Civil Procedure 8(c) and 9(c), and the

Mend the Hold Doctrine *Ohio & M.R. Co. v. McCarthy*, 96 U.S. 258, 267-268 (1877); *Whiteacre Partnership v. Biosignia*, 591 S.E.2d 870, 886 (N.C. 2004). Old Republic opposes the motion, arguing that it is not precluded from raising additional reasons for denying claims or rescinding coverage at this stage of the proceedings. Alternatively, Old Republic argues it should be permitted to amend its answer so that it can plead its new coverage defenses with particularity. Old Republic's new reasons for coverage denial center largely on Provision & Stipulation 2 in the Old Republic Policy, which is entitled "Conditions Precedent to Recovery." This provision provides, *inter alia*, that before making a loan Bank of America must obtain a credit application from the borrower, and this application must, in the judgment of Bank of America, show that the borrower can repay the loan and is otherwise a reasonable credit risk. Old Republic does not contest the fact that it did not specifically plead violations of Provision & Stipulation 2 as affirmative defenses with respect to any of the loans at issue.

Rule 8(c) of the Federal Rules of Civil Procedure provides that a party must "affirmatively state any avoidance or affirmative defense." Old Republic argues, however, that a violation of Provision and Stipulation 2 is not an affirmative defense that must be pled pursuant to Rule 8(c). The Court disagrees. If an insurance company seeks to avoid coverage by asserting that the insured breached a provision of the policy, such alleged breach is an affirmative defense that is waived if not pled. *S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 372 (4th Cir. 2003).

Rule 9(c) of the Federal Rules of Civil Procedure also provides:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Accordingly, while a plaintiff may generally allege that conditions precedent have been met, which Bank of America has done in this case, a defendant must deny that allegation with

particularity.  Old Republic does not contest that it did not plead with particularity that Bank of America failed to perform conditions precedent.  The Court disagrees with Old Republic's argument that it was not required to plead with particularity violations of Provision and Stipulation 2, because they do not set forth conditions to coverage, but rather form part of Old Republic's grant of coverage to Bank of America.  That argument must be rejected because Provision and Stipulation 2 is entitled "Conditions Precedent to Recovery," and Old Republic drafted the insurance policy.  For the same reason, the Court disagrees with Old Republic's argument that granting Bank of America's motion would amount to creating coverage that does not exist through waiver.  The Federal Rules of Civil Procedure clearly require a defendant to plead both the failure to meet conditions precedent and affirmative defenses. Old Republic has not done so in this case.

The Court also does not agree that Old Republic properly preserved its new defenses to coverage by raising them in oppositions to motion for summary judgment or in expert reports. For example, as was stated in *EEOC v. Service Temps, Inc.* 679 F.3d 323,333 (5th Cir. 2012):

> Rule 9's scope, by its very title ("Pleading Special Matters"), is limited to pleadings.  For "special matters" like conditions precedent, Rule 9's requirements dictate what must appear in certain pleadings.  Here, the Rule requires that a party must deny the occurrence or performance of a condition precedent with particularity, in the operative pleadings.  It does so for several reasons of orderliness and efficiency.  It is no surprise that there is no support in the text of Rule 9 or the relevant case law for the proposition that the author of a deficient pleading should be afforded the disruptive opportunity at the summary judgment stage to explain for the first time why the case should not have proceeded in the first place.

Here, there is no apparent reason that Old Republic could not have raised these defenses in its coverage letters.  Nor is there any reason why these defenses could not have been raised in Old Republic's initial answer to Bank of America's complaint, or through a timely motion to amend.  This case has proceeded through extensive discovery and motion practice directed towards the original coverage defenses asserted by Old Republic, a bellwether trial had been

scheduled to take place in November 2013, and trial of the remaining issues will proceed in the near future.  At this stage of these proceedings it would be highly prejudicial to Bank of America to allow Old Republic to raise new coverage defenses with respect to the more than 4,000 loans at issue in this case.  The Court therefore declines Old Republic's request to amend to assert these untimely defenses.  Because the Court rules in Bank of America's favor based upon Rules 8(c) and 9(c), the Court finds it unnecessary to determine whether the Mend the Hold doctrine is applicable herein.

Based on the arguments presented in open court, documents submitted into the record, the reasons articulated above and for good cause shown, the motion is GRANTED and IT IS HEREBY ORDERED that for any of the loans in the litigation, Old Republic cannot assert reasons to deny coverage for individual loans that were not set forth by Old Republic in the letters sent to Bank of America at the time the claims were denied or coverage was rescinded.

IT IS SO ORDERED.

Signed: March 11, 2014

Graham C. Mullen
United States District Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |
|---|---|
| **BANK OF AMERICA, N.A.,** | **Case No.: 03:10-cv-00553-GCM-DSC** |
| **Plaintiff,** | |
| **vs.** | **ORDER GRANTING BANK OF AMERICA, N.A.'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING IMPROPER OFFSETS FOR CLAIM PAYMENTS** |
| **OLD REPUBLIC INSURANCE COMPANY,** | |
| **Defendant.** | |

  This matter is before the Court upon Plaintiff's Motion for Administrative Relief Regarding Improper Offsets for Claim Payments (Doc. No. 280). Oral argument was held in this matter on February 4, 2014. For the reasons stated in open court,

  IT IS THEREFORE ORDERED that Plaintiff's motion is hereby GRANTED and Old Republic is directed to cease its practice of reducing its claim payments to Bank of America by deducting amounts Old Republic claims the Plaintiff owes on entirely different loans, for which Old Republic previously paid claims.

Signed: March 11, 2014

Graham C. Mullen
United States District Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10-cv-553-GCM**

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE MANAGEMENT** |
| | ) | **ORDER** |
| **OLD REPUBLIC INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Following the Case Management Conference on February 25, 2014, the following case management schedule shall be in place for disposition of the remaining claims:

    **I.   Schedule**

        Trial: October 20, 2014

        Close of Fact Discovery:  150 days before trial date

        Close of Expert Discovery:  90 days before trial date

        Motions for Summary Judgment Filing Deadline: 75 days before trial date

        Oppositions to Summary Judgment Motions Filing Deadline: Per FRCP timeline

        Replies in Support of Summary Judgment Motions Filing Deadline:  Per FRCP timeline

        Oral Argument and Ruling on Motions for Summary Judgment:  Within 45 days before trial date; to be set by court order

        All Pretrial Filings: 30 days before trial date

    **II.  Scope of Litigation**

        A.  With respect to Bank of America's claims for coverage on the remaining

           loan/claim population, the parties agree that more than enough loan/claims have

           been submitted to Old Republic to exhaust the remaining policy limits for the

**App. 216**

policy years 2005, 2006, and 2007 (collectively, "Later Policy Years") if it is determined that those claim denials/recissions were improper. In addition, the parties agree that Bank of America has submitted loans/claims to Old Republic and Old Republic has denied such loans/claims falling with the policy years 2002, 2003, and 2004 (collectively, "Early Policy Years"). Bank of America contends that based on the Court's prior rulings, it is possible to identify a smaller subset of the remaining population of loans/claims falling within the previously identified areas of coverage issues or "buckets," that should be paid at this time and, if paid, will exhaust coverage under the Later Policy Years, and will resolve a significant portion of the disputed loan/claims under the Early Policy Years. Accordingly, the parties shall attempt to try a sufficient amount of loans/claims that, if paid, will exhaust the policy limits for the Later Policy Years and resolve a significant portion of the dispute with respect to loans/claims under the Early Policy Years. To that end, the parties shall try loans/claims falling with the following denial categories or "buckets":

1. Misrepresentation of Income/Employment

2. Appraisal

3. Late Claim Filing

4. Missing Documentation

5. Guideline Violations (non-misrepresentation)

B. On or before March 31, 2014, Bank of America shall provide to Old Republic a list of loans/claims falling with the aforementioned "buckets," and meeting the

2

exhausting requirements as explained above. These loans/claims shall be the basis for the trial on Bank of America's claims for coverage.

C. Consistent with this court's June 12, 2012 Order, any issues of a legal nature (e.g., interpretations of provisions of the insurance policy) shall be binding on this phase of the proceedings. This includes all rulings on prior summary judgment motions and motions for administrative relief.

D. If, at the conclusion of the trial, policy limits are not exhausted, a second trial on the coverage issue shall proceed in an attempt to exhaust the policy limits. In such case, Bank of America shall within 90 days of the conclusion of the trial provide to Old Republic an additional list of loans/claims falling within the aforementioned "buckets," and meeting the exhaustion requirements. These loans/claims shall be the basis for the second trial on Bank of America's claims for coverage.

E. Bank of America's bad faith claim shall be tried after trial on the coverage issue. The Court will set a trial date to begin 120 days of the conclusion of all trials on the coverage issue.

F. Within 60 days of the trial(s) on Bank of America's bad faith claim, the Parties shall attend a mediation before Robert Beason in an effort to resolve Old Republic's Counterclaim. If a resolution cannot be reached, then a trial on Old Republic's Counterclaim shall be set within 120 days of the mediation.

**III. Fact Discovery Phase**

A. The parties shall conduct non-expert, fact discovery concerning the issue of coverage on the remaining loans/claims at issue. The discovery will be consistent

with the Court's prior rulings and limitations. Fact Discovery will be limited to the loans/claims to be tried at the trial on coverage.

B. Unless otherwise stated herein, fact discovery will be governed by the Federal Rules of Civil Procedure, as modified by the Local Rules for the Western District of North Carolina and/or this Court's Standing Order.

C. **Supplemental Disclosures.** On February 25, 2011, the parties served Rule 26(a)(1) disclosures. The parties shall evaluate their respective disclosures and determine whether supplemental disclosures are necessary. If a party determines that supplemental disclosures are necessary, the disclosures shall be served within thirty (30) days of the Court's entry of this Order.

D. **Supplemental Claim List.** On or before March 31, 2014, BANA shall provide Old Republic with its supplemental list of all loans/claims it asserts are at issue in the litigation. BANA's claims list shall relate back to the filing of the initial complaint, pursuant to the Joint Stipulation re Reimbursement Demands and Relation Back of Future Reimbursement Demands, dated February 14, 2012 (filed February 16, 2012; Document 66). The parties shall immediately meet and confer regarding any disputes that may arise as to the BANA's Supplemental Claim List.

E. **Exchange of Claim and Loan Files.** Within thirty (30) days following BANA's identification of the loans/claims to be tried at the coverage trial pursuant to section II.B. 1 & 2 above, the parties shall exchange loan origination and claim files, to the extent not previously exchanged.

F. **Additional Discovery.** The parties have engaged previously in an extensive exchange of information, including written interrogatories, document demands,

4

**App. 219**

document productions, and depositions. The Court is mindful of the parties' goal of keeping discovery limited and strictly associated with the remaining issues. The parties will seek additional discovery only where necessary, and with an objective of keeping discovery limited and reasonable. Discovery shall be limited to the issues to be tried in this phase of the proceedings.

1. **Depositions.** Absent leave of court and a showing of good cause, each party shall be limited to ten (10) additional depositions, including third party depositions and one (1) Fed. R. Civ. P. Rule 30(b)(6) deposition. Corporate depositions pursuant to Fed. R. Civ. P. rule 30(b)(6) shall be limited to five (5) deposition topics. Individuals who were deposed previously as percipient witnesses in this action may not be re-deposed on issues or topics for which they have already provided testimony. Individuals who were deposed previously in response to Rule 30(b)(6) deposition notice may not be re-deposed on issues or topics for which they have already provided testimony.

2. **Interrogatories.** Absent leave of court and a showing of good cause, each party shall be limited to ten (10) interrogatories, with no sub-parts.

3. **Document Requests.** Absent leave of court and a showing of good cause, each party shall be limited to ten (10) document requests, with no sub-parts. If a party disputes the authentication of a produced document, that party must notify the other party of its contention by the close of fact discovery. Absent such notification, the documents produced and generated by each party will be deemed authentic in accordance with the Federal Rules of Evidence.

5

4. **Requests for Admissions.** Absent leave of court and a showing of good cause, each party shall be limited to ten (10) requests for admissions, with no sub-parts. This limitation shall not apply to requests for admissions of the genuineness of documents.

G. The fact discovery phase shall terminate in accordance with the above schedule.

## IV. Expert Discovery Phase

A. Unless otherwise stated herein, expert discovery will be governed by the Federal Rules of Civil Procedure, as modified by the Local Rules for the Western District of North Carolina and/or this Court's Standing Order.

B. Expert discovery shall commence immediately upon the conclusion of the fact discovery phase.

C. **Expert reports.** Any additional expert, and non-retained expert, reports shall be exchanged 130 days before trial. Expert reports shall comply with Fed. R. Civ. P. Rule 26(a)(2)(B).

D. **Rebuttal expert reports**. All rebuttal expert reports shall be served fourteen (14) days after the exchange of initial expert reports.

E. **Expert depositions**. A party may depose any person who has been identified as an expert, or non-retained expert, and whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, or non-retained expert, the deposition may be conducted only after the report is provided.

F. To the extent a non-retained expert has been deposed previously in this action, any subsequent deposition shall be limited to the opinions set forth in the non-retained expert's most recent report.

G.  The expert discovery phase shall terminate in accordance with the above

schedule.

**V.  Summary Judgment Phase**

A.  A party may bring a motion pursuant to Fed. R. Civ. P. Rule 56 at any time during

the proceedings, however, in no event shall a motion be filed later than 75 days

before trial.

B.  Responding pleadings and hearing shall conform to the schedule stated above.

**VI.  Pre-Trial Disclosures and Conference**

A.   Pre-trial Disclosures and Objections shall be made in accordance with Fed. R.

Civ. P. Rule 26(a)(3) unless modified by the schedule set forth herein.

B.  The Court will hold a pre-trial conference at least twenty-one (21) days before the

trial date.

IT IS SO ORDERED.

Signed: March 14, 2014

Graham C. Mullen
United States District Judge

7

**App. 222**

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2014, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system, and I caused one original and three copies of the foregoing to be sent to the Clerk of Court via Federal Express.

I further certify that the foregoing was served by electronic mail and Federal Express upon the following counsel for Respondent Bank of America, N.A.:

B. MICHAEL BARNHILL
WOMBLE CARLYLE
  SANDRIDGE & RICE, PLLC
One Wells Fargo Center
Suite 3500
301 South College Street
Charlotte, NC 28202
704-331-4900
mbarnhill@wcsr.com

DAVID M. HALBREICH
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
213-457-8000
dhalbriech@reedsmith.com

s/GEORGE W. HICKS, JR.
GEORGE W. HICKS, JR.